IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,                                               Case No.: 17-CV-20186-JEM

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

    Defendants.
_____/

## MOTION TO DISMISS

The Defendants, SOLASI ACCOUNT & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI[1] ("Solasi"), LACAYO TRADE GROUP, INC. ("Lacayo Trade"), and SOPHIA LACAYO ("Ms. Lacayo") (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, herewith file their Motion to Dismiss the complaint filed by the Plaintiff, GLORIDELFA BARRIOS ("Barrios"), and state in support thereof:

---

[1] The Plaintiff has improperly named Solasi as a separate entity in this action. Specifically, the Plaintiff alleges that Solasi and Lacayo Trade are joint enterprises and joint employers. (D.E. 1 ¶¶ 16-17). According to the Florida Department of State website, Solasi is a fictitious name owned by Lacayo Trade. The full text "SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT" is a trademark owned by Lacayo Trade. Lacayo Trade's trademark and fictitious business name are not separate entities from Lacayo Trade.

1

## ALLEGED FACTUAL BACKGROUND

1. Plaintiff's complaint (the "Complaint") alleges that Defendants failed to pay her overtime wages and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (D.E. 1).

2. Plaintiff alleges she worked as an assistant for the Defendants. (D.E. 1 ¶ 10).

3. The Complaint does not contain any factual allegations relating to the factual nature of the Defendants' business or work that the Plaintiff performed.

4. Instead, the Plaintiff only alleges in a conclusory fashion that the Defendants' business and Plaintiff's work engaged in interstate commerce. (D.E. 1 ¶ 11).

5. Plaintiff alleges that the Defendants' business activities involve handling goods or materials moved through interstate commerce without identifying the nature of said goods and materials or how they moved through interstate commerce. (D.E. 1 ¶ 11).

6. Plaintiff also alleges that her work for the Defendants was so closely related to the movement of commerce without identifying any work that the Plaintiff may have performed. (D.E. 1 ¶ 11).

7. The Plaintiff provides no other factual allegations providing how she is covered by the FLSA or how this Court may have subject matter jurisdiction over this case.

8. Accordingly, the Plaintiff's complaint must be dismissed for failure to properly set forth sufficient factual allegations pertaining to how the Plaintiff's work and the Defendants' business activities related to interstate commerce.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits defendants to dismiss a complaint for lack of subject matter jurisdiction by challenging the face of the complaint, which grants the

plaintiff similar safeguards to those retained under a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Case v. Miami Beach Healthcare Group, Ltd.*, 2016 WL 1622289, *2 (S.D. Fla. 2016). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that the federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Eleventh Circuit has held "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* "[T]o establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law." *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08CV2033ORL22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009). "Bare assertions that a defendant is 'engaged in interstate

commerce within the meaning of the law,' and nothing more, are mere formulaic recitations of the elements of a cause of action and should not survive a motion to dismiss." *Gaviria v. Maldonado Bros., Inc.*, 13-60321-CIV, 2013 WL 3336653, at *4 (S.D. Fla. 2013).

## ARGUMENT

**A.     This Court does not have jurisdiction because the Plaintiff has not alleged any facts connecting her work or Defendants' business to interstate commerce.**

In order to be eligible for overtime payment or minimum wages under FLSA, an employee must first demonstrate that he is "covered" by the FLSA. *Turcios v. Delicias Hispanas Corp.*, 275 Fed. Appx. 879, 881 (11th Cir. 2008). This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case, which can be made in two possible ways. *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011). First, an employee may claim "individual coverage" if he regularly and directly participates in the actual movement of things or persons in interstate commerce. *Id.* Second, an employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. *Id.*

In *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, the plaintiff attempted to assert both individual and enterprise coverage by alleging that his employers were "an 'enterprise engaged in commerce' within the meaning of [the] FLSA"; that they were "an enterprise engaged in the 'production of goods for commerce' within the meaning of the FLSA"; that the plaintiff was both "engaged in commerce" and "engaged in the 'production of goods for commerce' and subject to the individual coverage of the FLSA." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F.

Supp. 2d 1373, 1377 (S.D. Fla. 2012). The Court held that the plaintiff did not properly plead enterprise coverage because the complaint provided no factual allegations about the nature of plaintiff's work or the nature of the defendant's business. *Id*. ("Nor does the Complaint allege what kind of transportation services Aventura Limousine provides to customers or whether such services are tied to interstate commerce."). The plaintiff failed to allege individual coverage even though he identified himself as a driver because he did not describe the nature of his work or how it was related to interstate commerce. *Id.*

In *Perez v. Muab, Inc.*, the plaintiff attempted to assert enterprise coverage by alleging that the defendant "is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the store where [plaintiff] was employed." *Perez v. Muab, Inc.*, No. 10-62441-CIV-COHN, 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011). The Court found these allegations as "merely legal conclusions that fail to sufficiently allege subject matter jurisdiction." *Id.* In *Kendrick v. Eagle Int'l Grp., LLC*, the complaint alleged the plaintiff had individual coverage under FLSA because "[p]laintiff's job duties were such that she was individually engaged in interstate commerce." *Kendrick v. Eagle Int'l Grp., LLC*, No. 08-80909-CIV, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009). The Court found that this legal conclusion without any supporting factual allegations was insufficient to withstand a motion to dismiss. *Id.*

Here, Plaintiff's allegations that she is covered under FLSA by enterprise and individual coverage are mere legal conclusions that attempt to support some of the *prima facie* elements of a FLSA claim, but are devoid of supporting facts necessary to state such a claim. Plaintiff's only allegations relating to enterprise coverage are that Defendants' business involved activities related to interstate commerce, that goods and materials used by the business moved through interstate

5

commerce, and Defendants employed two or more employees who handled goods that travelled through interstate commerce. (D.E.1 ¶¶ 11-12). These allegations, just like those in *Perez* and *Ceant*, are legal conclusions without any factual allegations for support because Plaintiff never identifies how Defendants' business relates to interstate commerce. Plaintiff therefore does not have enterprise coverage under the FLSA. *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1370 (S.D. Fla. 2011) (dismissing FLSA claim because the complaint was "devoid of any allegations describing the type of business activities in which Defendants engaged and for what purpose. Instead, Plaintiff literally [took] the legal test for joint enterprise coverage and repeated its exact terms as his allegations.").

Plaintiff fails to provide a single, straightforward allegation connecting her work as an assistant to interstate commerce for individual coverage under FLSA. Instead, she merely recites the elements for individual coverage. *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)) (stating a plaintiff must prove he was engaged in commerce and engaged in the production of goods for commerce to qualify for individual coverage under FLSA). Plaintiff's only allegation relating to individual coverage is that her work was "in and/or so closely related to the movement of commerce" that FLSA applies to her. (D.E. 1 ¶ 11). Plaintiff's legal conclusion that she was engaged in interstate commerce therefore fails to establish federal jurisdiction under FLSA with this Court. *See Kendrick*, 2009 WL 3855227, at *3 (finding plaintiff's legal conclusion that she was individually engaged in interstate commerce could not withstand a motion to dismiss). Plaintiff's allegations for enterprise and individual coverage are thus mere formulaic recitations of the *prima facie* elements of a FLSA claim devoid of any factual allegations to support such a claim. Accordingly, the Complaint is without sufficient factual allegations to withstand a motion to dismiss.

WHEREFORE, the Defendants respectfully request that this Court dismiss the Complaint filed by Plaintiff, and for any further relief this Court deems just, equitable, and proper.

Dated: March 1, 2017.

                                                    RICHARDS GOLDSTEIN LLP
*Attorneys for Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, Lacayo Trade Group, Inc., and Sophia Lacayao*
55 Miracle Mile, Suite 310
Coral Gables, Florida 33134
Telephone: (305) 448-2228
Facsimile: (305) 448-2229
Primary E-mail: rrichards@rgattorneys.com
Secondary E-mail: jgoldstein@rgattorneys.com

By: s/Richard L. Richards
RICHARD L. RICHARDS
Florida Bar No. 09415
JASON GOLDSTEIN
Florida Bar No.: 91113
JOSHUA SAVAL
Florida Bar No.: 112165

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served upon all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Richard L. Richards
     RICHARD L. RICHARDS

## SERVICE LIST

J.H. ZIDELL, P.A.
*Attorneys for Gloridelfa Barrios*
J.H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com