UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-20186-JEM

GLORIDELFA BARRIOS and all others similarly )
situated under 29 U.S.C. 216(b), )
)
)
)
)
          Plaintiffs, )
)
  vs. )
)
)
)
SOLASI ACCOUNTING & TAX ADVICE & )
DESIGN OF THE WORDS IN DARK BLUE AT )
LEFT SIDE HAS A CIRCLE COLORED BLUE, )
PURPLE AND GREEN LIGHT a/k/a SOLASI, )
LACAYO TRADE GROUP INC, SOPHIA )
LACAYO, )
)
)
)
          Defendants. )
)
_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [DE 11]**

      Plaintiff, by and through Undersigned Counsel, hereby responds in opposition to DE 11 the Defendant's Motion to Dismiss (hereinafter, "Defendants' Motion"), moves that the Court deny Defendants' Motion, moves the Court require the Defendants to answer The Complaint [DE 1], and in support of which states as follows;

**Memorandum of Law**

1

### **I: Standard for a Motion To Dismiss an FLSA Case**

The case law Defendants cite to as to the standard on a motion to dismiss is not FLSA specific, save one out of context Middle District of Florida Case. The Eleventh Circuit holds that the standard for a sufficient pleading in an FLSA case is far less detailed than the pleading standards in other types of cases. *See, infra*.

To state a cause of action upon which relief may be granted under the FLSA the Plaintiff need only allege that he/she was employed by the defendant, the defendant engaged in interstate commerce, and the defendant failed to pay him/her minimum or overtime wages. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n. 68 (11th Cir.2008); *Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1373-74 (S.D. Fla. 2016); & *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012).

The Eleventh Circuit holds that the pleading standard for an FLSA claim, that a plaintiff must allege that they were a covered employee who did not receive overtime or minimum wage compensation, is less stringent and far more basic, than the pleading standards set forth in other seminal cases involving motions to dismiss.

> "Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. **The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.** *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc.,* 415 F.3d 342, 348 (4th Cir.2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred)"

*Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (Emphasis Added).

Furthermore, the facts alleged in the complaint only need be enough to raise a reasonable expectation that the discovery will reveal evidence of the required element. *See, Ceant v. Aventura*

*Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1376 (S.D. Fla. 2012) (Quoting, *Rivell v. Private Health Care Sys., Inc.,* 520 F.3d 1308, 1309 (11th Cir.2008).

Additionally, the Court must accept all allegations of the complaint as true in determining whether a plaintiff has stated a claim for which relief may be granted. *See, United States v. Pemco Aeroplex, Inc.,* 195 F.3d 1234 (11th Cir. 1999) (en banc); & *Hishon v. King & Spalding*, 467 U.S. 69 (1984). Furthermore, "…a complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Cabrera v. 27 of Miami Corp.*, No. 09-20170-CIV, 2009 WL 2076095, at *2 (S.D. Fla. July 13, 2009) (Quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Defendants cite to Fed.R.Civ.Pro. 12(b)(1) as a basis for their motion. Defendant's 12(b)(1) argument is ultimately a 12(b)(6) motion because it alleges that Plaintiff did not allege one of the prima facia elements of an FLSA case that the Plaintiff is a covered employee. In order to be entitled to relief all the plaintiff must do is allege she was a covered employee who did not get paid for overtime hours, that is a question of stating a claim upon which relief may be granted.

The argument Defendants present is an argument attacking the merits of the prima facia case that Plaintiff must prove to prevail on her claim, that he was individually covered by the FLSA or worked for a covered enterprise. It is, hence, not properly the subject of consideration under Fed.R.Civ.Pro. 12(b)(1). *See, infra.*

The Defendants attack on individual and/or enterprise coverage is an attack on the merits of the pima facia claim the Plaintiff must show record evidence of to survive summary judgment and prevail at trial. The Eleventh Circuit holds that an attack on the merits of a plaintiff's claim may not masquerade as a Fed.R.Civ.Pro. 12(b)(1) motion. *See, McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491 (11th Cir. 1990). Precedent strongly favors that when an attack on jurisdiction is also an indirect attack on the merits of the claim, the court should allow the claim to proceed and be determined based on those merits.

> **"Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.** The Supreme Court has made it clear that in that situation no purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits."

*Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)(Emphasis Added).

Hence, the Court should review Defendant's Motion as a Fed.R.Civ.Pro. 12(b)(6) motion and "…the court must only look to the four corners of the Complaint and any attached exhibits," to determine if the complaint validly states a claim that survives dismissal. *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 2014 WL 979065, at *1 (S.D. Fla. Mar. 13, 2014) (internal citation omitted).

## II: Interstate Commerce is Sufficiently Alleged in the Complaint

Defendants go through great lengths to point out the technicalities surrounding a business name containing twenty-four words, when four of them are definitive as to the interstate nature of their business, "Solasi Accounting" and "Tax Advice."

Paragraph Eleven of The Complaint "The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standard Act applies to Plaintiff's work for Defendants." Paragraph Twelve of The Complaint reads in part, "Additionally, Defendants regularly employed two or more employees for the relevant time-period who handled goods or materials that travelled through interstate commerce, **or used the instrumentalities of interstate commerce.**"

Tax and accounting services rely on regular use of interstate telephone, mails, the internet, and other instrumentalities of interstate commerce. Hence, the very necessities of the service put the Defendants

4

on notice of what the basis of individual coverage will be, and make the basis of FLSA Coverage obvious for enterprise purposes as well.

> Therefore, for an employee to be "engaged in commerce" under the FLSA, he must be **directly participating in the actual movement of persons or things in interstate commerce by** (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or **(ii) by regularly using the instrumentalities of interstate commerce in his work,** *e.g.,* **regular and recurrent use of interstate telephone, telegraph, mails, or travel**. 29 C.F.R. § 776.23(d)(2) (2005); 29 C.F.R. § 776.24 (2005).

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (Emphasis Added).[1]

There mere fact that federal income tax advice is in the title of the Enterprise Defendant, no matter which twenty-plus words they wish to be identified by, indicates authority to give tax advice, which is federally regulated, and the ability to communicate with the IRS, which requires use of the internet, mails, and telephones.

All that is required to survive a motion to dismiss is that the allegation give fair notice to the Defendants of the what the claim is and the grounds upon which it rests. *See, Ross v. Option One Mortg. Servs., Inc.*, 2008 WL 384440, at *2 (M.D. Fla. Feb. 11, 2008); & *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).The licensure and regulation of the business enterprise itself falls under Federal Jurisdiction, which should be sufficient notice that that the enterprise could be sued in Federal Court, as it engages in federally licensed and regulated activities. The claim is that Defendants failed to pay overtime to a covered employee, which is all that is necessary under the FLSA. *See, supra*.

Further, this motion would be more appropriate at the summary judgment phase, as currently there is ample discovery that could easily show the use of interstate materials, including computers & office

---

[1] Although Thorne, is a case on individual coverage, an individual covered, is likely part of a covered enterprise, if that enterprise does in excess of 500,000 dollars in business, and has two or more employees. Additionally, Plaintiff states a claim upon which relief can be based, therefore withstanding dismissal, by alleging the existence of individual or enterprise coverage, a fact lost on Defendants.

supplies. In accounting, there are computers, calculators, and office supplies, and other than the person giving financial advice, they are the crucial articles to accomplish the services of accounting and tax advice.

The defendants cannot claim lack of notice when the only articles necessary for accounting, computers, calculators, adding machines, and pens/pencils, are the only materials Plaintiffs could be seeking to base an enterprise jurisdiction argument on. That is except for interstate mails, internet and telephones, which are sufficient for individual coverage but the telephone may prove to be a material of interstate origin, which would be revealed through discovery. The facts alleged in the complaint need only raise a reasonable expectation that discovery will reveal evidence entitling the Plaintiff to relief. *See, Rivell v. Private Health Care Sys., Inc.,* 520 F.3d 1308 (11th Cir.2008).

The only things you need for accounting, are accountants and office supplies. Obviously, Plaintiff is not going to argue the accountant is a material, and if Plaintiff did then the Defendants could claim they were not on notice, but it would not matter because the Court is highly unlikely to consider accountants qualifying materials.

Hence, individual coverage is likely to be exposed through discovery, as accounting and tax preparation requires the regular and recurring use of the mail and telephone, and enterprise coverage may be found from the limited articles are necessary to provide accounting service. There is no indicator that of being subject to federal suit that is stronger than being federally licensed and regulated.

**WHEREFORE;** Plaintiff, by and through Undersigned Counsel, hereby responds in opposition to DE 11 the Defendant's Motion to Dismiss, moves that the Court deny Defendants' Motion, and moves the Court require the Defendants to answer The Complaint [DE 1].

Respectfully Submitted,

J.H. Zidell, P.A.

>300 71st Street, Suite 605
>Miami Beach, Florida 33141
>Tel: (305) 865-6766
>Fax: (305) 865-7167
>*Attorneys for Plaintiff*
>
>By:  /s/ Joshua H. Sheskin
>Joshua H. Sheskin, Esq.
>Jsheskin.jhzidellpa@gmail.com
>Florida Bar Number: 93028

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 15, 2017.

>J.H. Zidell, P.A.
>300 71st Street, Suite 605
>Miami Beach, Florida 33141
>Tel: (305) 865-6766
>Fax: (305) 865-7167
>*Attorneys for Plaintiff*
>
>By:  /s/ Joshua Sheskin
>Joshua H. Sheskin, Esq.
>Jsheskin.jhzidellpa@gmail.com
>Florida Bar Number: 93028