IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,                                     Case No.: 17-CV-20186-JEM

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

    Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S REPONSE
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI ("Solasi"), LACAYO TRADE GROUP, INC. ("Lacayo Trade"), and SOPHIA LACAYO ("Ms. Lacayo") (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, herewith file their Reply to the Plaintiff's, GLORIDELFA BARRIOS ("Barrios"), Response in Opposition to Defendants' Motion to Dismiss, and states in support thereof:

**ARGUMENT**

The Plaintiff appears to argue that it does not have to follow the Supreme Court's requirement for sufficient factual allegations under Rule 8 of the Federal Rules of Civil Procedure because this is an action arising under the Fair Labor Standard Act (the "FLSA"). [D.E. 13 at page

1

2]. The Plaintiff does not cite any law holding FLSA actions have a lower pleading standard. In fact, the Plaintiff cites to case law applying the same Supreme Court Rule 8 pleading requirement when ruling on a motion to dismiss for a FLSA claim. *Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1373 (S.D. Fla. 2016) (citing to Supreme Court precedent regarding Rule 8 on a motion to dismiss a FLSA claim); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1375–76 (S.D. Fla. 2012) (same). There is thus no lowered pleading standard for a FLSA action and the Plaintiff is required to provide sufficient actual allegations as opposed to merely reciting the elements of the applicable law.

Plaintiff attempts to avoid dismissal by relying on the unpublished case of *Secretary v. Labbe*, 319 Fed.Appx. 761 (11th Cir. 2008).[1] In *Labbe*, an opinion issued after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) but prior to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Eleventh Circuit described the elements of a FLSA action as being "simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* at 763. The Eleventh Circuit wrote that "the complaint alleges that Labbe is a covered employee" and did not discuss whether the particular jurisdictional allegations in the complaint were sufficient. *Id.* Moreover, the motion to dismiss in *Labbe* did not challenge the allegations of the complaint regarding coverage under the FLSA; Rather, the defendant argued that the complaint was insufficient because it did not contain detailed allegations about the time period of each employee's claim and the amount of each employee's claim. *See Sec'y of Labor v. Labbe*, Case No. 07–80192–CIV–HURLEY, Doc. No. 15 (S.D. Fla. July 12, 2007). Consequently, the circumstances involved in *Labbe* are readily distinguishable from this case and have no bearing on the issues presented here.

---

[1] As an unpublished decision, *Labbe* is not precedent binding on this Court. *Kinzer v. Stelling*, 6:11-CV-465-ORL-28, 2012 WL 1405694, at *4 (M.D. Fla. 2012).

This is a jurisdictional issue because the Plaintiff must allege how she is "covered" by the FLSA because only employees engaged in interstate commerce may properly state a federal claim. *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011). Defendants' motion therefore is not an attack on the prima facie elements that Plaintiff must prove in order to prevail on her claim, but rather an attack against the Plaintiff's jurisdictional allegations. *See Vignoli v. Clifton Apartments, Inc.*, 930 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013) ("There are two types of FLSA coverage to satisfy the jurisdictional requirement of interstate commerce: individual coverage and enterprise coverage.").[2] The Plaintiff's arguments that the complaint need only raise a reasonable expectation of relevant discovery and that a complaint will survive a motion to dismiss even if recovery is remote are thus irrelevant. [D.E. 13 at pages 2-3]. The Plaintiff also asserts that her alleged facts must be taken as true. [D.E. 13 at pages 3]. However, to be clear—Plaintiff has not alleged any facts connecting her employment or Defendants' business to interstate commerce.[3]

In fact, the Plaintiff now attempts to add new allegations to her complaint based on the assumption that Defendants should know their business is connected to interstate commerce. [D.E. 13 at pages 4]. Plaintiff argues enterprise and individual coverage is obvious because the

---

[2] The Plaintiff argues that a person may have enterprise coverage if there is individual coverage without any support. [D.E. 13 at page 5]. The Plaintiff must allege sufficient facts to demonstrate individual coverage separate from enterprise coverage because the standards for the two are different. *Josendis*, 662 F. 3d at 1298-99 (stating that an employee may claim individual coverage if he regularly and directly participates in interstate commerce and may claim enterprise coverage if he is employed by a business that engages in interstate commerce).

[3] The Plaintiff spills much ink on the fact that Defendants' motion should be construed as a Rule 12(b)(6) motion and not a Rule 12(b)(1) motion. What Plaintiff fails to note is that Defendants raised their motion under both rules and state therein that a Rule 12(b)(1) motion attacking the face of the complaint raises the same defenses to a Rule 12(b)(6) motion. Plaintiff's vague argument on this issue is thus meritless.

Defendants operate a tax business and tax businesses use instrumentalities of interstate commerce.[4] [D.E. 13 at pages 4-5]. Specifically, tax and accounting services use telephone, mail, and the internet. [D.E. 13 at pages 4-5]. Therefore, the Defendants must engage in interstate commerce. However, this is not how the pleading standard under Rule 8 works. *Zurich Am. Ins. Co. v. Amerisure Ins. Co.*, 9:16-CV-81393, 2017 WL 366232, at *7 (S.D. Fla. Jan. 20, 2017) ("While the Court must accept as true all factual allegations contained in the Complaint, the same does not hold for new facts that a plaintiff belatedly raises in response to a motion to dismiss.") (internal citation omitted). The Plaintiff must provide factual allegations in her complaint demonstrating FLSA coverage and cannot rely upon allegations made in a response to a motion to dismiss.

The Plaintiff's complaint therefore fails for the same reasons stated in *Ceant* where the plaintiff asserted individual and enterprise coverage by alleging that his employers were "an 'enterprise engaged in commerce' within the meaning of [the] FLSA"; that they were "an enterprise engaged in the 'production of goods for commerce' within the meaning of the FLSA"; that the plaintiff was both "engaged in commerce" and "engaged in the 'production of goods for commerce' and subject to the individual coverage of the FLSA." *Ceant*, 874 F. Supp. 2d at 1377. The plaintiff argued these allegations were sufficient because "pleading coverage under the FLSA is not onerous." *Id*. The *Ceant* court agreed with the plaintiff on principle. *Id*. ("A simple case of unpaid overtime is not complicated to plead."). However, the court found that plaintiff failed to properly plead either individual or enterprise coverage because the complaint provided no factual allegations about the nature of his work or the defendant's business showing a connection to

---

[4] The Plaintiff's specific argument on this point relates to the words "Solasi Accounting" and "Tax Advice" as Defendants' business. [D.E. 13 at page 4]. Plaintiff thus ignores the fact that Solasi is a fictitious name of Lacayo Trade and that the full text "SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT" is a trademark, not an entity or business name.

interstate commerce. *Id*. Just like in *Ceant*, the Plaintiff's complaint does not provide any factual allegations relating to the nature of the Defendants' business or the Plaintiff's work. Instead, the Plaintiff only alleges in a conclusory fashion that the Defendants' business and Plaintiff's work engaged in interstate commerce. [D.E. 1 ¶ 11].

The Defendants therefore do not have sufficient notice of the grounds for the Plaintiff's claim regarding interstate commerce. Rather, the Plaintiff relies on new allegations to support interstate commerce, such that the Defendants must use telephones, computers, calculators, pens/pencils, and other materials in its accounting business that satisfy individual or enterprise coverage. [D.E. 13 at page 6]. Notwithstanding the fact that such allegations are insufficient to allege coverage under the FLSA, the Court cannot rely upon these allegations raised for the first time in a response to a motion to dismiss. *Zurich Am. Ins. Co.*, 2017 WL 366232 at *7.[5]

While the Plaintiff does not need to provide very detailed factual allegations as to every facet of FLSA coverage, she still is required to provide allegations about the nature of her and Defendants' work, including how said work is connected to interstate commerce, in order to satisfy the jurisdictional requirements for a FLSA claim. *See Ceant*, 874 F. Supp. 2d at 1377. However, Plaintiff's complaint is devoid of any of the foregoing required allegations. Instead, Plaintiff has taken the legal test for FLSA coverage and repeated its exact terms as her allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Plaintiff therefore cannot state a claim under FLSA because she has failed to provide sufficient factual allegations demonstrating how she is "covered" under the FLSA.

---

[5] Plaintiff also states that any business regulated by federal law should be on notice that it may be sued in federal court. [D.E. 13 at page 5]. However, whether Defendants' had notice of being sued in federal court is not the issue, which relates to the basis for the Plaintiff's allegations regarding interstate commerce.

WHEREFORE, the Defendants respectfully request that this Court dismiss the Complaint filed by Plaintiff, and for any further relief this Court deems just, equitable, and proper.

Dated: March 22, 2017.

        RICHARDS GOLDSTEIN LLP
        *Attorneys for Solasi Accounting & Tax Advice*
        *& Design of the Words in Dark Blue at Left Side*
        *has a Circle Colored Blue, Purple and Green*
        *Light a/k/a Solasi, Lacayo Trade Group, Inc.,*
        *and Sophia Lacayao*
        55 Miracle Mile, Suite 310
        Coral Gables, Florida 33134
        Telephone: (305) 448-2228
        Facsimile: (305) 448-2229
        Primary E-mail: rrichards@rgattorneys.com
        Secondary E-mail: jgoldstein@rgattorneys.com

        By: <u>s/Richard L. Richards</u>
        RICHARD L. RICHARDS
        Florida Bar No. 09415
        JASON GOLDSTEIN
        Florida Bar No.: 91113
        JOSHUA SAVAL
        Florida Bar No.: 112165

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served upon all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Richard L. Richards
RICHARD L. RICHARDS

## SERVICE LIST

J.H. ZIDELL, P.A.
*Attorneys for Gloridelfa Barrios*
J.H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com