IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,                                            Case No.: 17-CV-20186-JEM

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

    Defendants.
_____/

**<u>DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM</u>**

The Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI ("Solasi"), LACAYO TRADE GROUP, INC. ("Lacayo Trade"), and SOPHIA LACAYO ("Ms. Lacayo") (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff's, GLORIDELFA BARRIOS ("Barrios"), Statement of Claim pursuant to this Court's Notice of Court Practice [D.E. 6], and state the following:

1.    As an initial matter, Plaintiff's use of Solasi is improper because Plaintiff is referring to a trademark or fictitious name of Lacayo Trade.

2.    Defendants dispute the Plaintiff's allegations in the complaint, including that any work relevant in this action applied to interstate commerce or that Defendants' business had gross annual sales meeting the FLSA statutory requirement. [D.E. 1]. Defendants deny they violated the

1

Fair Labor Standards Act (the "FLSA"), that the FLSA covers the Plaintiff's work or the Defendants' business, or that Plaintiff is entitled to any relief, including unpaid wages, overtime pay, liquidated damages, attorney's fees, and costs as described in Plaintiff's statement of claim. [D.E. 9].

3. The Plaintiff improperly alleges unpaid wages from November 10, 2016 until January 16, 2017 despite knowing she was paid during this time period. Defendants paid Plaintiff for the time from November 10, 2016 through January 3, 2017 in the total amount of $4,878.00 and paid other amounts for remaining periods as well. Defendants paid these amounts later because they issue paychecks to the Plaintiff approximately 45 days after the completed pay period, which Plaintiff is aware of. The Plaintiff therefore has been paid more than the minimum wage for the time period alleged in her complaint and statement of claim.

4. It is unclear from both the Plaintiff's complaint and her statement of claim the actual number of hours Plaintiff alleges she regularly worked because she only applies averages. For example, for January through April of 2014, 2015, and 2016 she alleges an average of 94.5 hours per week and for May through December of 2014 and 2015 she alleges an average of 60 hours per week. The Plaintiff also applied a 60-hour average to the time period from November 10, 2016 through January 16, 2017.

5. However, Plaintiff was paid her salary in bi-weekly installments through her employment as an assistant. If Plaintiff is basing her hours as an average, then such calculation may be an average based on dividing the bi-weekly installment to create the amount of hours worked per week. An average calculation for work hours per week is improper under the FLSA.

6. The FLSA does not calculate overtime based on time over 80 hours for a two-week period. 29 CFR § 778.104 ("The [FLSA] takes a single workweek as its standard and does not

permit averaging of hours over 2 or more weeks."). FLSA is strictly limited to a 7-day work period. The FLSA "work period" is the "workweek" – 7 consecutive days – and the FLSA overtime threshold is 40 hours per workweek. 29 CFR § 778.105 ("An employee's workweek is a fixed and regularly recurring period of 168 hours - seven consecutive 24-hour periods."). As Plaintiff was paid bi-monthly, her pay periods could sometimes be in the middle of a workweek. Further calculations are therefore required to determine the exact amount of overtime owed, if any, based on a workweek analysis as required under the FLSA rather than based on bi-monthly hours.

7. The Plaintiff's claim for not having received overtime for an average of 94.5 or 60 hours per week is false because the Plaintiff worked a seven (7) hour work day five days a week for a total of 35 hours per week. The 94.5 and 60 hours a week average are therefore incorrect and grossly exaggerated because those figures contemplate that Plaintiff never took a day off in three years.

8. The Plaintiff also concedes that her figures in the statement of claim are incorrect because for the overtime she worked, if any, she was in fact paid overtime. She argues the overtime payment was insufficient, but does not provide calculations on what any outstanding figure would be with the made overtime payments excluded. Rather, the Plaintiff's calculations are provided as if the Defendants never made any overtime payments. The amounts in the statement of claim are therefore incorrect on their face in light of the Plaintiff's admission that the Defendants did make at least partial overtime payment. The Defendants also dispute whether the Plaintiff properly calculated her regular rate of pay in the statement of claim based on the fact that her alleged hours are only averages and she concedes to receiving some overtime payment.

9. Plaintiff is not entitled to liquidated damages because, assuming arguendo that the FLSA does apply and Defendants did violate it, Defendants' acts or omissions giving rise to such

3

violation were in good faith and with reasonable grounds for believing such acts or omissions were not in violation of the FLSA. *See* 26. U.S.C. § 260. This is evidenced by the Plaintiff's admission that Defendants did pay her some overtime, which was made on the good faith belief that Defendants were in compliance with the FLSA. Plaintiff has no action for damages or liquidated damages for her unpaid wage claim because she was in fact paid more than the minimum wage during the dates referenced in her complaint and statement of claim.

10. Plaintiff is also not entitled to overtime pay, if any, dating back to 2014. The statute of limitations for unpaid wages under the FLSA is two years, thus limiting Plaintiff's claim to January 16, 2015, not January 16, 2014. 29 U.S.C. § 255(a). Plaintiff may only claim a three-year statute of limitation if she proves the Defendants' violation of the FLSA was willful because they knew their conduct was prohibited by the FLSA or showed reckless disregard as to whether their conduct was prohibited by the FLSA. However, Plaintiff cannot prove this intent, especially in light of Plaintiff's admission that Defendant's did make some overtime payments.

11. Defendants will prove during the course of this lawsuit that they acted in good faith in their belief that they were complying with the FLSA such that Plaintiff would not be entitled to recover liquidated damages or apply the three-year statute of limitations, even if she were able to prove liability.

12. Defendants' investigation of Plaintiff's claims is in its early stages and is ongoing. As discovery progresses in this action, Defendants reserve the right to modify and supplement their response, to produce additional documents supporting their defenses, and to assert additional defenses not noted above.

Dated: April 20, 2017.

                                                                       RICHARDS GOLDSTEIN LLP
                                                                       *Attorneys for Solasi Accounting & Tax Advice*

*& Design of the Words in Dark Blue at Left Side has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, Lacayo Trade Group, Inc., and Sophia Lacayao*
55 Miracle Mile, Suite 310
Coral Gables, Florida 33134
Telephone: (305) 448-2228
Facsimile: (305) 448-2229
Primary E-mail: rrichards@rgattorneys.com
Secondary E-mail: jgoldstein@rgattorneys.com

By: s/Richard L. Richards
RICHARD L. RICHARDS
Florida Bar No. 09415
JASON GOLDSTEIN
Florida Bar No.: 91113
JOSHUA SAVAL
Florida Bar No.: 112165

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2017, the foregoing document was electronically served upon all counsel of record on the attached Service List.

By: s/Richard L. Richards
RICHARD L. RICHARDS

## SERVICE LIST

J.H. ZIDELL, P.A.
*Attorneys for Gloridelfa Barrios*
J.H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com