UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17--20186-CIV-JEM

| | |
|---|---|
| GLORIDELFA BARRIOS and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, LACAYO TRADE GROUP INC, SOPHIA LACAYO, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS AND FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE § 448.110**

Plaintiff, GLORIDELFA BARRIOS, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this First Amended Complaint against Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, LACAYO TRADE GROUP INC, and SOPHIA LACAYO, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND

GREEN LIGHT a/k/a SOLASI, is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant LACAYO TRADE GROUP INC, is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for the relevant time period.

5. The individual Defendant SOPHIA LACAYO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer

shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as an assistant from on or about January 1, 2014 through on or about January 24, 2017.[1]

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in

---

[1] At the time of filing the initial Complaint [DE1], Plaintiff was still employed by Defendants. As reflected herein, Plaintiff's last date of employment with Defendants was on or about January 24, 2017.

excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

15. Upon information and belief, Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI and LACAYO TRADE GROUP INC, are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

16. Upon information and belief, Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI and LACAYO TRADE GROUP INC, were each Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

17. Individual Defendant SOPHIA LACAYO was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

18. Between the period of on or about January 1, 2014 through on or about November 10, 2016, for the months of January through to and including April, Plaintiff worked an average of 94.5 hours a week for Defendants and was paid an average of $16.00 but was never paid anything at all for any hours worked over 40 in a week as required by the Fair Labor Standards Act,

except for an occasional, minimal, substandard overtime payment of an average of $9.00 per overtime hour.[2] Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week, minus any payments she may have received via the occasional, minimal, substandard overtime payment of approximately $9.00 per overtime hour.

19. Between the period of on or about January 1, 2014 through on or about November 10, 2016, for the months of May through to and including December, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $16.00 but was never paid anything at all for any hours worked over 40 in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

20. Between the period of on or about November 10, 2016 through the present and ongoing, Plaintiff worked an average of 60 hours a week for Defendants but was never paid anything at all for any hours worked, including any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half time overtime rate for each hour worked above 40 in a week.

21. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

---

[2] Plaintiff was being paid an occasional, minimal, substandard overtime payment of an average of $9.00 per overtime hours and, therefore, Plaintiffs' overtime rate was less than her hourly rate of pay.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-21 above and further states:

22. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

23. Between the period of on or about November 10, 2016 through the present and ongoing, Plaintiff worked an average of 60 hours a week for the Defendants. Plaintiff was paid

$0.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $0.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $0.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

24. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

25. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT III. FLORIDA MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-25 above and further states:

26. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

27. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

28. Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

29. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add Plaintiff's minimum wage claims against the Defendants.

30. On January 16, 2017, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notices to the Defendants pursuant to Florida Statute § 448.110(6)(a). Per

the United Stated Postal Service Tracking Results, all Defendants were served with the Notices on January 20, 2017.[3] Thereafter, on April 5, 2017, Plaintiff served Defense Counsel, Joshua A. Saval, Esq., via email on behalf of all Defendants with Plaintiff's Florida Minimum Wage Letters and, therefore Defendants were served with the Notices as of at least April 5, 2017, if not prior.

31. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days from the January 20, 2017, date expired on Saturday, February 4, 2017. In the alternative, the 15 calendar days from the April 5, 2017, date expired on Thursday, April 20, 2017. As of the date of filing the instant First Amended Complaint, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

32. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to

---

[3] Plaintiff does not have a copy of the deposition transcript of Defendants that occurred on 6/6/17 however at said depositions, Defendants confirmed that they had in fact received the letters by mail. Further, the undersigned entered into the record as exhibits the Florida Minimum Wage Notices along with a copy of the email reflecting same was sent to Defense counsel in an abundance of caution.

$7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

33. Between the period of on or about November 10, 2016 through the present and ongoing, Plaintiff worked an average of 60 hours a week for the Defendants. Plaintiff was paid $0.00/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[4] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $0.00/hr and the applicable minimum wage rate for all hours worked.

34. The Defendant's wage payment practices to Plaintiff for the above mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

35. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified

---

[4] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

above.

Wherefore, the Plaintiff request double damages and reasonable attorney fees from the Defendant pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                        Respectfully Submitted,

                                        J.H. Zidell, Esq.
                                        J.H. Zidell, P.A.
                                        Attorney For Plaintiff
                                        300 71st Street, Suite 605
                                        Miami Beach, Florida 33141
                                        Tel: (305) 865-6766
                                        Fax: (305) 865-7167
                                        Email: ZABOGADO@AOL.COM

                                        By:__/s/ J.H. Zidell_____
                                                J.H. Zidell, Esq.
                                               Florida Bar Number: 0010121

<u>**CERTIFICATE OF SERVICE**</u>

<b>I HEREBY CERTIFY THAT A TRUE AND CORRECT<br>COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 6/__/17 TO:</b>

<b>JOSHUA A. SAVAL, ESQ.<br>RICHARDS AND ASSOCIATES<br>232 ANDALUSIA AVENUE, SUITE 202<br>CORAL GABLES, FL 33134<br>(305) 448-2228<br>EMAIL: JSAVAL@RGATTORNEYS.COM</b>