IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,                                       Case No.: 17-CV-20186-JEM

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
SEEKING LEAVE TO FILE AND SERVE FIRST AMENDED COMPLAINT**

The Defendants, SOLASI ACCOUNT & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI ("Solasi"), LACAYO TRADE GROUP, INC. ("Lacayo Trade"), and SOPHIA LACAYO ("Ms. Lacayo") (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, hereby file their response to Plaintiff's, GLORIDELFA BARRIOS ("Barrios"), motion seeking leave to file and serve first amended complaint, and state in support thereof:

**INTRODUCTION**

1.     On January 16, 2017, Plaintiff alleges it served letters pursuant to section 448.110, Florida Statutes, the Florida minimum wage act (the "FMWA"), claiming that Defendants owed unpaid wages.

1

2. Pursuant to section 448.110(6)(a), a party wishing to bring suit must provide pre-suit written notice to her employer, stating her intent to bring such an action and identifying the following: 1) the minimum wage to which the person aggrieved claims entitlement; 2) the actual or estimated work dates and hours for which payment is sought; and 3) the total amount of alleged unpaid wages through the date of the notice. Fla. Stat. § 448.110(6)(a).

3. That same day, Plaintiff filed her complaint alleging that Defendants failed to pay her overtime wages and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (D.E. 1).

4. The Plaintiff improperly named Solasi as a separate entity in this action. Solasi is a fictitious name owned by Lacayo Trade. The full text "SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT" is a trademark owned by Lacayo Trade.

5. On June 6, 2017, Plaintiff filed her motion for leave to amend her complaint to add a Florida minimum wage claim pursuant to section 448.110. (D.E. 25).

6. Plaintiff attached to her motion her proposed amended complaint, post office tracking results for the pre-suit notice letters, and an email showing service of the pre-suit notice letters.

7. However, Plaintiff in fact did not attach a copy of the pre-suit notice letters.

8. Plaintiff's FMWA count in the proposed amended complaint does not state the minimum wage to which she claims entitlement to or the total amount of unpaid wages. (D.E. 25-1 ¶ 33).[1]

---

[1] Notably, the Plaintiff's separate Federal minimum wage count specifically states $7.25 per hour as the applicable minimum wage she claims entitlement to. (D.E. 25-1 ¶ 23).

9. Plaintiff's proposed amended complaint is futile because without the actual pre-suit notices attached or the specific contents of the notices alleged in the complaint, the Defendants and this Court cannot determine whether the pre-suit notices complied with the requirements of section 448.110, which renders the amended complaint subject to dismissal.

10. Plaintiff also did not revise the amended complaint to reflect the correct names of the Defendants.

11. Further, Defendants' pending motion to dismiss argues that Plaintiff's complaint fails to allege sufficient facts evidencing this Court has subject matter jurisdiction for this action. (D.E. 11).

12. Plaintiff did not change or add any factual allegations relating to interstate commerce or FLSA coverage in her proposed amended complaint from her original complaint.

13. Accordingly, the Plaintiff's amended complaint is also futile because it would only necessitate Defendants filing the exact same motion to dismiss currently pending before this Court.

## ARGUMENT

A district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Eleventh Circuit has found that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999). Plaintiff's proposed amended complaint is subject to dismissal because it does not attach the pre-suit notice letter or specifically allege the contents of the letter in order to evidence compliance with section 448.110. *Villafana v. Feeding S. Florida, Inc.*, 13-60760-CIV, 2013 WL 2646729, at *5 (S.D. Fla. June 12, 2013) (dismissing the plaintiff's FMWA claim because the court could not determine whether the notice

complied with the statutory requirements when the plaintiff did not attach any pre-suit notice or allege the contents thereof in the pleading). The proposed amended complaint is therefore subject to dismissal on the basis this Court cannot determine from the pleading whether Plaintiff complied with section 448.110(6)(a), which makes the amendment futile.

The Plaintiff's proposed amended complaint is also subject to dismissal for the same reasons set forth in the Defendants' motion to dismiss. (D.E. 11). Specifically, that an employee must first demonstrate that she is "covered" by the FLSA in order to be eligible for overtime payment or minimum wages. *Turcios v. Delicias Hispanas Corp.*, 275 Fed. Appx. 879, 881 (11th Cir. 2008). This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case. *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011). Mere legal conclusions without any factual support about the nature of the business and its connections to interstate commerce is insufficient. *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012). The motion to dismiss argued that the Plaintiff's allegations are insufficient because they are all legal conclusions without any factual support. (D.E. 11 at pages 5-6). The proposed amended complaint is subject to dismissal for these same reasons because it copies verbatim the legal conclusions from Plaintiff's original complaint.

WHEREFORE, the Defendants respectfully request that this Court deny Plaintiff's motion for leave to amend, and for any further relief this Court deems just, equitable, and proper.

Dated: June 20, 2017.

> RICHARDS GOLDSTEIN LLP
> *Attorneys for Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, Lacayo Trade Group, Inc., and Sophia Lacayao*
> 55 Miracle Mile, Suite 310
> Coral Gables, Florida 33134

4

        Telephone: (305) 448-2228
        Facsimile: (305) 448-2229
        Primary E-mail: rrichards@rgattorneys.com
        Secondary E-mail: jgoldstein@rgattorneys.com

        By: <u>s/Richard L. Richards</u>
        RICHARD L. RICHARDS
        Florida Bar No. 09415
        JASON GOLDSTEIN
        Florida Bar No.: 91113
        JOSHUA SAVAL
        Florida Bar No.: 112165

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served upon all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Richard L. Richards
  RICHARD L. RICHARDS

## SERVICE LIST

J.H. ZIDELL, P.A.
*Attorneys for Gloridelfa Barrios*
J.H. Zidell, Esq.
Neil Tobak, Esq.
Rivkah Jaff, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com
ntobak.zidellpa@gmail.com
rivkah.jaff@gmail.com