UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20186-CIV-JEM

| | |
|---|---|
| GLORIDELFA BARRIOS and all others similarly situated under 29 U.S.C. 216(b),<br><br>Plaintiff,<br>vs.<br><br>SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORLDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, LACAYO TRADE GROUP INC, SOPHIA LACAYO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SECOND AMENDED NOTICE OF HEARING BEFORE THE HONORABLE MAGISTRATE JUDGE JONATHAN GOODMAN**

PLEASE TAKE NOTICE that the undersigned attorney for the Plaintiff will call to be heard on the Court's discovery calendar before the HONORABLE MAGISTRATE JUDGE JONATHAN GOODMAN, at the 11th Floor of the James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Miami, FL 33132, on July 21, 2017, at 2:30 p.m.

1. Plaintiffs requesting the Court address issues with respect to Defendants' objections and failure to produce responsive documents to Plaintiffs' First Request for Production, Requests Nos. 2-9,14,15,35,38, and Plaintiffs' First Set of Interrogatories, Specifically, Interrogatories No, 4, served on Defendant SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORLDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND

1

GREEN LIGHT a/k/a SOLASI, LACAYO TRADE GROUP INC., Defendants' are contesting FLSA coverage as to the monetary threshold as well as interstate commerce and these documents are directly relevant to same.

2.      On May 17, 2017, Plaintiff served her Notice of Inspection via email to Defense Counsel to occur as noticed on June 23, 2017. While Defendants responded via email that they opposed they never filed anything to reflect same. As such, Plaintiff and counsel appeared as properly noticed. Plaintiff herein seeks to compel the Inspection of Premises, along with all fees and costs and all related work in relation to Defendants failure to appear as properly noticed and for the inspection not proceeding as noticed.

3.      Further, On May 17, 2017 Plaintiff served her Notice of Depositions along with the subpoenas for witnesses. Non-party witness Thanya Lacayo was served on June 7, 2017, to appear as noticed for deposition on June 26, 2017. Witness Zamira Rodriguez was served on June 15, 2017, to appear as noticed for deposition on June 26, 2017. Plaintiff incurred fees in relation to preperation and cost for a translator and court reporter who took certificates of non-appearance. Thereafter, Defense Counsel agreed to produce non-party witnesses, Thanya Lacayo and Zamira Rodriguez, for their depositions, to occur on July 12, 2017. However, Defense Counsel has now indicated that he will not be producing said witnesses as properly noticed, despite agreeing to produce same.  Plaintiff seeks to compel the non-party witnesses, Thanya Lacayo and Zamira Rodriguez, to appear for their depositions to occur no later than August 5, 2017.  Plaintiff also seeks all fees and costs in relation to the nonappearance as properly served and all related work.

4. Additionally, On June 7, 2017, Plaintiff served each Defendant with Plaintiff's Supplemental Request for Admissions, Supplemental Request for Production, and Supplemental Set of Interrogatories. Said responses were due on July 7, 2017. On July 5, 2017, Defendant asked for an extension, to which Plaintiff responded, granting an extension until July 10, 2017. Said responses came due on July 10, 2017. However, to date, Defendants have not served their Responses to Plaintiff's Supplemental Request for Admissions, Plaintiff's Supplemental Request for Production, Supplemental Set of Interrogatories, and/or have not provided responsive documents to same. *See,* Fed. R. of Civ. P. 33 and 34. Plaintiff respectfully requests the Court compel Defendants to respond to Plaintiff's Supplemental Request for Admissions, Plaintiff's Supplemental Request for Production, Supplemental Set of Interrogatories, that all of Defendants' objections to the discovery requests are deemed waived for Defendants' failure to timely respond to said written discovery, and that Plaintiff be awarded reasonable attorneys' fees and costs incurred in the Hearing and all related work. Rule 37(a)(4)(A).

Moving counsel certifies that a bona-fide effort to agree or to narrow the issues on the Notice has been made with opposing counsel.

## **CERTIFICATE OF CONFERRAL**

Plaintiff's Counsel have conferred with Defense Counsel, Joshua A. Saval, Esq., and the Parties have communicated through multiple emails. Parties thoroughly discussed each issue and are unable to resolve the discovery disputes. The Parties continue to confer and will notify the Court should The Parties resolve the discovery disputes prior to the Hearing.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141

305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
    Florida Bar No.: 93940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 7/12/17 TO:**

**Joshua A. Saval
Richards and Associates
232 Andalusia Avenue
Suite 202
Coral Gables, FL 33134
(305) 448-2228
Email:** jsaval@rgattorneys.com

BY:   /s/___Neil Tobak_____
         NEIL TOBAK, ESQ.