IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,                                         Case No.: 17-CV-20186-JEM

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

    Defendants.
_____/

## MOTION TO STRIKE

The Defendants, SOLASI ACCOUNT & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI ("Solasi"), LACAYO TRADE GROUP, INC. ("Lacayo Trade"), and SOPHIA LACAYO ("Ms. Lacayo") (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, pursuant to this Court's chambers instructions, herewith file their Motion to Strike Plaintiff's Second Amended Notice of Hearing Before the Honorable Magistrate Judge Jonathan Goodman (the "Notice") (D.E. 31) filed by the Plaintiff, GLORIDELFA BARRIOS, and state in support thereof:

## BACKGROUND

1.    On May 24, 2017, Plaintiff filed her notice for a discovery hearing set for July 21, 2017. (D.E. 24).

2. The issues to be raised at the discovery hearing included Defendants' objections to Plaintiff's first set of interrogatories and first requests for production. (D.E. 24).

3. On June 23, 2017, Plaintiff amended her notice of hearing to include whether she is entitled to a property inspection and whether she properly noticed a property inspection on June 23, 2017 despite Defendants objections to the property inspection. (D.E. 28).

4. Plaintiff's counsel represented that Defendants were required to file a cross-notice of hearing if Defendants objected to any of Plaintiff's discovery requests despite this Court's discovery procedures only requiring the party seeking to compel discovery to file a notice.

5. Based on Plaintiff's counsel's representations, Defendants filed their cross-notice of hearing on June 26, 2017 asking this Court to consider whether Plaintiff is entitled to a property inspection and whether Plaintiff properly noticed a property inspection on June 23, 2017. (D.E. 29).

6. Thereafter, other discovery disputes arose between the parties, including the following: 1) whether the parties agreed to reschedule the June 26, 2017 depositions of third party witnesses; 2) whether Plaintiff was entitled to fees and costs from the Defendants for rescheduling these depositions; 3) whether Plaintiff refused in good faith to grant an extension of time to Defendants to respond to Plaintiff's second round of discovery; and 4) whether Plaintiff refused in good faith to reschedule the July 12, 2017 depositions of the third party witnesses in order to permit them to appear with their personal counsel.

7. On Monday, July 10, 2017, Plaintiff represented she intended to amend her notice of hearing to add the specific issues relating to the fees and costs for rescheduling the June 26, 2017 depositions of third party witnesses. *See* pages 9-11 of the parties' July 10, 2017 correspondence, a true and correct copy of which is attached hereto as Exhibit "A".

8. Defendants stated they intended to amend their cross-notice of hearing to include the issues on granting an extension of time to respond to Plaintiff's second round of discovery and granting a temporary protective order to reschedule the July 12 depositions until the third party witnesses could appear with their personal counsel. *See* Exhibit "A" at pages 3-4 and pages 7-8.

9. Plaintiff's counsel represented that this Court's chambers specifically said that the parties are not permitted to file an amended notice without permission from the other party and that she would notify the Court if Defendants filed an amended notice without her permission. *See* Exhibit "A" at page 3.

10. Defendants stated they would agree to Plaintiff amending her notice of hearing if Plaintiff agreed to permit Defendants to amend their cross-notice of hearing. *See* Exhibit "A" at page 2.

11. On Tuesday, July 11, 2017, Defendants' counsel conferred with the Court's chambers regarding Plaintiff's representation that the parties had to agree to an amended notice of hearing.

12. This Court's chambers stated the parties needed to agree on an amended notice of hearing because the discovery hearing was only for a certain amount of time and all parties had to agree that all discovery issues can be resolved at the hearing.

13. Chambers also advised that the Plaintiff's and Defendants' respective discovery issues should be included in one amended notice—not in separate notices.

14. Defendants informed Plaintiffs regarding the instruction to add all the discovery issues into one notice.

15. Later that day, Plaintiff provided Defendants with the language for their second amended notice, which now also included Plaintiff seeking to compel responses to her second round of discovery. *See* Exhibit "A" at page 1.

16. Defendants added language in a separate section regarding their discovery issues, but Plaintiff informed Defendants she did not agree to their language.

17. Importantly, Plaintiff for the first time informed Defendants that she intended to have the third party witnesses at the discovery hearing. *See* Exhibit "A" at page 1.

18. Upon learning of this information, and realizing that Plaintiff had also added a motion to compel responses to her second round of discovery *after* Defendants agreed to an amended notice of hearing, Defendants believed that there was insufficient time to resolve all the discovery issues in one hearing.

19. On Wednesday, July 12, 2017, Defendants obtained several dates for a second discovery hearing from this Court's chambers.

20. Shortly thereafter, Defendants informed Plaintiff that they did not agree that all the discovery issues could be resolved in one discovery hearing in light of the fact that Plaintiff intended to have third parties in attendance.[1] *See* page 1 of the parties' July 12, 2017 correspondence, a true and correct copy of which is attached hereto as Exhibit "B".

21. Defendants then provided Plaintiff the dates they obtained from this Court's chambers, but never heard back from Plaintiff. *See* Exhibit "B" at page 1.

22. Instead, Plaintiff filed her Notice, which included the new issues that Defendants did not agree to add and did not include any of Defendants' language for their discovery issues.

---

[1] Defendants also asked Plaintiff's counsel whether she intended on eliciting testimony from the non-parties or seeking sanctions against them personally. Plaintiff's counsel never responded to these inquiries.

4

23.     This Court must therefore strike the Notice because Plaintiff filed it without Defendants consent in violation of this Court's requirements.

## ARGUMENT

The Plaintiff was fully aware that she was not permitted to file an amended notice of hearing without Defendants' consent. When Defendants stated they intended to amend their cross-notice of hearing, Plaintiff advised Defendants the Court did not permit the parties to file an amended notice without permission from the other side and stated she would notify the Court should Defendants file an amended notice without her permission. Despite this threat, Plaintiff went ahead and performed the exact same action that she told the Defendants not to do—file an amended notice without permission from the other party.

When Defendants conferred with this Court's chambers, they were informed the parties needed to agree to amend the notice of hearing because a party did not have to agree if it did not believe there was sufficient time in the discovery hearing to resolve all discovery matters. Defendants initially agreed to permit Plaintiff to amend her notice of hearing to add the issues relating to the June 26, 2017 depositions, but then learned the following day that Plaintiff intended to add a motion to compel responses to its second round of discovery and to have the third party witnesses in attendance for argument relating to the June 26, 2017 depositions. In light of learning this information, Defendants informed Plaintiff they did not agree all the discovery issues could be resolved in one discovery hearing and asked to have a separate hearing on the new discovery issues. Without conferring with Defendants, Plaintiff filed the Notice. This action not only violated this Court's requirement to not file an amended notice without permission from the other party, but also violated this Court's instruction to include all the discovery issues in one amended notice.

Should this Court not strike the Notice, Defendants will have to file an amended cross-notice of hearing to include their motion for extension of time and motion for protective order.

This Court should therefore strike the Notice and not include any argument at the July 21, 2017 discovery hearing on the following issues: 1) argument relating to the June 26 depositions, including Plaintiff's request for fees and costs; 2) argument relating to the July 12 depositions, including Plaintiff's requests for fees and costs and Defendants' request for a protective order; and 3) argument relating to Plaintiff's second round of discovery, including Plaintiff's motion to compel and Defendants' motion for extension of time. Rather, these issues should be included in a subsequent discovery hearing. The July 21, 2017 hearing should therefore be limited to Defendants' objections to Plaintiff's first round of discovery, whether Plaintiff is entitled to a property inspection, and whether Plaintiff properly set a property inspection for June 23. This Court should also enter sanctions against Plaintiff and award Defendants their fees for their time preparing this motion because of Plaintiff's intentional violations of this Court's discovery requirements.

WHEREFORE, the Defendants respectfully request that this Court strike the Notice, or in the alternative permit the Defendants to file an amended cross-notice of hearing, award them their fees for preparing this motion, and for any further relief this Court deems just, equitable, and proper.

Dated: July 13, 2017.

      RICHARDS GOLDSTEIN LLP
      *Attorneys for Solasi Accounting & Tax Advice*
      *& Design of the Words in Dark Blue at Left Side*
      *has a Circle Colored Blue, Purple and Green*
      *Light a/k/a Solasi, Lacayo Trade Group, Inc.,*
      *and Sophia Lacayao*
      55 Miracle Mile, Suite 310
      Coral Gables, Florida 33134
      Telephone:  (305) 448-2228
      Facsimile:   (305) 448-2229

                          Primary E-mail:  rrichards@rgattorneys.com
                          Secondary E-mail: jgoldstein@rgattorneys.com

                          By: s/Joshua Saval
                          RICHARD L. RICHARDS
                          Florida Bar No. 09415
                          JASON GOLDSTEIN
                          Florida Bar No.: 91113
                          JOSHUA SAVAL
                          Florida Bar No.: 112165

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served upon all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                          By: s/Joshua Saval
                              JOSHUA SAVAL

## SERVICE LIST

J.H. ZIDELL, P.A.
*Attorneys for Gloridelfa Barrios*
J.H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com