UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20186-CIV-MARTINEZ/GOODMAN

GLORIDELFA BARRIOS,

    Plaintiff,

v.

LACOYA TRADE GROUP, INC.,
et al.,

    Defendants.

_____/

**POST-DISCOVERY HEARING ADMINISTRATIVE ORDER**

The parties filed a Joint Notice of Hearing regarding a discovery dispute. [ECF No. 35]. The Undersigned held a hearing to resolve the discovery dispute on July 21, 2017. At the hearing, the Undersigned **ordered** as follows:

Concerning Plaintiff's Supplemental Requests for Production, Defendants shall, by 5:00 PM on Monday, July 24, 2017, provide both a response and the actual responsive documents to Plaintiff.

Concerning Plaintiff's Supplemental Interrogatories, Defendants shall, by 5:00 PM on Monday, July 24, 2017, provide verified answers to Interrogatories #2 and #3.

Concerning Plaintiff's Supplemental Requests for Admissions, Defendants need not respond because these requests are no longer relevant.

When responding to the supplemental discovery, Defendants may assert bona fide objections and privileges, if applicable, because the Undersigned finds that there has been no waiver.

Concerning Plaintiff's Initial Requests for Production, Requests #2 through #6, the Corporate Defendant shall, by 5:00 PM on Monday, July 24, 2017, for the years 2014 to 2016, provide to Plaintiff any schedule to any corporate returns that discloses whether people providing services to the Corporate Defendant were treated as employees or independent contractors. In addition, the Corporate Defendant shall also provide all documents it submitted to its accountant to prepare the entries on these schedules. However, the Corporate Defendant is not required to produce its corporate tax returns.

Concerning Plaintiff's Initial Requests for Production, Requests #7 through #9, Defendants shall, by 5:00 PM on Monday, July 24, 2017, for the years 2014 to 2016, provide to Plaintiff any contract page or pages reflecting whether any individual was given credit for referring or soliciting a particular client, if any exists. Defendants are not required to produce copies of all of its client contracts.

By that same deadline, Defendants shall also provide to Plaintiff all documents that set forth any information relating to (directly or indirectly) amounts of money paid to (or owed to) Defendants by its clients that are somehow attributable to Plaintiff's sales, marketing, or solicitation efforts.

Concerning Plaintiff's Initial Requests for Production, Request #6, Defendants shall, by 5:00 PM on Monday, July 24, 2017, for the time period of November 2016 to January 2017, provide to Plaintiff all of Defendants' banking records that reflect when payments were made to Defendants' employees or independent contractors, including checks that were returned for insufficient funds.

**DONE and ORDERED** in Chambers, in Miami, Florida, on July 24, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All Counsel of Record