IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

Case No.: 17-CV-20186-JEM

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

    Defendants.
_____/

**MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINE**

The Defendants, SOLASI ACCOUNT & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI ("Solasi"), LACAYO TRADE GROUP, INC. ("Lacayo Trade"), and SOPHIA LACAYO ("Ms. Lacayo") (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4), move for an order extending the discovery and dispositive motion deadlines, and state in support thereof:

**BACKGROUND**

1.     This is an overtime and unpaid wages action under the Fair Labor Standards Act.

2.     On April 6, 2017, the parties filed a joint scheduling form requesting a discovery deadline of February 21, 2018 and a dispositive motion deadline of March 21, 2018. [D.E. 19-1].

3. On April 24, 2017, this Court entered its Order Setting Civil Trial Date and Pretrial Schedule Requiring Mediation, and Referring Certain Motions to Magistrate Judge (the "Order"). [D.E. 23].

4. The Order provides that the parties shall complete discovery by October 25, 2017 and file all dispositive motions by October 30, 2017. [D.E. 23].

5. The parties have been diligently working to complete all discovery in this case, including deposing multiple witnesses and providing hundreds of pages of written discovery.

6. On September 18, 2017, Plaintiff noticed the taking of three depositions, including the deposition of Aida Morelles, for October 18, 2017. A true and correct copy of the September 18, 2017 notice of taking deposition is attached hereto as Exhibit "A".

7. On September 19, 2017, Plaintiff noticed the taking of the deposition of Rosa Anido for October 19, 2017. A true and correct copy of the September 19, 2017 notice of taking deposition is attached hereto as Exhibit "B".

8. On October 16, 2017, Plaintiff notified the Defendants that the depositions for October 18, 2017 were cancelled because the deponents had not been properly served.

9. On October 19, 2017, Plaintiff notified the Defendants that the deponent would not be coming to Plaintiff's counsel's office to appear for her deposition.

10. The Defendants are seeking to reschedule the depositions to complete discovery.

11. The discovery period should therefore be extended for the limited purpose of completing the depositions of Aida Morelles and Rosa Anido.

12. Further, the Plaintiff has agreed to produce Whats App text messages from her cellphone that are related to the claims and defenses in this action, but has been unable to print or separate the messages from her phone.

13. The parties are discussing solutions to this technological issue and are considering conducting an inspection of the Plaintiff's phone.

14. There is also a discovery hearing set for October 27, 2017[1] before the Honorable Magistrate Judge John Goodman relating to the production of the Plaintiff's tax records and bank statements.

15. These documents may be relevant to forthcoming dispositive motions or responses thereto.

16. The Defendants therefore require more time to complete discovery prior to the dispositive motion deadline.

17. Importantly, the parties intend to attend mediation in November.[2]

18. The Defendants believe completing mediation prior to the dispositive motion deadline will save time and judicial resources should the parties settle.

19. The Defendants therefore request extending the discovery deadline, for the limited purpose of completing the two previously scheduled depositions, to November 29, 2017 and the dispositive motion deadline to December 11, 2017.

## STANDARD OF REVIEW

Modification of the Order is governed by Federal Rule of Civil Procedure 16(b)(4), which states a court scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a showing that "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998) (quoting Fed. R. Civ. P. Advisory Committee's Note); *See Fisher v.*

---

[1] The October 27, 2017 hearing was scheduled on August 21, 2017 and was the only available date for both parties.
[2] The parties currently have mediation scheduled for November 14, 2017, but are coordinating on rescheduling the mediation for another date in November due to an unforeseen conflict. [D.E. 44].

3

*SP One, Ltd.*, No. 13–11307, 2014 WL 1015951, at *4 (11th Cir. 2014) ("The schedule set forth by the court may only be modified for good cause and with the court's consent. To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." (internal citation omitted)).

## ARGUMENT

Good cause exists to extend the discovery deadline for the limited purpose of rescheduling depositions that were originally scheduled prior to the discovery deadline. The parties have been diligent in conducting discovery in this case by serving multiple document requests and deposing all parties as well as several witnesses. The Plaintiff scheduled the depositions of Aida Morelles and Rosa Anido prior to the discovery deadline, but both depositions did not commence for reasons outside either parties' control. Granting a discovery extension for the limited purpose of completing these depositions is therefore reasonable. *Rosa v. Wellington Acad., LLC*, 2016 WL 5373304, at *2 (M.D. Fla. Sept. 26, 2016) (granting a discovery extension for the limited purpose of rescheduling a deposition and for serving a response to a discovery request).

Good cause also exists to extend the dispositive motion deadline so the Defendants may complete discovery prior to the deadline. Notwithstanding rescheduling depositions, other discovery is presently outstanding that the Defendants are entitled to have prior to the dispositive motion deadline. *Barnette v. Fed. Exp. Corp.*, 2011 WL 2413437, at *2 (M.D. Fla. June 14, 2011) (granting an extension of the dispositive motion deadline after granting an extension to the discovery deadline). The Plaintiff agreed to produce relevant Whats App text messages, but on October 24, 2017 disclosed she is unable to print or copy of the messages. The parties are currently determining other means of making copies of the messages available for the Defendants to review. Further, the parties have a discovery hearing scheduled for October 27, 2017 before the Honorable

4

Magistrate Judge John Goodman relating to a motion to compel Plaintiff's tax and bank records. Should the magistrate judge order the Plaintiff to produce these records, the Defendants will require more time to review the discovery. *Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1369 (M.D. Fla. 2011) (granting an extension of the dispositive motion deadline because the plaintiff had not yet received all discovery and the discovery may be material to the issues raised in dispositive motions).

Lastly, the parties have agreed to a mediation in November 2017 before Juan Ramirez, Jr., and extending the dispositive motion deadline will help conserve judicial resources should the parties settle. *Cleveland v. City of Montgomery*, 300 F.R.D. 578, 580 (M.D. Ala. 2014) (finding good cause exists to extend the dispositive motion deadline when the parties may settle because this conserves judicial resources and reduces the risk of unnecessary briefing). Accordingly, good cause exists to extend the discovery and the dispositive motion deadlines to November 29, 2017 and December 11, 2017, respectively.[3]

## CERTIFICATE OF CONFERRAL[4]

Pursuant to Federal Rule of Civil Procedure 7.1(a)(3), Defendants hereby certify that counsel for the movant conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in the motion and have been unable to do so. Plaintiff counsel advised they oppose the motion.

WHEREFORE, the Defendants respectfully request that this Court grant the requested

---

[3] Defendants' motion to dismiss [D.E. 11] and Plaintiff's motion for leave to amend [D.E. 25] are currently pending before this Court. The outcome of these motions may also affect discovery and dispositive motions in this action.

[4] Defendants filed their motion to extend the discovery and dispositive motion deadlines [D.E. 46], but inadvertently left out the certificate of conferral. Defendants refile the motion with the certificate included.

deadline extensions in this motion in the form of the proposed order attached hereto as Exhibit "C",

and for any further relief this Court deems just, equitable, and proper.

Dated: October 25, 2017.

    RICHARDS GOLDSTEIN LLP
    *Attorneys for Solasi Accounting & Tax Advice*
    *& Design of the Words in Dark Blue at Left Side*
    *has a Circle Colored Blue, Purple and Green*
    *Light a/k/a Solasi, Lacayo Trade Group, Inc.,*
    *and Sophia Lacayao*
    55 Miracle Mile, Suite 310
    Coral Gables, Florida 33134
    Telephone:  (305) 448-2228
    Facsimile:   (305) 448-2229
    Primary E-mail:  rrichards@rgattorneys.com
    Secondary E-mail: jgoldstein@rgattorneys.com

    By: <u>s/Richard L. Richards</u>
    RICHARD L. RICHARDS
    Florida Bar No. 09415
    JASON GOLDSTEIN
    Florida Bar No.: 91113
    JOSHUA SAVAL
    Florida Bar No.: 112165

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served upon all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Richard L. Richards
RICHARD L. RICHARDS

## SERVICE LIST

J.H. ZIDELL, P.A.
*Attorneys for Gloridelfa Barrios*
J.H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com