UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20186-CIV-JEM

GLORIDELFA BARRIOS and all others )
similarly situated under 29 U.S.C. 216(b), )
               )
    Plaintiffs,         )
 vs.              )
               )
SOLASI ACCOUNTING & TAX ADVICE & )
DESIGN OF THE WORDS IN DARK BLUE )
AT LEFT SIDE HAS A CIRCLE COLORED )
BLUE, PURPLE AND GREEN LIGHT a/k/a )
SOLASI,             )
LACAYO TRADE GROUP INC,     )
SOPHIA LACAYO,         )
               )
    Defendants.        )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINE [DE46 & 47]**

**COMES NOW** the Plaintiff, by and through the undersigned, and hereby files this Response in Opposition to Defendants' Motion to Extend Discovery and Dispositive Motion Deadline, filed as [DE46] and [DE47], and in support thereof states as follows:

1. As per the Scheduling Order [DE23], the discovery cutoff was October 25, 2017. All dispositive motions, including summary judgment and *Daubert* motions, must be filed by October 30, 2017. *Id.* Trial in this matter is set to commence on the two-week period beginning January 8, 2018. *Id.*

2. "All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date of any other deadline set forth" in the Court's Scheduling Order. *Id.* **"Failure to include such a statement may be grounds for denial of the motion."** [emphasis added]. *Id.*

3. **Defendants' Motions [DE46 & 47] fail to include a statement as per the requirements set forth in the Court's Order [DE23] and should be grounds alone for denial of the Motions.**

4. **Defendants' Motions [DE46 & 47] should be denied in their entirety for substantive reasons as set forth** *supra.*

## MEMORANDUM OF LAW

While the Court has discretion to grant enlargements, the Court takes into consideration whether the request will impact the trial calendar and the reasons.  *See, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc*., No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08).

It is abundantly clear that extending the discovery deadline to November 29, 2017, and the dispositive motion deadline to December 11, 2017, will allow the Court less than a month to rule on said motion(s) and will more likely than not result in the Court having to continue the currently set Jury Trial (set for 1/8/18).

Defendants seek to extend discovery for the purposes of deposing Aida Morelles and Rosa Anido. "…[I]n this district a court may grant a continuance of a trial 'only on exceptional circumstances.'" *Gastaldi v. Sunvest Resort Communities, LC,* 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010); *See also, Tzoc v. M.A.X. Trailer Sales & Rental, Inc. d/b/a MAX Thermos Sales Maximo Rodriguez, et al.,* Case No.: 13-23859-CIV-MORENO [DE30] (Defendants' Motion for Summary Judgment was denied as untimely and the Court does not normally deviate from its Scheduling Order without good cause.); *See also,* Local Rule 7.1(a)(1)(j) (requires that a motion for extension of time be supported by good cause). A failure to complete discovery by court ordered deadlines resulting from a party's own relaxed approach to litigation does not present

good cause for an extension. *Myhre v. TLFO, LLC*, 2015); *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367 (11th Cir. 1997) [holding that discovery is not a device to enable a plaintiff to make a case where his complaint has failed and should therefore only follow a well pled complaint].

Defendants have failed to make a showing of "exceptional circumstances" as to why discovery should be extended thereby more likely than not resulting in a continuance of the Jury Trial. At no time throughout the course of discovery did Defendants attempt to coordinate the depositions and failed to seek any deposition testimony of Aida Morelles and/or Rosa Anido. As such, Defendants failed to conduct discovery with reasonable diligence as it relates to setting the depositions of said individuals and any argument by them to the contrary is refuted by the record and is without merit; the Court should not consider Defendants' bare assertions to the contrary. *See, Franklin v. Caterpillar, Inc.,* Case No. 1:13-cv-0888-KOB, 2015 U.S. Dist. LEXIS 15768, * 31 (N.D. Ala. Feb. 10, 2015) ("[T]the Plaintiff's own delay and failure to diligently seek discovery led to her lack of ammunition to rebut Caterpillar's motion [for summary judgment]. Discovery disputes are often, in the end, questions about fairness and it would be unfair to Caterpillar to reopen discovery at this late hour.").

Defendants have also failed to demonstrate that the depositions of Morelles and/or Anido would impact dispositive motions as it relates to issues in this matter. Even assuming, *arguendo,* the depositions sought do in fact impact the dispositive motions a "nonmoving party's delay in complaining about deficient discovery is grounds for a court to deny a Rule 56(d) request." *Franklin,* Case No. 1:13-cv-0888-KOB, 2015 U.S. Dist. LEXIS 15768 at * 29. "Fairness, equity, and whether a party had a reasonable opportunity to discover information are also considerations in deciding a Rule 56(d) motion." *Id.; See also, Cordero v. Readiness Mgmt. Support, L.C.,* 2012

U.S. Dist. LEXIS 123036, 2012 WL 3744513, at *3 (M.D. Fla. Aug. 29, 2012) (Rule 56(d) motion denied "where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery")). **Plaintiff disclosed Aida Morelles and Rosa Anido as potential witnesses as early as June 9, 2017, through Plaintiff's Initial Disclosures and Trial Witness List. Defendants failed to seek any deposition testimony and failed to issue a single subpoena as to either witness.** Defendants had ample opportunity to discovery information as it relates to said witnesses and chose not to.

Defendants also seek to extend discovery so that they are able to conduct an inspection of Plaintiff's Whats App text messages. The messages are from a group chat, created by the individual Defendant for all of the Corporate Defendants employees, and, as such, Defendants have said text messages sought in their possession, custody, and control.[1] Further, Defendants have failed to establish how said text messages are essential to justify their opposition, especially in light of the fact that Defendants have said text messages in their possession, custody, and control. *See,* Fed.R.Civ.P. 56(d). "A party seeking the shelter of Rule 56(d) must offer an affidavit explaining to the court why he is unable to make a substantive response." *Latele TV, C.A. v. Telemundo Communs. Group, LLC,* Case No. 12-22539-CIV-Goodman, 2014 U.S. Dist. LEXIS 174887, *27 (S.D. Fla., Dec. 18, 2014) (citing *Wallace v. Brownell Pontiac-GMC Co., Inc.,* 703 F.2d 525, 527 (11th Cir. 1983) (affirming order granting defendant's summary judgment motion and denying continuance motion)).

---

[1] It is circumspect that Defendants have failed to provide said text messages as these were responsive to Plaintiff's written discovery requests propounded on Defendants during the course of the litigation. Plaintiff is making all efforts to provide same and has offered Defendants to appear on a mutually agrees upon date and time to inspect same.

As such, Defendants have failed to demonstrate good cause to justify an extension under FRCP 6 and *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360 (5th Cir. 1995) and their Motions [DE46 & 47] should be denied in their entirety.

WHEREFORE DEFENDANTS' MOTIONS TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINE, FILED AS [DE46] AND DE47], SHOULD BE DENIED IN ITS ENTIRETY.

>Respectfully submitted,
>
>J. H. ZIDELL, P.A.
>ATTORNEYS FOR PLAINTIFF
>300-71ST STREET, SUITE 605
>MIAMI BEACH, FLORIDA 33141
>305-865-6766
>305-865-7167
>
>By:_s/ Rivkah F. Jaff, Esq. ___
>    Rivkah F. Jaff, Esquire
>    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 10/26/17 TO:

JOSHUA A. SAVAL, ESQ.
RICHARDS AND ASSOCIATES
232 ANDALUSIA AVENUE, SUITE 202
CORAL GABLES, FL 33134
PH: (305) 448-2228
EMAIL: JSAVAL@RGATTORNEYS.COM

BY:__/s/____Rivkah F. Jaff_____
      RIVKAH F. JAFF, ESQ.