IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

      Plaintiff,                              Case No.: 17-CV-20186-JEM

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

      Defendants.

_____/

## REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINE

      The Defendants, SOLASI ACCOUNT & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI ("Solasi"), LACAYO TRADE GROUP, INC. ("Lacayo Trade"), and SOPHIA LACAYO ("Ms. Lacayo") (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, hereby file their reply to the Plaintiff's opposition to the Defendants' motion to extend the discovery and dispositive motion deadlines [D.E. 50], and state in support thereof:

## MEMORANDUM OF LAW

      The Defendants' motion on its face represents the extension request shall not affect trial because it does not ask to move the trial date. The Plaintiff argues that it believes moving the dispositive motion deadline will somehow affect trial and force the Court to reschedule trial, but

states no basis for this opinion. Such argument without any factual or legal support is without merit. The proposed December 11, 2017 dispositive motion deadline is the same date for filing other pretrial motions, so the Court shall have sufficient time to review filings in this overtime and minimum wage action.[1] Further, the standard for determining whether to grant an extension is if the moving party shows good cause, and therefore this Court should grant the requested extensions because the Defendants have shown good cause. Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order may be modified for good cause).

Plaintiff argues that the Defendants must show exceptional circumstances; however, this is the standard for granting a continuance of trial—which the Defendants are not seeking. *Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010) (holding that seeking a continuance of trial requires exceptional circumstances). Here, the Defendants are only required to show good cause for extending the discovery and dispositive motion deadlines. *See* Fed. R. Civ. P. 16(b)(4). Importantly, the Defendants are not seeking an unconditional discovery extension. Rather, they seek to have a limited extension to complete two depositions that were properly scheduled prior to the discovery deadline, but never completed due to no fault of their own.

Plaintiff's argument that Defendants lack good cause because of their alleged "relaxed approach" to litigation is without any factual or legal support. First, Plaintiff ignores the fact that

---

[1] Plaintiff argues that the Court should consider its trial calendar when granting deadline extensions, but provides no support for this argument. Plaintiff cite to two cases, but neither say anything about a court considering its trial calendar before modifying a scheduling order. *Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (finding lack of good cause to extend the time to amend the complaint when the plaintiff had information available prior to filing suit); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, 2008 WL 4580024, at *3 (S.D.N.Y. October 14, 2008) (finding good cause to extend the discovery deadline to permit a deposition that was originally sought prior to the deadline but never scheduled). Importantly, *Michael Grecco Photography* supports the Defendants' motion because they are seeking to extend the discovery deadline to complete depositions originally scheduled prior to the deadline.

the parties have conducted much discovery in this case, including 7 depositions, 3 sets of interrogatories, and 6 requests for production. There has been no "relaxed approach" to litigation here. Importantly, the depositions at issue were scheduled prior to the discovery deadline and the Defendants relied upon this scheduling to complete discovery. The fact that the depositions were not completed was not caused by the Defendants. This is therefore not a case where Defendants chose not to conduct discovery as Plaintiff asserts. Second, Plaintiff's case law on this point bears no relationship to their argument. *Myhre v. TLFO, LLC*, 2015 WL 1722866, at *3 (S.D. Fla. Apr. 15, 2015) (finding a discovery request extension of time meritless and moot when the discovery sought was already denied prior to the deadline); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (considering whether the district court abused its discretion by not ruling on a motion to dismiss prior to ruling on a motion to compel).[2]

In fact, none of Plaintiff's case law relate to extending a deadline or modifying a scheduling order. Plaintiff asserts multiple cases relating to Rule 56(d), which relates to a response to a motion for summary judgment requesting more time to complete discovery. Fed. Rul. Civ. Pro. 56(d). However, neither party has filed a motion for summary judgment nor is the Defendants' motion in response to summary judgment. As such, all of Plaintiff's case law is distinguishable. *Franklin v. Caterpillar Inc.*, 2015 WL 535655, at * 11 (N.D. Ala. 2015) (denying deferring a hearing on a summary judgment motion when the party seeking an extension agreed to defer taking depositions after the summary judgment deadline); *Cordero v. Readiness Mgmt. Support, L.C.*, 2012 WL 3744513, at *4 (M.D. Fla. Aug. 29, 2012) (denying a Rule 56(d) motion to defer a hearing on a filed motion for summary judgment); *Latele Television, C.A. v. Telemundo Communications Group, LLC*, 2014 WL 7272974, at *4 (S.D. Fla. Dec. 18, 2014) ("Federal Rule of Civil Procedure

---

[2] Importantly, the Defendants' motion to dismiss and the Plaintiff's motion for leave to amend are still pending. [D.E. 45, 49].

56(d) authorizes a party opposing a summary judgment motion to file a motion for additional time to conduct discovery so that it may appropriately oppose the motion."); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995) (denying a motion for extension of time to respond to a motion for summary judgment).

As for the dispositive motion deadline, Plaintiff asserts that the Defendants must demonstrate how the requested depositions will impact this deadline. Logically, it is understood that conducting depositions after a dispositive motion deadline is unreasonable because discovery should be completed before the deadline. *Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1369 (M.D. Fla. 2011) (granting an extension of the dispositive motion deadline because the plaintiff had not yet received all discovery and the discovery may be material to the issues raised in dispositive motions). Notwithstanding the foregoing, there is no requirement that Defendants specifically establish anything more to extend the discovery or dispositive motion deadlines as long as good cause exists.

Plaintiff also incorrectly asserts that Defendants are seeking a discovery extension for Plaintiff's Whats App text messages. Plaintiff and her counsel have already agreed to provide these and the parties are working diligently around the technological issue of making copies of the messages. A discovery extension is not required for these messages because the parties may complete this discovery on their own based on their agreement. *See AB Diversified Enterprises, Inc. v. Glob. Transp. Logistics, Inc.*, 2007 WL 1362632, at *1 (S.D. Fla. May 7, 2007) (noting the parties may agree among themselves to extend the discovery deadline without Court approval). Plaintiff's bare assertions that the Defendants have the messages in their possession should not be considered because there is no verified evidence to support this. Further, the Defendants are not required to establish how the messages will justify their opposition because there is no opposition

at this time. Plaintiff's argument is based on the false premise that the Defendants' motion is a Rule 56(d) motion in response to summary judgment, which is factually impossible.

Good cause also exists to extend the dispositive motion deadline so the Defendants may complete other pending discovery and mediation. Specifically, the Defendants stated in their motion that the parties have a discovery hearing scheduled for October 27, 2017 relating to the Plaintiff's taxes and bank records and the parties intend to complete mediation in November, with the mediation currently scheduled for November 14, 2017. The Plaintiff wholly fails to address these arguments in her response and therefore concedes these points. *Melendez v. Town of Bay Harbor Islands*, 2014 WL 6682535, at *7 (S.D. Fla. November 25, 2014) (holding that when a plaintiff files an opposition to a motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded); *see also Nat'l Union Fire Ins. Co. of Puttsburgh v. Tyco Integrated Sec., LLC*, 2015 WL 11251736, at *3 n.1 (S.D. Fla. July 29, 2015) (citing to case law holding that failing to address an argument concedes that point). Accordingly, good cause exists to extend the discovery and the dispositive motion deadlines to November 29, 2017 and December 11, 2017, respectively.

WHEREFORE, the Defendants respectfully request that this Court grant their motion to extend the discovery and dispositive motion deadlines, and for any further relief this Court deems just, equitable, and proper.

Dated: October 27, 2017.

> RICHARDS GOLDSTEIN LLP
> *Attorneys for Solasi Accounting & Tax Advice*
> *& Design of the Words in Dark Blue at Left Side*
> *has a Circle Colored Blue, Purple and Green*
> *Light a/k/a Solasi, Lacayo Trade Group, Inc.,*
> *and Sophia Lacayao*
> 55 Miracle Mile, Suite 310
> Coral Gables, Florida 33134

5

Telephone:  (305) 448-2228
Facsimile:   (305) 448-2229
Primary E-mail:  rrichards@rgattorneys.com
Secondary E-mail: jgoldstein@rgattorneys.com

By: s/Richard L. Richards
RICHARD L. RICHARDS
Florida Bar No. 09415
JASON GOLDSTEIN
Florida Bar No.: 91113
JOSHUA SAVAL
Florida Bar No.: 112165

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served upon all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Richard L. Richards
RICHARD L. RICHARDS

## SERVICE LIST

J.H. ZIDELL, P.A.
*Attorneys for Gloridelfa Barrios*
J.H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com