IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,                                                Case No.: 17-CV-20186-JEM

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

    Defendants.
_____/

## MOTION FOR CONTINUANCE

The Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI ("Solasi"), LACAYO TRADE GROUP, INC. ("Lacayo Trade"), and SOPHIA LACAYO ("Ms. Lacayo") (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, and pursuant to Rule 7.6 of the Local Rules of the Southern District of Florida and Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, move for an order continuing trial, extending pre-trial deadlines, and reopening discovery for a limited deposition, and state in support thereof:

### BACKGROUND

1.     This is an overtime and unpaid wages action under the Fair Labor Standards Act.

2.     On March 1, 2017, the Defendants filed a motion to dismiss. [D.E. 11]. To date, the Defendants have not filed an answer in this action and the motion remains pending.

3.      On April 6, 2017, the parties filed a joint scheduling form requesting: 1) a discovery deadline of February 21, 2018; 2) a dispositive motion deadline of March 21, 2018; and 3) a trial date of June 18, 2018. [D.E. 19-1].

4.      On April 24, 2017, this Court entered its Order Setting Civil Trial Date and Pretrial Schedule Requiring Mediation, and Referring Certain Motions to Magistrate Judge (the "Scheduling Order"). [D.E. 23].

5.      The Scheduling Order provides that the parties shall: 1) complete discovery by October 25, 2017; 2) file all dispositive motions by October 30, 2017; and 3) and commence the two-week trial period on January 8, 2018. [D.E. 23].

6.      Defendants have been diligently working to complete all discovery in this case, including deposing multiple witnesses and providing hundreds of pages of written discovery. *See* affidavit of Joshua Saval, a true and correct copy of which is attached hereto as Exhibit "A".

7.      On June 6, 2017, Plaintiff filed her motion for leave to amend her complaint. [D.E. 25]. To date, Plaintiff's motion remains pending. [D.E. 1].

8.      Each party filed a separate notice advising the Court that their respective motions are still pending (the "Pending Motions"). [D.E. 45 and 49].

**Plaintiff's delays in producing discovery materially prejudiced the Defendants.**

9.      On June 21, 2017, the Defendants served requests for production to the Plaintiff asking for relevant documents, including the Plaintiff's tax and bank records. *See* Exhibit "A" at ¶ 5.

10.     On July 20, 2017, the Plaintiff objected to the requests for production relating to her relevant tax and bank records. *See* Exhibit "A" at ¶ 9.

11. Thereafter, the parties corresponded in good faith regarding the Plaintiff's discovery objections. The Defendants represented that the Plaintiff's tax and bank records are relevant to whether the Plaintiff was an independent contractor, thus making her exempt under the overtime laws. The Defendants sought the financial documents to determine whether the Plaintiff identified herself as self-employed and received work from other sources. *See* Exhibit "A".

12. The Plaintiff amended her discovery responses on August 18, 2017, but continued to object to producing her relevant tax and bank records. *See* Exhibit "A".

13. The Defendants sought a discovery hearing relating to the Plaintiff's discovery objections. The earliest availability for Magistrate Judge Goodman was September 29, 2017 and October 13, 2017, but Plaintiff's counsel represented she was unavailable on those dates. *See* Exhibit "A".

14. On August 21, 2017, the Defendants scheduled the discovery hearing on Plaintiff's discovery objections for October 27, 2017—the earliest date Magistrate Judge Goodman's chambers offered on which all parties were available. [D.E. 38].

15. Plaintiff's refusal to provide relevant documents severely prejudiced Defendants because the parties had previously scheduled the Plaintiff's deposition for August 31, 2017. *See* Exhibit "A" at ¶ 14.

16. This is because on August 31, 2017, the Defendants deposed the Plaintiff without the relevant tax and bank records. The Defendants were thus unable to inquire with Plaintiff as to her finances, including whether she was self-employed or economically dependent on the Defendants in conjunction with highly relevant documents withheld by her. *See* Exhibit "A" at ¶ 14.

17. On October 27, 2017, the court ordered Plaintiff to produce her tax records for 2014, 2015, and 2016 and her bank records from January 2014 to March 2017 by November 10, 2017 (the "Discovery Order"). [D.E. 56].

18. On October 31, 2017, Plaintiff produced her relevant tax records for 2014, 2015, and 2016. Then on December 7, 2017, Plaintiff supplemented the 2016 tax production because several pages were missing. These records show that Plaintiff identified herself as self-employed and that she worked as a manager with the Defendants. *See* Exhibit "A" at ¶¶ 16, 21.

19. On November 10, 2017, Plaintiff provided some of her bank records and noted that there will be multiple email productions because all the bank records could not be included in a single email. The Plaintiff only produced her bank records from January 2014 to April 2015. *See* Exhibit "A" at ¶ 17.

20. The parties thereafter engaged in good faith conferral relating to Plaintiff complying with the Discovery Order.

21. On December 6, 2017, Plaintiff provided a supplemental production of her bank records and represented she would be providing another supplemental production the following week with bank records from May 2015 to March 2017. *See* Exhibit "A" at ¶ 18.

22. Defendants also advised Plaintiff that her bank records production improperly redacts information relating to deposits required to be produced in the Discovery Order. *See* Exhibit "A" at ¶ 20.

23. As of the date of filing this motion, the Defendants have not received all relevant bank records responsive to their June 21, 2017 request for production and required by the Discovery Order. *See* Exhibit "A" at ¶ 19.

24. Further, the Plaintiff agreed to produce WhatsApp[1] text messages from her cellphone that she testified at her deposition are related to the claims and defenses in this action.[2] *See* Exhibit "A" at ¶ 27.

**Discovery delays of third parties have materially prejudiced the Defendants.**

25. On September 19, 2017, Plaintiff noticed the taking of the deposition of Rosa Anido for October 19, 2017. *See* Exhibit "A" at ¶ 24.

26. Ms. Anido formerly worked with the Defendants and the Plaintiff. *See* Exhibit "A" at ¶ 23.

27. On October 19, 2017, Plaintiff notified Defendants that Ms. Anido would not be appear for her deposition. *See* Exhibit "A" at ¶ 24.

28. However, on October 24, 2017 Plaintiff served the Defendants with an affidavit from Ms. Anido executed on October 19, 2017 at Plaintiff's counsel's office. *See* Exhibit "A" at ¶ 26.

29. On October 25, 2017, the Defendants immediately moved to extend the discovery deadline and dispositive motion deadline to complete Ms. Anido's deposition, especially given that Plaintiff had Ms. Anido sign an affidavit on the day of her deposition despite Plaintiff's representation that Ms. Anido would not appear. *See* Exhibit "A" at ¶ 26.

30. On October 30, 2017, the court granted an extension of time to complete discovery by November 29, 2017 and file dispositive motions by December 11, 2017. [D.E. 54].

---

[1] WhatsApp is a smartphone application through which one can send text messages to individuals who also have the application. *See* https://www.whatsapp.com.

[2] The Plaintiff has not produced these messages because she represents she cannot separate the messages from the application. The parties are discussing solutions to this technological issue and are considering an inspection of the Plaintiff's phone.

31. After the Court granted the limited discovery extension, the Defendants rescheduled Ms. Anido's deposition for November 16, 2017. *See* Exhibit "A" at ¶ 27.

32. However, Ms. Anido failed to appear for her deposition and never contacted the Defendants regarding rescheduling her deposition or having it at a different location. *See* Exhibit "A" at ¶ 27.

33. On November 22, 2017, the Defendants scheduled a November 30, 2017 hearing before Magistrate Judge Goodman to compel Ms. Anido to appear for her deposition. [D.E. 62].

34. On November 30, 2017, the court ordered the parties to reschedule Ms. Anido's deposition to take place at her residence. [D.E. 66].

35. On December 7, 2017, the parties coordinated with Ms. Anido and agreed to complete her deposition on December 14, 2017. *See* Exhibit "A" at ¶ 29.

**Continuing trial and reopening discovery is warranted.**

36. Exceptional circumstances exist to continue trial because the Defendants require more time to complete discovery necessary for their defense prior to trial and the dispositive motion deadline.

37. Importantly, exceptional circumstances also exist because of the Pending Motions before this Court leaving pleadings open. A ruling on the motion to dismiss or motion for leave to amend the complaint may materially alter Plaintiff's and Defendants' respective burdens at trial.

38. Good cause exists to reopen discovery for the limited purpose of permitting the Defendants to depose the Plaintiff regarding her tax and bank records. Defendants' diligently pursued obtaining these records prior to the Plaintiff's deposition and Defendants' inability to obtain these documents in their entirety stems solely from Plaintiff's actions.

39.     The Defendants request extending all trial and pre-trial deadlines, including the dispositive motion deadline, by 90 days in order to complete the outstanding discovery, permit the Defendants to adequately prepare for trial, and permit this Court to rule upon the Pending Motions.

## **STANDARD OF REVIEW**

A trial court has broad discretion in ruling on requests for continuances. *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1541 (11th Cir.1989) (finding the decision to grant a continuance on the day of trial to permit further discovery on damages not an abuse of discretion). The Court must exercise its discretion in light of the circumstances presented by focusing upon the reasons offered for the continuance. *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir. 1985); S.D. Fla. L.R. 7.6 (noting a court may grant a continuance for exceptional circumstances). When determining whether to grant a continuance, courts should consider: (1) the moving party's diligence in its efforts to ready its case prior to the deadline; (2) the likelihood that the need for a continuance will be remedied if the continuance is granted; (3) the extent to which granting the continuance would inconvenience the court and the opposing party; and (4) the extent to which the moving party might suffer harm as a result of the district court's denial. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005).

When a party seeks to reopen discovery, the court may, "for good cause," grant the motion if the party shows that it failed to comply with the deadline "because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has generally instructed courts to consider four factors in determining whether a party has shown excusable neglect: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4)

whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

## MEMORANDUM OF LAW

Exceptional circumstances exist to continue trial and extend pre-trial deadlines because of delays in discovery caused by Plaintiff and third parties. Defendants have been diligent in conducting discovery in this case by serving multiple document requests and deposing Plaintiff as well as several witnesses. Defendants attempted to obtain relevant documents prior to the Plaintiff's August 31, 2017 deposition, but Plaintiff objected to producing the documents multiple times and was not available for a discovery hearing until October 27, 2017. Despite the Discovery Order, Plaintiff has yet to provide all the relevant documents that should have been produced prior to Plaintiff's deposition. Good cause therefore exists to reopen discovery to permit the Plaintiff's deposition on her tax and bank records because: 1) the Defendants made reasonable efforts to obtain these probative documents prior to August 31, 2017; 2) the reason for the delay is outside the control of the Defendants; and 3) as of the filing of this motion the Defendants have yet to receive all the documents despite the Discovery Order. *See Socas v. Nw. Mut. Life Ins. Co.*, 07-20336-CIV, 2009 WL 3348238, at *2 (S.D. Fla. Oct. 14, 2009) (permitting a party to redepose a witness based on discovery that should have been previously produced).

Plaintiff will also not suffer any prejudice for reopening discovery limited to her continued deposition on her tax and bank records because she has been aware since at least June 21, 2017 that the Defendants' sought these documents for information relating to whether she has standing under the overtime laws. The length of the delay here is caused solely by the Plaintiff because the Defendants sought to have her financial documents more than a month before her deposition. Now, more than four months after the documents were due, more than three months after the Plaintiff's

8

deposition, and almost a month after the Discovery Order deadline, Plaintiff has yet to fully produce all her relevant and material financial information. Defendants acted in good faith in seeking Plaintiff's bank and tax records, as evidenced by the Discovery Order. There is no basis for asserting Defendants acted in bad faith or lacked discovery due diligence. Accordingly, reopening limited discovery, permitting a limited continued deposition of Plaintiff, and continuing trial and pre-trial deadlines in order to complete this discovery is warranted.

      The Plaintiff scheduled the deposition of Ms. Anido prior to the discovery deadline, but the deposition did not occur because the Plaintiff represented Ms. Anido would not appear. However, Ms. Anido *did* appear on October 19, the date scheduled for her deposition, and she executed an affidavit that the Plaintiff provided on October 24. The very next day the Defendants moved to extend certain deadlines to complete Ms. Anido's deposition and obtain the Plaintiff's tax and bank records. The Plaintiff has also agreed to produce relevant WhatsApp text messages, but on October 24, 2017 disclosed she is unable to print or copy the messages. The parties have conferred regarding determining other means of making copies of the messages available for the Defendants to review, including bringing in a technology contractor to export the Plaintiff's relevant application messages. The Defendants therefore require more time in order to complete and review the outstanding discovery.[3] *Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1369 (M.D. Fla. 2011) (granting an extension of the dispositive motion deadline because the plaintiff had not yet received all discovery and the discovery may be material to the issues raised in dispositive motions).

---

[3] Completing the depositions with time to review is especially critical for Defendants' trial preparation because Plaintiff has represented she will rely exclusively on witnesses to establish her claims.

9

The pending deposition of Ms. Anido and Plaintiff's failure to produce all responsive records that were originally due on July 20, 2017 are a result of factors outside Defendants' control. A continuance will remedy these issues because the Defendants will depose Ms. Anido next week and anticipate having all the Plaintiff's responsive financial documents by next week as well—according to Plaintiff's representations.[4] Should this Court grant the continuance, the: 1) Defendants will have adequate time to continue the deposition of Plaintiff on the outstanding discovery documents; 2) this Court should have time to rule on the Pending Motions; and 3) the parties should thereafter have their respective pleadings filed.[5] The Defendants will be severely prejudiced should the Court not grant the continuance and reopen discovery because: 1) there currently remains highly relevant discovery outstanding due to Plaintiff's actions; 2) there remains a pending motion to dismiss and thus no answer; 3) the dispositive motion deadline will pass while there is outstanding discovery; and 4) Defendants believe a motion for summary judgment will likely be granted, at least in part, should it have the opportunity to complete the foregoing discovery. The Plaintiff and this Court will not suffer any inconvenience from the continuance because the Plaintiff originally agreed to a proposed trial date in June 2018 and the extra time will allow this Court to rule on the Pending Motions.

Accordingly, a trial continuance and extension of the pre-trial deadlines are reasonable and required, otherwise Defendants shall be severely prejudiced while Plaintiff simultaneously benefits from her willful non-compliance with the Discovery Order and gamesmanship during the course of discovery.

---

[4] The Scheduling Order also requires deposition designations 20 days before trial. [D.E. 23]. Because Ms. Anido's deposition will be on December 14, 2017 and the trial calendar begins on January 8, 2018, the Defendants are unsure if they will have the deposition transcript within the deadline.

## CERTIFICATE OF CONFERRAL

Pursuant to Rule 7.1(a)(3) of the Local Rules of the Southern District of Florida, Defendants hereby certify that counsel for the movant conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in the motion and have been unable to do so. Plaintiff's counsel advised they oppose the motion.

WHEREFORE, the Defendants respectfully request that this Court grant a continuance of trial and extend the pre-trial deadlines in the form of the proposed order attached hereto as Exhibit "B", and for any further relief this Court deems just, equitable, and proper.

Dated: December 8, 2017.

RICHARDS GOLDSTEIN LLP
*Attorneys for Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, Lacayo Trade Group, Inc., and Sophia Lacayao*
55 Miracle Mile, Suite 310
Coral Gables, Florida 33134
Telephone: (305) 448-2228
Facsimile: (305) 448-2229
Primary E-mail: rrichards@rgattorneys.com
Secondary E-mail: jgoldstein@rgattorneys.com

By: s/Richard L. Richards
RICHARD L. RICHARDS
Florida Bar No. 09415
JASON GOLDSTEIN
Florida Bar No.: 91113
JOSHUA SAVAL
Florida Bar No.: 112165

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served upon all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Richard L. Richards
    RICHARD L. RICHARDS

## SERVICE LIST

J.H. ZIDELL, P.A.
*Attorneys for Gloridelfa Barrios*
J.H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
rivkah.jaff@gmail.com
ntobak.zidellpa@gmail.com