UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20186-CIV-JEM

| | |
|---|---|
| GLORIDELFA BARRIOS and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, LACAYO TRADE GROUP INC, SOPHIA LACAYO, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUANCE AND TO REOPEN DISCOVERY [DE67]**

COMES NOW the Plaintiff, by and through the undersigned, pursuant to the Federal

Rules of Civil Procedure, and responds in Opposition to Defendants' Motion for Continuance

and to Reopen Discovery, filed by Defendants as [DE67], and in support thereof state as follows:

1. This matter sounds under both the Fair Labor Standards Act (herein "FLSA" or the

   "Act") and Florida law/Florida Constitution/Florida Minimum Wage Act ("FMWA").[1]

---

[1] Plaintiff has raised a claim under Florida law in her proposed First Amended Complaint. [DE 25]. As per Plaintiff's Notice of Pending Motions [DE49], Plaintiff's Motion for Leave to File and Serve First Amended Complaint [DE25] is pending and ripe for review. In addition to her FLSA claims, Plaintiff has a claim for minimum wage violations under Florida State Law, Florida Statute § 448.110 and Plaintiff's Motion [DE25] seeks to add said claims. Plaintiff's position it that to the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates. *See also, Touzout v. Am. Best Car Rental KF Corp.,* 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017)( "pursuant to 29 U.S.C. Section 218, part of the FLSA, employers must comply with any state law that establishes a minimum wage higher than the

2. Per the Court's Scheduling Order [DE23], entered on April 23, 2017, the deadline to conduct all fact discovery was 10/25/17, to file all Daubert, summary judgment, and other dispositive motions was 10/30/17, and all pretrial motions was 12/11/2017.

3. The Parties, therefore, had approximately six (6) months of discovery based on the Court's Scheduling Order [DE23]. Defendants opted to wait in excess of two (2) months, or approximately 1/3 of the discovery period, before propounding Plaintiff with their discovery requests (which were served on June 21, 2017).

4. On July 20, 2017, Plaintiff timely responded to Defendants discovery requests.

5. After good faith conferral between the Parties regarding discovery disputes, on August 21, 2017, Defendants set a Discovery Hearing to occur before the Honorable Magistrate Judge Goodman on October 27, 2017.[2] [DE38]; *See also,* [DE53].

6. **This is Defendants' second Motion for Continuance and to Re-Open discovery which is evidence of Defendants delay tactics.**

7. On August 21, 2017, Defendants filed a Notice of Discovery Hearing [DE38], wherein Defendants set forth issues related to discovery disputes over Plaintiff's discovery responses.

---

minimum wage under the FLSA. 29 U.S.C § 218(a).")."Furthermore, courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA. *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917, (S.D. Fla. Jul. 11, 2014); *Ortiz v. Santuli Corp.*, No. 08–20218–Civ, 2010 WL 2926517 (S.D. Fla. Jul. 23, 2010); *Roldan v. Pure Air Solutions, Inc.*, No. 07–22203–Civ, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009)." *See also*, 29 C.F.R. § 541.4. In an abundance of caution, Plaintiff herein includes her Florida minimum wage claim from th

[2] The two dates originally provided by Defendants for a Discovery Hearing with the Honorable Magistrate Judge Goodman were September 29, 2017 at 4:30 p.m. and October 13, 2017, both of which fell on dates Plaintiff's firm was unavailable due to the Jewish Holidays. The Jewish fast day of Yom Kippur fell on the eve of September 29, 2017, and the Firm was closing early in observance of same and October 13, 2017, was the Jewish holiday of Simchat Torah.

8.  Knowing full well that they had set a discovery hearing with the Court on issues related to discovery responses and Plaintiff's production [DE38], approximately one month later, on October 25, 2017, Defendants filed their first Motion for Extension of Time to Complete Discovery and Dispositive Motion Deadline [DE46 & 47], just two (2) days prior to the Discovery Hearing. In said Motion, Defendants specifically referenced the upcoming Discovery Hearing and only note that those documents may be relevant for the forthcoming dispositive motion or responses. *Id.* Defendants make absolutely no mention of the fact that they seek to reopen discovery to take Plaintiff's second deposition based on the Court's ruling at the upcoming Discovery Hearing and/or the need to re-depose Plaintiff based on the tax returns/bank statements based on their affirmative defense that Plaintiff was an alleged independent contractor.

9.  Further, Defendants at no time relevant have sought Court intervention or conferred with Plaintiff in order to reschedule Plaintiff's deposition to occur on a date subsequent to the Court's ruling no discovery disputes. Defendants' chose to proceed with Plaintiff's deposition instead of conferring in good-faith with Plaintiff's counsel and/or seeking relief from the Court so that Plaintiff would not need to be subject to two depositions.

10. In an email conferral to Defense Counsel, on August 30, 2017, at 9:00 a.m., Plaintiff's counsel sent an email noting that Plaintiff had a pending Motion for Leave to Amend and put Defendants on notice that as Plaintiff would not agree to a second deposition Defendants should seek all discovery at her deposition in relation to same. As such, Defendants were on notice that absent a Court Order, Plaintiff would not willingly agree to a second deposition.

11. Defendants have failed to show good cause to subject Plaintiff to another round of depositions as the evidence Defendants sought to compel and which were provided by Plaintiff speaks for themselves (i.e. bank statements) and/or Defendants should have sought relief from the Court so as not to prejudice Plaintiff by having to sit for a second deposition. *See, Rodriguez et al. v. Ocean Five Hotel, LLC, et al.,* Case No.: 14-24597-CIV-MORENO [DE28].

12. Moreover, Defendants issued Plaintiff all W-2/1099s for the relevant time period and the individual Defendants assisted Plaintiff in the filing of her tax returns for the relevant years. It is abundantly clear that Defendants knew of Plaintiff's tax filing status and how Plaintiff reported the information contained in her taxes.

13. Defendant's Motion [DE67] fails to comply with Local Rule 7.1(a)(3). Defendants failed to confer **in good faith or otherwise** with Plaintiff's counsel prior to the filing of the subject Motion [DE67] regarding taking a second deposition of Plaintiff pursuant to S.D.L.R. 7.1(a)(3); this should be grounds alone for denial.

14. As further evidence of Defendants bad-faith delay tactics, just a week shy of filing Defendants' Motion for Continuance [DE67], Defense Counsel filed a motion to withdraw wherein Defendants requested an additional thirty (30) day stay to retain new counsel, citing irreconcilable differences. [DE73].

15. The Parties have filed their Joint Pretrial Stipulation and Exhibit/Witness Lists [DE74] and Defendants have failed to show exceptional circumstances to engage in further protracted litigation.

16. Therefore, Plaintiff respectfully request the Court deny Defendants' Motion [DE67] in its entirety. Plaintiff also respectfully request to be awarded fees and costs associated with

responding to Defendants' Motion [DE67] and all related work. *See*, Federal Rule of Civil Procedure 37(a)(5)(B) In the event that the Court grants Defendants' Motion [DE67], over Plaintiff's objections, Plaintiff respectfully request the Court Order that the discovery be limited in scope and time and be mutually re-opened, if at all, so that Plaintiff can have the same opportunity as Defendants to conduct follow up discovery. Further, should the Court grant Defendants' Motion [DE67], over Plaintiff's objections, Plaintiff respectfully requests that the deposition be limited in scope only as to the documents produced and that Defendants' not be entitled to "a second bite of the apple" and that Defendants should be the party to bear the expenses associated with a continued deposition.

## **MEMORANDUM OF LAW**

Local Rule 7.1(a)(3) requires that parties engage in good faith conferral before the filing of any motion in this district, and when filing said motion the moving counsel shall include a certification above the counsel's signature block detailing his conferral or conferral attempts. Failure to comply with Local Rule 7.1(a)(3) "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." As Magistrate Judge Goodman has noted, "[s]trict compliance with Local Rule 7.1(a)(3) is very important." *Marler v. U-Store-It Mini Warehouse Co.*, 2011 WL 1430262 at *2 (S.D. Fla. April 14, 2011). The Rule does list a number of motions excluded from the conferral requirement, but a motion to quash service of process is not an excluded motion under Local

Rule 7.1(a)(3).[3] Defendants failed to confer with Plaintiff, in good-faith or otherwise, regarding taking a second deposition of Plaintiff.

Courts in this district have routinely denied motions for failure to include a certificate of conferral as required by Local Rule 7.1(a)(3). See *Karakis v. Gulfstream Park Racing Ass'n, Inc.*, 2008 WL 4938406 at *1 (S.D. Fla. Nov. 18, 2008) (Judge Zloch denied a motion to consolidate where Defendant failed to include a certificate of conferral); *Lauson v. Atlantic Coast Refining, Inc.*, 2010 WL 6104813 at *1 (S.D. Fla. Oct. 25, 2010) (Judge Altonaga denied a motion for leave to amend the complaint where Plaintiff failed to include a certificate of conferral); *Strube v. Tropiland Developers, Inc.*, 2008 WL 1925279 at *1 (S.D. Fla. April 30, 2008) (Judge Zloch denied a motion to compel where Plaintiff failed to include a certificate of conferral); *S.E.C. v. Merkin*, 2012 WL 2504003 at *1, 3 (S.D. Fla. June 27, 2012) (Magistrate Judge Goodman denied a motion to stay depositions where Plaintiff failed to include a certificate of conferral, in addition to other substantive and procedural considerations); *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F.Supp.2d 1373, 1376 (S.D. Fla. April 25, 2013) (Magistrate Judge Snow noted that Defendant's failure to include a certificate of conferral in its motion for limited reconsideration was itself grounds for denial in addition to the motion's other procedural failings); *Klima v. Carnival Corp.*, 2009 WL 1066969 at *2 (S.D. Fla. April 21, 2009) (Magistrate Judge Simonton denied Defendant's emergency motion for a protective order on the grounds that Defendant failed to include a "certificate of consultation"); *Board of Trustees of Intern. Longshoremen's Ass'n v. Eller Maritime Services, LLC*, 2009 WL 3584264 at *2 (S.D. Fla. Oct. 28, 2009) (Judge Cooke denied Defendant's motion for rehearing, noting that failure to

---

[3] Motions excluded from the conferral requirement are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action." Local Rule 7.1(a)(3).

include a certificate of conferral "standing alone, suppl[ies] adequate grounds to deny the motion."). Defendants failed to confer with Plaintiff, in good-faith or otherwise, regarding taking a second deposition of Plaintiff and should be denied for failure to comply with Local Rule 7.1(a)(3) on this basis alone.

A party seeking discovery bears the burden of showing that the information is relevant and necessary. *Williams v. Art Inst.,* 2006 U.S. Dist. LEXIS 62585, *7, 2006 WL 36946-49 (N.D. Ga. Sept. 1, 2006). The scope of relevant discovery is broad but it is not without limits. *Washington v. Brown & Williamson Tobacco,* 959 F.2d 1566, 1570 (11th Cir. 1992). *See also, Longmire v. Ala. State Univ.,* 141 F.R.D. 414, 418 (M .D.Ala.1992) (noting that discovery requests should be carefully scrutinized when they have the potential for "harassment, embarrassment, and unnecessary invasions into [one's] private life"); *Priest v. Rotary,* 98 F.R.D. 755, 761 (N.D.Cal.1983) ("When a discovery request '[a]pproaches the outer bounds of relevance and the information requested may only marginally enhance the objectives of providing information to the parties or narrowing the issues, the Court must then weigh that request with the hardship to the party from whom the discovery is sought.' ") (quoting *Carlson Cos., Inc. v. Sperry & Hutchinson Co.* 374 F.Supp. 1080, 1088 (D.Minn.1974)); 10 Federal Procedure, Lawyer's Edition § 26:70 (1994 & Supp.2005) ("the district courts should not neglect their power to restrict discovery where justice requires protection for a party ... from annoyance, embarrassment, oppression, or undue burden or expense").[3] *Pendlebury v. Starbucks Coffee Co.,* No. 04-80521-CIV, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005).

Fed. R. Civ. P. 30 states:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the

>deponent or if the deponent, another person, or any other
>circumstance impedes or delays the examination.

Local Rule 26.1.K. adopts the federal rule and hence, both rules require leave of Court before a party may seek to depose a witness for a second time. Moreover, Rule 30(a)(2)(B), Fed.R.Civ.P., provides, "[a] party must obtain leave of court ... if ... the person to be examined already has been deposed in the case...." This rule provides that such leave shall be granted to the extent that it would be consistent with the principles enunciated in Fed. R. Civ. P. 26(b)(2). Defendants cannot demonstrate good cause as to why further deposition should be permitted. *In re Tutu Water Wells Contamination CERCLA Litig.*, 189 F.R.D. 153, 154 (D.V.I. 1999). While the burden rests on the party resisting the discovery to show how the objected-to requests are unreasonable, irrelevant, or otherwise unduly burdensome, Federal Rule of Civil Procedure 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice so requires to protect a party or witness from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* at 1559; *See also* Fed. R. Civ. P. 26(c). Rule 26(b)(1) instructs the court to limit the frequency or extent of discovery if:

>(i) the discovery sought is unreasonably cumulative or is
>obtainable from a more convenient or less burdensome or
>expensive source, (ii) the party seeking the discovery has
>had ample opportunity to obtain the information, or (iii) the
>discovery is unduly burdensome or expensive taking into
>account the circumstances of the particular case.

*Steven Baicker-McKee*, *Federal Civil Rules Handbook*, 411 (1998 ed.). "The burden is upon the movant to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."

*In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection.

*Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See id.* (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements")). Moreover, the alleged harm must be significant, not a mere trifle. *See Cipollone*, 785 F.2d at 1121 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

Plaintiff should not have to go through the annoyance, embarrassment and undue expense of another deposition and, moreover, it is annoying and oppressive as Plaintiff has already missed approximately two days worth of work (one for preparation and one for attendance) and traveled each way, in order to attend her deposition. Requiring Plaintiff to do so again, and lose an additional days work would create an undue burden and expense in addition to being annoying and oppressive. Defendants should not be rewarded for taking a callous approach to Plaintiff's livelihood. Moreover, a second deposition at this late stage will prejudice Plaintiff as discovery is closed. Also, it would be an "undue burden" on Plaintiff to permit such a "fishing expedition." Fed.R.Civ.P. 26(c) (a court "may make any order which justice requires to protect a party or person from ... undue burden").

The Court has a duty to limit discovery that is needlessly duplicative and any further depositions of Plaintiff would be wasteful and needless, especially in light of the fact that the documents produced (i.e. Plaintiff's tax returns) speak for themselves. *See, Rodriguez et al. v. Ocean Five Hotel, LLC, et al.,* Case No.: 14-24597-CIV-MORENO [DE28]. Defendants have failed to show good cause to subject Plaintiff to another round of depositions as the evidence Defendants sought to compel and which were provided by Plaintiff speaks for themselves (i.e. bank statements) and/or Defendants should have sought relief from the Court so as not to

prejudice Plaintiff by having to sit for a second deposition. *See, Rodriguez et al. v. Ocean Five Hotel, LLC, et al.,* Case No.: 14-24597-CIV-MORENO [DE28]. Moreover, Defendants issued Plaintiff all W-2/1099s for the relevant time period and the individual Defendants assisted Plaintiff in the filing of her tax returns for the relevant years. It is abundantly clear that Defendants knew of Plaintiff's tax filing status and how Plaintiff reported the information contained in her taxes.

Should the Court grant Defendants' Motion [DE67], Plaintiff respectfully requests that the deposition be limited in scope only as to the documents produced and that Defendants' not be entitled to "a second bite of the apple" and that Defendants should be the party to bear the expenses associated with a continued deposition.

The Court has discretion to grant enlargements, although the Court takes into consideration whether the request will impact the trial calendar and the reasons.   *See, Sosa v. Airport Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.,* No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08). Defendants have failed to demonstrate good cause to justify an extension under FRCP 6 and *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360 (5th Cir. 1995).

"…[I]n this district a court may grant a continuance of a trial 'only on exceptional circumstances.'" *Gastaldi v. Sunvest Resort Communities, LC,* 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010); *See also, Tzoc v. M.A.X. Trailer Sales & Rental, Inc. d/b/a MAX Thermos Sales Maximo Rodriguez, et al.,* Case No.: 13-23859-CIV-MORENO [DE30] (Defendants' Motion for Summary Judgment was denied as untimely and the Court does not normally deviate from its Scheduling Order without good cause.); *See also,* Local Rule 7.1(a)(1)(j) (requires that a motion for extension of time be supported by good cause). A failure to

complete discovery by court ordered deadlines resulting from a party's own relaxed approach to litigation does not present good cause for an extension. *Myhre v. TLFO, LLC*, 2015); *Chudasama v. Mazda Motor Corp*., 123 F. 3d 1353, 1367 (11th Cir. 1997) [holding that discovery is not a device to enable a plaintiff to make a case where his complaint has failed and should therefore only follow a well pled complaint].

Defendants have failed to make a showing of "exceptional circumstances" as to why discovery should be extended thereby more likely than not resulting in a continuance of the Jury Trial. At no time throughout the course of discovery did Defendants attempt to confer on setting Plaintiff's second deposition. Defendants failure to conduct discovery with reasonable diligence as it relates to setting the depositions of Plaintiff and any argument by them to the contrary is refuted by the record and is without merit; the Court should not consider Defendants' bare assertions to the contrary. *See, Franklin v. Caterpillar, Inc.,* Case No. 1:13-cv-0888-KOB, 2015 U.S. Dist. LEXIS 15768, * 31 (N.D. Ala. Feb. 10, 2015) ("[T]the Plaintiff's own delay and failure to diligently seek discovery led to her lack of ammunition to rebut Caterpillar's motion [for summary judgment]. Discovery disputes are often, in the end, questions about fairness and it would be unfair to Caterpillar to reopen discovery at this late hour.").

Even assuming, *arguendo,* the second deposition of Plaintiff sought does in fact impact the dispositive motions a "nonmoving party's delay in complaining about deficient discovery is grounds for a court to deny a Rule 56(d) request." *Franklin,* Case No. 1:13-cv-0888-KOB, 2015 U.S. Dist. LEXIS 15768 at * 29. "Fairness, equity, and whether a party had a reasonable opportunity to discover information are also considerations in deciding a Rule 56(d) motion." *Id.; See also, Cordero v. Readiness Mgmt. Support, L.C.,* 2012 U.S. Dist. LEXIS 123036,

2012 WL 3744513, at *3 (M.D. Fla. Aug. 29, 2012) (Rule 56(d) motion denied "where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery")). Defendants knew of the discovery disputes as early as August 2017 and chose not to bring it to the Court's attention until now.

As such, Defendants have failed to demonstrate good cause to justify an extension under FRCP 6 and *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360 (5th Cir. 1995) and their Motions [DE67] should be denied in their entirety.

Plaintiff was able to serve her discovery and take Defendants' depositions within the required time frame. In fact, there was sufficient time for Defendants to propound written discovery and take Plaintiffs' depositions early on in the case, yet Defendants elected not to do so. Defendants' Motion [DE67] seeks additional time to conduct discovery as a result of Plaintiff's alleged discovery violations, which were all addressed by the Court at the Hearing held in this matter and in the Court's Post-Discovery Hearing Administrative Order regarding same [DE56 and DE66]. Said discovery hearing occurred post discovery deadline, as such, Defendants had the opportunity at that time to request the Court to provide an opportunity to re-depose the Plaintiff, until now, no request was made. Defendants admittedly were aware that Plaintiff's reasonably objected to the requested documents and that the documents had not been provided, Defendants decided to go forth with Plaintiff's deposition despite the lack of documents and despite Plaintiff's notice that Plaintiff would not be re-produced for a second deposition, and the discovery deadline had past; yet Defense Counsel did not request to extend discovery period or re-depose plaintiff until four (4) weeks before trial. Defendants did not make any such request at the appropriate opportunities and are now using their mistake as an

excuse to delay trial, a tactic that would prejudice the Plaintiff.  This delay tactic becomes apparent as Defense counsel now moves this Court to withdraw, due to their irreconcilable difference with Defendant.

Defendants claim they are prejudiced by deposing the Plaintiff with out Plaintiff's tax and bank records. However, Defendants fail to mention that during said deposition they questioned plaintiff about the filing of her taxes, about the employee status she filed under, and any other jobs Plaintiff may have had during the relevant time period. Additionally, Plaintiff produced, prior to her deposition, all W2's and/or 1099s for any other job she may have had, during the relevant time period. Defendants had the opportunity to question Plaintiff as to whether she was economically dependent on Defendants and her tax returns that Defendants assisted her in filing.[4]

Under Rule 6(b)(1)(B), the court may, for good cause, extend the time period for filing a motion after the deadline has expired as long as the party failed to act because of excusable neglect. To determine if there was excusable neglect, the court considers the following factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). *See Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir.1996) (holding that the nonmovant was not prejudiced by the movant's six-day delay). In the

---

[4] Defendants also allege that Plaintiff has not produced WhatsApp messages from her phone. However, by and through her counsel, Plaintiff made her WhatsApp messages available for inspection at the undersigned's office at a mutually agreeable date and time. To date, Defendants have not requested a date to inspect same. Further, Defendants have failed to produce emails and messages from their server and have failed to make same available.

case at bar, Plaintiff will be prejudiced in that Plaintiff has adequately complied with all Court deadlines including but not limited to the deadline for Motions for Summary Judgement and Motions in *Limine*. This court has noted that any "motion for continuance… shall not stay any other deadlines". Defendants have not complied with same, and any continuance and or reopening of discovery would award Defendants for their lack of compliance, gain an unfair and inappropriate advantage, and prejudice Plaintiff. Defendants are requesting an approximately 120-day extension to all pre-trial motion deadlines. This extension is entirely disproportionate to the needs set forth in Defendants motion [DE67].[5] Further, Defendants were already granted a limited extension of the discovery deadline at which time they could have, and should have addressed any outstanding discovery issues. Defendants discovery issues are of their own making and, had Defendants diligently pursued discovery throughout the entire discovery period, they would not find themselves in the instant posture.

This court has specifically noted that a continuance for the trial date will be granted only on a showing of compelling circumstances [DE23]. The Defendants, in the case at bar, have not showed a compelling circumstance for a continuance of the trial date. Further, Defendants actions were not excusable neglect for which any continuance or reopening of discovery should be granted. Thus, Defendants have not shown good cause to allow for the extension of the discovery cutoff date. Further, Defendants' last minute Motion to Extend Discovery [DE67] fails to state any reasonable justification for extending said deadlines.

WHEREFORE PLAINTIFF RESPECTFULLY REQUEST THE COURT DENY DEFENDANTS' MOTION [DE67] IN ITS ENTIRETY. PLAINTIFF ALSO RESPECTFULLY REQUEST TO BE AWARDED FEES AND COSTS ASSOCIATED WITH RESPONDING TO

---

[5] In addition to the approximate 120 day extension of all deadlines including trial, Defendants have requested a 30 day stay of the case at bar for Defendants to find new counsel.

DEFENDANTS' MOTION [DE67] AND ALL RELATED WORK. *SEE,* FEDERAL RULE OF CIVIL PROCEDURE 37(A)(5)(B) IN THE EVENT THAT THE COURT GRANTS DEFENDANTS' MOTION [DE67], OVER PLAINTIFF'S OBJECTIONS, PLAINTIFF RESPECTFULLY REQUEST THE COURT ORDER THAT THE DISCOVERY BE LIMITED IN SCOPE AND TIME AND BE MUTUALLY RE-OPENED, IF AT ALL, SO THAT PLAINTIFF CAN HAVE THE SAME OPPORTUNITY AS DEFENDANTS TO CONDUCT FOLLOW UP DISCOVERY.  FURTHER, SHOULD THE COURT GRANT DEFENDANTS' MOTION [DE67], OVER PLAINTIFF'S OBJECTIONS, PLAINTIFF RESPECTFULLY REQUESTS THAT THE DEPOSITION BE LIMITED IN SCOPE ONLY AS TO THE DOCUMENTS PRODUCED AND THAT DEFENDANTS' NOT BE ENTITLED TO "A SECOND BITE OF THE APPLE" AND THAT DEFENDANTS SHOULD BE THE PARTY TO BEAR THE EXPENSES ASSOCIATED WITH A CONTINUED DEPOSITION.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR
PLAINTIFF 300-71ST
STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak,Esq
Neil Tobak, Esquire
Florida Bar No.: 93940

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CMECF ON 12/20/17 TO:**

**Joshua A. Saval**
**Richards and**
**Associates 232**
**Andalusia**
**Avenue**
**Suite 202**
**Coral Gables,**
**FL 33134 (305)**
**448-2228**
**Email:**
jsaval@rgattorneys.com

**BY:  /s/____Neil Tobak_____**
**NEIL TOBAK, ESQ.**