UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20186-CIV-JEM

GLORIDELFA BARRIOS and all others                  )
similarly situated under 29 U.S.C. 216(b),         )
                                                   )
                    Plaintiffs,                    )
        vs.                                        )
                                                   )
SOLASI ACCOUNTING & TAX ADVICE &                   )
DESIGN OF THE WORDS IN DARK BLUE                   )
AT LEFT SIDE HAS A CIRCLE COLORED                  )
BLUE, PURPLE AND GREEN LIGHT a/k/a                 )
SOLASI,                                            )
LACAYO TRADE GROUP INC,                            )
SOPHIA LACAYO,                                     )
                                                   )
                    Defendants.                    )
_____                )

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO WITHDRAW**

COMES NOW the Plaintiff, by and through the undersigned, pursuant to the Federal

Rules of Civil Procedure, and Responds to Defense Counsel's Motion to Withdraw as Counsel

for Defendants, filed as [DE73], and as grounds thereof states as follows:

1. On November 11, 2014, Defense counsel Richard L. Richards, Esq., and Joshua A.

   Saval Esq., moved this Court to withdraw as Defense counsel and sought a stay of all

   deadlines by 30 days. [DE 73].

2. In light of the Court's Order [DE76], cancelling Calendar Call, the jury Trial date,

   and any remaining pretrial deadlines, Plaintiff does not necessarily oppose a

   withdrawal of counsel. However, so as to minimize any prejudice to Plaintiff's

   claims, Plaintiff respectfully requests that Defendants have fourteen (14) days to seek

   alternative counsel so the Parties may bring this action to resolution.

3.  The Corporate Defendants will require counsel to proceed in this matter. While the individual Defendant may proceed *pro se* herself, it is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel. *Palazzo v. Gulf Oil Corp*., 764 F.2d 1381, 1385 (11th Cir. 1985)."This general rule applies even where a high-ranking officer, such as a president or a majority stockholder, is available to represent the corporation." *Morgan Stanley Mortgage Capital Holdings LLC v. Amerimortgage Bankers, LLC*, 07-22378-CIV, 2008 WL 2396192 (S.D. Fla. June 6, 2008).

4.  In the case of *Diaz v. Global Development Consultant Inc. et al.*, Case Number: 1:13-cv-20729, the Honorable District Judge Lenard issued the following paperless Order denying Defendants' Motion to Withdraw [DE87].

> ORDER DENYING WITHOUT PREJUDICE Movants John H. Patterson, Jr. and Patterson & Sweeny, PL's 83 Renewed Motion for Leave to Withdraw as Defendants' Counsel. As corporate entities, Defendants Global Development Consultant Inc. and The New Langford, LLC are prohibited from proceeding without counsel. *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985). Because a corporation cannot appear pro se, but can only act through agents, id., it is ORDERED AND ADJUDGED that Movants' 83 Renewed Motion to Withdraw is DENIED WITHOUT PREJUDICE. The Court is aware that "Defendants have failed or refused to communicate with [Movants], or to contribute to their defense." (D.E. 83 at 3). Notwithstanding these difficulties, Defendants' "failure to abide by obligations to its own counsel should not be permitted to prejudice the Plaintiff or slow the progress of the case. Counsel must continue the representation as best he can, and any adverse consequences resulting from his client's failure to cooperate with existing counsel or to obtain substitute counsel would be attributable to the client, not to counsel." *Highway 46 Holdings, LLC v. Quantified Mktg. Grp, LLC,* No. 6:08-cv-674-Orl-28DAB, 2008 WL 4820070, at \*2 (M.D. Fla. Nov. 3, 2008). Therefore, it is ORDERED AND ADJUDGED that Defendants Global Development Consultant Inc. and The New Langford, LLC shall have until and including January 19, 2015, to file a motion to substitute counsel or SHOW

CAUSE why default should not be entered against them. This entry constitutes the ENDORSED ORDER in its entirety. Signed by Judge Joan A. Lenard on 1/5/2015. (jn) (Entered: 01/05/2015).

5. As such, the Corporate Defendants require attorney representation and an Order requiring they seek alternative counsel in fourteen (14) days from the date of the Order would be a reasonable method to allow the case to proceed.

6. This Court has specifically noted that a continuance for the trial date will be granted only on a showing of compelling circumstances [DE23]. The Defendants, in the case at bar, have not showed a compelling circumstance for a continuance of the trial date.

7. Plaintiff does not want to continue to prolong this litigation and a further continuance of this trial will only prejudice Plaintiff who has waited long enough for her day in Court in order to collect her unpaid and overtime wages. As such, should the Court be inclined to grant Defense counsel's Motion [DE73] it should do so with the caveat that the Court is not re-opening discovery and Defendants' counsel withdrawal only takes places subsequent to Defendants turning over the outstanding emails and messages from their server which were responsive to discovery requests and their Rule 26 Disclosure requirements.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THIS COURT TO REINSTATE ALL DEADLINES AT THE EARLIEST REASONABLE DATE AND NOT RE-OPEN DISCOVERY. PLAINTIFF RESPECTFULLY REQUESTS THAT DEFENDANTS' COUNSEL WITHDRAWAL ONLY TAKES PLACE SUBSEQUENT TO DEFENDANTS TURNING OVER THE OUTSTANDING EMAILS AND MESSAGES FROM THEIR SERVER WHICH WERE RESPONSIVE TO DISCOVERY REQUESTS AND THEIR RULE 26 DISCLOSURE REQUIREMENTS. PLAINTIFF'S COUNSEL WOULD FURTHER

REQUEST THAT THE CORPORATE DEFENDANT BE REQUIRED TO OBTAIN NEW

COUNSEL AND FOR THE INDIVIDUAL DEFENDANT TO OBTAIN NEW COUNSEL OR

FILE A NOTICE OF INTENT TO APPEAR *PRO SE* WITHIN FOURTEEN (14) DAYS OF

THE COURT'S ORDER OR SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED

AGAINST THEM.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
    Neil Tobak, Esquire
    Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS PROVIDED VIA CM/ECF ON 12/22/17 TO:**

**Joshua A. Saval, Esq.**
**Richards Goldstein LLP**
**55 Miracle Mile, Suite 310**
**Coral Gables, FL 33134**
**(305) 448-2228**
**Email: jsaval@rgattorneys.com**

**Richard L. Richards, Esq.**
**Richards Goldstein LLP**
**55 Miracle Mile, Suite 310**
**Coral Gables, FL 33134**
**305-448-2228**
**Fax: 305-448-2229**
**Email: rrichards@rgattorneys.com**

**BY:__/s/___Neil Tobak_____**
**NEIL TOBAK, ESQ.**