IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,                                               Case No.: 17-CV-20186-JEM

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

    Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR CONTINUANCE AND TO REOPEN DISCOVERY**

The Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, LACAYO TRADE GROUP, INC., and SOPHIA LACAYO (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, hereby file their reply to the Plaintiff's opposition to Defendants' Motion for Continuance [D.E. 67], and state in support thereof:

**MEMORANDUM OF LAW**

On December 21, 2017, this Court cancelled calendar call, trial, and other pending pre-trial deadlines. [D.E. 76]. The only remaining issues in Defendants' motion is extending the deadline for dispositive and pre-trial motions, which had not expired when the Defendants filed their motion but passed on December 11, 2017 prior to the Court's order, and whether to reopen discovery for

1

the limited purpose of permitting the Defendants to redepose the Plaintiff regarding her tax and bank records. Plaintiff devotes almost the entirety of her response solely to whether the Court should reopen discovery and whether the Defendants may redepose the Plaintiff. Plaintiff does not address whether the dispositive motion or pre-trial motion deadline should be extended and therefore concedes this point. *Melendez v. Town of Bay Harbor Islands*, 2014 WL 6682535, at *7 (S.D. Fla. November 25, 2014) (holding that when a plaintiff files an opposition to a motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded); *see also Nat'l Union Fire Ins. Co. of Puttsburgh v. Tyco Integrated Sec., LLC*, 2015 WL 11251736, at *3 n.1 (S.D. Fla. July 29, 2015) (citing to case law holding that failing to address an argument concedes that point). The Court should therefore extend the dispositive and pre-trial motions deadline because the Defendants have established good cause based on the Plaintiff's outstanding discovery and pending orders on the parties' respective substantive motions. [D.E. 11, 25].

Plaintiff's first argument against reopening discovery is the Defendants failed to confer with Plaintiff as required by Local Rule 7.1(a)(3).[1] Plaintiff cites multiple cases denying a motion that did not include a certificate of conferral. However, Defendants' motion does include a certificate of conferral noting the Plaintiff objects to the motion. [D.E. 67]. Plaintiff spills much ink arguing Defendants failed to confer regarding seeking to redepose the Plaintiff, which fails for two reasons. First, Plaintiff admits in its response that it stated that it would not agree to the Defendants redeposing the Plaintiff absent a court order. [D.E. 75 at ¶ 10]. Second, after obtaining some of the Plaintiff's tax and bank records, Defendants' counsel conferred with Plaintiff's counsel on December 7, 2017 regarding Plaintiff's opposition to Defendants seeking to continue

---

[1] Plaintiff notes that a motion to quash service of process requires conferral, but Defendants have not filed a motion to quash service of process. [D.E. 75 at page 5].

trial and redeposing the Plaintiff on her delayed tax and bank record production. Plaintiff's technical argument relating to proper conferral is thus without merit.

Plaintiff's second argument can be broken down into three parts: 1) a second deposition is annoying and oppressive because Plaintiff will miss a day of work; 2) a second deposition is prejudicial because discovery is closed; and 3) a second deposition is an undue burden because it is a fishing expedition. Plaintiff correctly states the law that it is her burden to resist the discovery and show good cause how it is unreasonable. [D.E. 75 at page 8]. However, Plaintiff's arguments relating to the second deposition fail to meet her burden. Plaintiff is the individual who commenced this lawsuit and knew at the time she would have to participate in the litigation. She also has known since June 2017 that the Defendants sought her bank and tax records, but she objected to producing those records prior to her deposition and forced the Defendants to seek a court order compelling those records. Importantly, this alleged harm is a mere trifle and not significant. *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Plaintiff's second argument is without merit considering Defendants are seeking to reopen discovery to perform the deposition.

For her argument that the second deposition is an undue burden, Plaintiff fails to note that the Defendants are seeking to redepose the Plaintiff limited to her bank and tax records—not have "a second bite of the apple." Her argument that the deposition should be limited to the bank and tax records to avoid a fishing expedition is already included in the Defendants' motion.[2] Plaintiff also argues her tax and bank records speak for themselves without any support for this or setting forth how they speak for themselves. Her tax and bank records do not speak for themselves and the Defendants are entitled to question her about them to determine her employment status. *Bonet*

---

[2] Plaintiff also provides no support for her request that Defendants pay for the expenses of the second deposition. This Court should deny the Plaintiff's request considering the Plaintiff is the one who caused the need for the second deposition by refusing to produce discovery.

3

*v. Now Courier, Inc.*, 203 F. Supp. 3d 1195, 1208-10 (S.D. Fla. 2016) (finding tax and bank records showed plaintiff was an independent contractor and not an employee).

Plaintiff next argues that the Defendants are not entitled to reopen discovery because they failed to conduct discovery with reasonable diligence. Plaintiff's attempts to characterize Defendants at having failed to diligently complete discovery fail because the record reflects that Defendants sought to obtain discovery and Plaintiff improperly delayed in providing this discovery prior to Plaintiff's deposition. Despite a Court order requiring Plaintiff to produce her bank and tax records by November 10, 2017, Plaintiff did not serve Defendants with all her relevant tax records until December 7, 2017 and as of the date of filing this reply still has not provided the Defendants with all her bank records. [D.E. 56]. Upon viewing her tax and partial bank records for the first time, Defendants determined these are relevant documents that Defendants need to question Plaintiff about because they do not speak for themselves. Accordingly, Defendants have shown good cause and excusable neglect for reopening discovery to permit deposing Plaintiff on these relevant records she failed to produce.[3]

Plaintiff also argues the Defendants never sought relief from the Court regarding obtaining this discovery in order to prevent a second deposition of Plaintiff. This is a misrepresentation because the Defendants first sought to confer in good faith to obtain the discovery prior to the Plaintiff's deposition and then sought judicial intervention to order the Plaintiff to produce this discovery. Defendants did not voluntarily decide to take the Plaintiff's deposition without the relevant documents as Plaintiff appears to imagine, but was forced to do so. Should Defendants have waited to depose the Plaintiff until they had received the tax and bank records, they would still be waiting because the Plaintiff has yet to produce all records in violation of this Court's

---

[3] Plaintiff also cites case law in her argument relating to a motion under Federal Rule of Civil Procedure 56(d), which is not applicable here.

discovery order. [D.E. 56]. Plaintiff's argument that Defendants had the opportunity to ask about Plaintiff's economic dependence without her tax and bank records is without merit. The Defendants seeking to reopen discovery to redepose Plaintiff regarding her tax and bank records is entirely caused by Plaintiff's refusal to produce these records.[4]

Plaintiff's requests for sanctions under Federal Rule 37 is improper because Defendants have not filed a motion to compel discovery. The Defendants' motion seeks to reopen discovery for the purpose of deposing the Plaintiff on her tax and bank records. Plaintiff has cited no support that Rule 37 applies to a motion to reopen discovery. In her wherefore clause, Plaintiff also asks this Court to reopen discovery for Plaintiff. However, Plaintiff has not set forth any discovery she seeks nor any good cause or excusable neglect for her failing to obtain all discovery prior to the discovery deadline. This Court should therefore deny Plaintiff's to request reopen discovery beyond granting Defendants a second deposition limited to Plaintiff's tax and bank records that she failed to produce prior to the discovery deadline.[5]

WHEREFORE, the Defendants respectfully request that this Court extend the dispositive motion and pre-trial motions deadlines, reopen discovery for the purpose of taking a limited deposition of the Plaintiff, and for any further relief this Court deems just, equitable, and proper.

Dated: December 22, 2017.

RICHARDS GOLDSTEIN LLP

---

[4] Plaintiff also misrepresents that she will be prejudiced because she timely filed a motion for summary judgment and motion in limine. The deadline for these motions was December 11, 2017. Plaintiff filed her motions on December 12, 2017 and December 13, 2017, respectively. Plaintiff will not suffer any prejudice because this Court has cancelled trial. [D.E. 76].

[5] On December 18, 2017, Plaintiff's counsel informed the Defendants that Plaintiff has found an "agenda" not previously disclosed. Defendants have asked for a copy of the agenda and whether Plaintiff intends to use this agenda at trial. Plaintiff did not disclose if she intends to use the agenda at trial and said she would be providing the agenda shortly. To date, Plaintiff has not provide this agenda to the Defendants. Defendants also seek to redepose Plaintiff on this document once Plaintiff produces it.

*Attorneys for Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, Lacayo Trade Group, Inc., and Sophia Lacayao*
55 Miracle Mile, Suite 310
Coral Gables, Florida 33134
Telephone:  (305) 448-2228
Facsimile:   (305) 448-2229
Primary E-mail:  rrichards@rgattorneys.com
Secondary E-mail: jgoldstein@rgattorneys.com

By: s/Richard L. Richards
RICHARD L. RICHARDS
Florida Bar No. 09415
JASON GOLDSTEIN
Florida Bar No.: 91113
JOSHUA SAVAL
Florida Bar No.: 112165

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served upon all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Richard L. Richards
    RICHARD L. RICHARDS

**SERVICE LIST**

J.H. ZIDELL, P.A.
*Attorneys for Gloridelfa Barrios*
J.H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com