UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20186-CIV-JEM

GLORIDELFA BARRIOS and all others )
similarly situated under 29 U.S.C. 216(b), )
                                   )
             Plaintiffs, )
         vs. )
                                     )
SOLASI ACCOUNTING & TAX ADVICE & )
DESIGN OF THE WORDS IN DARK BLUE )
AT LEFT SIDE HAS A CIRCLE COLORED )
BLUE, PURPLE AND GREEN LIGHT a/k/a )
SOLASI, LACAYO TRADE GROUP INC, )
SOPHIA LACAYO, )
                                     )
           Defendants. )
_____ )

**PLAINTIFF'S MOTION FOR SANCTIONS UNDER 28 U.S.C. SECTION 1927[1]**

    COMES NOW the Plaintiff, through the undersigned, and moves the Court to impose

sanctions against Defendants and Defendants' counsel, jointly and severally, as follows under 28

U.S.C. Section 1927:

1.  On May 17, 2017, Plaintiff served her Notice of Inspection of Defendants' Premises,

     pursuant to Fed. R. Civ. P. 34, via email to prior Defense Counsel to occur on June 23,

     2017. While Defendants responded via email that they opposed same they never filed

     anything on the record to reflect their opposition and/or moved for Court intervention. As

     such, Plaintiff with her counsel appeared as properly noticed at Defendants' premises.

2.  Plaintiff, thereafter, set her Motion to Compel the inspection of premises, along with her

     request for an award of fees and costs and all related work in relation to Defendants

---

[1] Plaintiff respectfully requests the Court take Judicial Notice that Defendants, jointly and
severally, are in a default posture as there was a Clerk Entry of Default as to all Defendants.
[DE94]. Defendants' Answer and Affirmative Defenses [DE93] was filed mere minutes prior to
the entry of same.

failure to appear as properly noticed and for the inspection not proceeding. *See,* [DE28]; [DE31].

3. Prior to the Hearing, the Parties filed a **<u>Joint</u>** Notice of Hearing Before the Honorable Magistrate Judge Goodman wherein the Parties stated that "…**Defendants' are stipulating to** the $500,000 monetary threshold requirement and **interstate commerce for the years 2014 through to and including 2017 and, as such, no discovery needs to be conducted in relation to same based on this stipulation**." [emphasis added]. [DE35, ¶5]. As per the Joint Notice, based on Defendants' stipulation, Plaintiff did not conduct any discovery related to either the monetary threshold requirement and/or interstate commerce for FLSA enterprise coverage/subject-matter jurisdiction.

4. Prior to the filing of the Joint Notice [DE35], Plaintiff also received written confirmation via email from prior Defense counsel regarding the stipulation, which was filed as an exhibit on CM/ECF along with Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment. *See,* [DE70-2].

5. Despite Defendants' clear stipulation on the record regarding FLSA enterprise coverage/subject-matter jurisdiction, Defendants and their counsel drafted and filed their Motion to Dismiss Plaintiff's First Amended Complaint [DE93] alleging that the Complaint should be dismissed for lack of subject matter jurisdiction attacking the sufficiency of the factual allegations pertaining to interstate commerce.

6. Immediately after Defendants' Motion [DE93] was filed, 4/3/18, the undersigned email Defense counsel advising him that said Motion was filed in bad-faith and frivolous in content. The undersigned then followed up with a phone call to Defense counsel and left a voice message for same. That very same day, in response to Defense counsel's inquiry

as to said stipulation, the undersigned provided copies of emails by and between prior

counsel and Plaintiff's counsel reflecting the stipulation and also advised that the record

was clear regarding same. The following day, 4/4/18, the undersigned followed up with

another email and another phone call to Defense counsel, both of which went unanswered

and Defendants' Motion [DE93] was not withdrawn.

7. Defendants and their counsel in bad faith filed a vexatious Motion to Dismiss [DE93]

   attacking the sufficiency of Plaintiff's First Amended Complaint on legal and factual

   issues Defendants have stipulated to and which caused Plaintiff to stop discovery related

   to same and, thus, unnecessarily multiplied the proceedings, caused unnecessary legal

   work to be expended by Plaintiff's counsel and the Court, and recklessly attacks a

   pleading on an issue that has been stipulated to by email and on the record.

8. A frivolous responsive pleading [DE93] is sanctionable. Therefore, for the reasons set

   forth *supra,* Defendants and Defendants' counsel should be sanctioned respectively under

   28 U.S.C. Section 1927.

## MEMORANDUM OF LAW

Defendants' Motion to Dismiss [DE93] due to the frivolous content of the pleading is

vexatious and in bad faith under Section1927.  *Peterson v. BMI Refractories*, 124 F.3d 1386,

1396 (11th Cir. 1997)(conduct is vexatious and unreasonable when it "results in proceedings that

would not have been conducted otherwise[]"). Plaintiff therefore seeks sanctions for all fees and

costs accordingly against both Defendants and Defendants' counsel in relation to their frivolous

and bad faith pleading.

For purposes of brevity, as abovementioned the Parties ***jointly*** filed a Notice with the

Court stating that "…Defendants' are stipulating to the $500,000 monetary threshold

requirement and interstate commerce for the years 2014 through to and including 2017 and, as such, no discovery needs to be conducted in relation to same based on this stipulation." [emphasis added]. [DE35, ¶5]. The stipulation was a result of conferral and is documented by way of emails by and between Plaintiff and prior counsel, which was also filed on the record as an exhibit attached to Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment [DE70-2]. A diligent review of the record/CM/ECF would have turned up this and thereby obviated the need for Defendants to file their Motion to Dismiss attacking the sufficiency of Plaintiff's allegations related to interstate commerce. A frivolous pleading is sanctionable.

As noted by the Eleventh Circuit in *Amlong*, the requirement of imposing sanctions pursuant to 28 U.S.C. §1927 requires a higher standard.   See *SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312 (S.D. Fla. Nov. 24, 2009) citing *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001) (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). However, as cited in *SEC*, "[b]ecause the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'" *Byrne*, 261 F.3d at 1106 (*citing Chambers,* 501 U.S. at 50)." Id at. *13.

> However, because of their potent nature, "inherent powers must be exercised with restraint and discretion." Id., 501 U.S. at 42-43, 111 S. Ct. at 2131-32, 115 L. Ed. 2d at 45 (citing  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488, 499-500 (1980)). A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id. For example, circumstances which may dictate the exercise of inherent power to assess attorney's fees against counsel, include those where a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." Id. (citations omitted).*Glatter v. Mroz* (In re Mroz), 65 F.3d 1567, 1575 (11th Cir. Fla. 1995).

> Invocation of a court's inherent power requires a finding of bad faith. *Chambers*, 501 U.S. at 49, 111 S. Ct. at 2135, 115 L. Ed. 2d at 48. The court must afford the sanctioned party due process, both in determining that the requisite bad faith exists and in assessing fees. *Id*. Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why. *Donaldson v. Clark*, 819 F.2d 1551, 1559-60 (11th Cir.1987) (discussing Rule 11 sanctions). Notice can come from the party seeking sanctions, from the court, or from both. *Id*. at 1560. In addition, the accused must be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions.

*Glatter v. Mroz* (In re Mroz), 65 F.3d 1567, 1576 (11th Cir. Fla. 1995). See also *DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. Ala. 1993) (sanctions under rule 37 should not be imposed lightly or without fair notice and an opportunity for a hearing on the record).

> The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) re *Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)). "Because the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'" *Byrne*, 261 F.3d at 1106 (citing *Chambers*, 501 U.S. at 50).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). A frivolous pleading is also sanctionable.  In this case, Defendants' responsive pleading violates Section 1927 as they have in bad faith vexatiously multiplied the proceedings. *See, Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)(conduct is vexatious and unreasonable when it "results in proceedings that would not have been conducted otherwise[]"). In the instant matter, Defendants' pleading [DE93] is frivolous for the reasons set forth herein and Defendants and Defendants' counsel should be sanctioned respectively under 28 U.S.C. Section 1927.

WHEREFORE, PLAINTIFF RESPECTFULLY MOVES THIS COURT TO IMPOSE SANCTIONS UNDER 28 U.S.C. SECTION 1927 AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL, JOINTLY AND SEVERALLY, AND ALLOW PLAINTIFF (20) DAYS FROM THE COURT'S ORDER TO FILE A MOTION DOCUMENTING THE AMOUNT OF FEES AND COSTS SOUGHT RELEVANT TO DEFENDANTS' SANCTIONABLE PLEADING.

<u>**CERTIFICATE OF CONFERRAL**</u>

Defendants did not respond to Plaintiff's counsel's conferral attempts made by phone and email on different dates and times.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR DEFENDANTS
300-71ST STREET
SUITE 605
MIAMI BEACH, FL 33141
305-865-6766
305-865-7167

_ s/ Rivkah Jaff __
Rivkah Jaff, Esquire
Florida Bar No.: 107511

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 4/4/18 TO:**

**JOSE M. SANCHEZ, ESQ.**
**JMS LAW, P.A.**
**8355 W. FLAGLER STREET, SUITE 322**
**MIAMI, FLORIDA 33144**
**PH: (786) 351-1935**
**FAX: (786) 999-8813**
**EMAIL: JMS_LAW@YAHOO.COM**

**BY:__/s/____Rivkah F. Jaff_____**

**RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20186-CIV-JEM

| | |
|---|---|
| GLORIDELFA BARRIOS and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, LACAYO TRADE GROUP INC, SOPHIA LACAYO, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS UNDER 28 U.S.C. SECTION 1927

This cause, having come before the Court on Plaintiff's above-described motion, and the Court being duly advised in the premises, it is ORDERED and ADJUDGED that said motion is granted and therefore:

Sanctions are hereby entered against Defendants and Defendants' counsel, jointly and severally.  Plaintiff shall have (20) days from this Order to file a Motion quantifying all fees and costs sought/incurred. The Court reserved jurisdiction to enforce same.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2018.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record