UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 17-20186-CIV-MARTINEZ-GOODMAN

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. § 216(b),

     Plaintiff,

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP INC.,
and SOPHIA LACAYO,

     Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss First Amended Complaint (hereinafter, "Motion to Dismiss") [ECF No. 93]. The Court has carefully considered the Defendants' Motion to Dismiss and Plaintiff's Response in Opposition thereto (hereinafter, "Response") [ECF No. 96], and is otherwise fully advised in the premises. To date, no reply has been submitted.

### I.      Background

On March 14, 2018, Gloridelfa Barrios ("Plaintiff") filed her First Amended Complaint against Defendants (hereinafter, "Amended Complaint") [ECF No. 90]. In her Amended Complaint, Plaintiff alleges Defendants failed to pay overtime wages (Count I) and minimum wages (Count II) as required by the Fair Labor Standard Act (hereinafter, "FLSA"). Additionally, Plaintiff also alleges violations of Florida's minimum wage law (Count III). The

Defendants' response to Plaintiff's Amended Complaint was due on or before March 28, 2018. On April 3, 2018, Defendants filed their Motion to Dismiss [ECF No. 93].[1] In Defendants' Motion to Dismiss, Defendants argue that Plaintiff's cause of action should be dismissed for lack of subject-matter jurisdiction and  failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and (6) under the Federal Rules of Civil Procedure. Notably, in Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff cited to an email exhibit in which Defendants' prior counsel stipulated to "interstate commerce for this action" [ECF No. 96] (citing to ECF No. 70-2, an email correspondence with Defendants' prior counsel).

## II.    Rule 12(b)(1)

In the event Defendants have properly challenged subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56." *See Turcios v. Delicias Hispanas Corp.*, 275 Fed. Appx. 879 (11th Cir. 2008). However, the Eleventh Circuit has also "cautioned" that "the district court should only rely on Rule 12(b)(1) ''if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.'" See id.* at 880 (emphasis in original). Notwithstanding the stipulation by Defendants, this Court will review the merits of Defendants' Motion to Dismiss pursuant to Rule 12(b)(1).

This Court must first determine whether individual and enterprise coverage under FLSA are jurisdictional prerequisites that Plaintiff must specifically allege, or, whether these are more appropriately considered as an element of Plaintiff's claim for relief. The Supreme Court and

---

[1] This Court notes that Defendants filed their response to Plaintiff's Amended Complaint after the applicable deadline and the clerk's entry of default against Defendants. In fact, on April 2, 2018, Plaintiff filed a Motion for Clerks Entry of Default as to Defendants [ECF No. 92]. On April 3, 2018, the clerk entered a default against the Defendants in the case [ECF No. 94]. Despite the untimely filing and lack of a motion by Defendants to vacate said default, this Court will *sua sponte* vacate the clerk's entry of default in light of the Defendants' response. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369  (11th Cir. 1982) ("Courts prefer adjudication on the merits.").

Eleventh Circuit appear to be silent as to this particular issue. However, the Supreme Court dealt with a similar issue in the context of whether a numerosity requirement under Title VII was jurisdictional in nature. In *Arbaugh*, the Supreme Court was presented with the issue of whether the numerosity requirement contained in Title VII of the Civil Rights Act of 1964's definition of an "employer" "affects federal-court-subject-matter jurisdiction, or, instead, delineates a substantive ingredient of a Title VII claim for relief." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006). There, the Supreme Court held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 516.   The Supreme Court reasoned that when Congress does not enumerate a "statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *See id.*

Eleventh Circuit precedent also supports the conclusion that the issues of individual and enterprise coverage under FLSA are part of a plaintiff's claim for relief and not jurisdictional prerequisites. *See Turcios v. Delicias Hispanas Corp.*, 275 Fed. Appx. 879 (11th Cir. 2008). In *Turcios*, the Eleventh Circuit reversed the district court dismissal of plaintiff's complaint for failure to establish enterprise coverage under Rule 12(b)(1) for lack of subject-matter jurisdiction when the appropriate standard of review was that of Rule 56's. *See id. generally.* While the Eleventh Circuit did not find whether enterprise coverage was jurisdictional in nature as it was not in dispute,[2] the court did state that "the question of enterprise coverage is also intertwined with the merits of an FLSA claim." *Id.* at 882.  Moreover, courts in this district have also reached a similar result.

---

[2] *See Turcios v. Delicias Hispanas Corp.*, 275 Fed. Appx. 879, 882  n. 5  (11th Cir. 2008).

In *Rodriguez,* defendants filed a motion to dismiss for lack of subject-matter jurisdiction, alleging that "individual or enterprise coverage is jurisdictional and that the plaintiff has failed to meet its burden of establishing either form of coverage." *Rodriguez v. Diego's Restaurant, Inc.*, 619 F.Supp.2d 1345, 1347 (S.D. Fla. 2009). There, the court noted that the "parties stipulated on multiple occasions that FLSA jurisdiction had been met." *Id.* at 1348. Specifically, counsel stipulated in a deposition and the parties made their stipulation apart of their pretrial stipulation. *Id.* The court then addressed whether "individual or enterprise coverage is jurisdictional or only a required element of the plaintiff's claim." *Id.* The *Rodriguez* court held that "the individual or enterprise coverage prongs are elements of the plaintiff's claim and are not jurisdictional." *Id.* at 1351 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). The court also noted that the defendants "waived the right to assert any affirmative defenses to individual or enterprise coverage by stipulating that these elements were met." *Id.* at 1352 (citing *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007)). In addition to *Rodriguez*, others court in this district have held that the individual and enterprise coverage are elements of a plaintiff's claim. *See Hernandez v. Art Deco Supermarket*, No. 13-20705-CIV, 2013 WL 5532828, at * 2 (S.D. Fla. Oct. 4, 2013) ("Thus, the Court finds that it has jurisdiction, and the interstate commerce requirements underlying both the individual and enterprise coverage claims are elements of the cause of action, not jurisdictional prequisites."); *see also Cabrera v. 27 of Miami Corp.*, No. 09-20170-CIV, 2009 WL 2076095, at *4 (S.D. Fla. July 13, 2009).

Accordingly, the Court hereby denies Defendants' Motion to Dismiss Plaintiff's cause of action for lack of subject-matter jurisdiction. Notwithstanding the stipulation by Defendants' priors counsel [ECF 70-2], where prior Defendant counsel stipulated to "interstate commerce," this Court also denies Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) because the

issues of individual and enterprise coverage go to the merits of Plaintiff's claims and are not jurisdictional prerequisites.

### III.    Rule 12(b)(6)

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a complaint fails "to state a claim upon which relief can be granted," it should be dismissed. Fed. R. Civ. P. 12(b)(6). A plaintiff is not required to make detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* Thus, to survive a motion to dismiss, a plaintiff must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570.

In order to state a claim for failure to pay minimum or overtime wages under FLSA, a plaintiff "must demonstrate that (1) he is employed by the defendant; (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages."

*Freeman v. Key Largo Volunteer Fire and Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012). As stated, the purpose of Rule 8(a)(2), in part, is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Defendants allege that Plaintiff has failed to sufficiently plead that Defendants are engaged in interstate commerce and that Plaintiff's allegations are conclusory in nature and fail to allege the requisite facts that, taken as true, will entitle the Plaintiff to relief. Defendants' arguments, in light of their prior stipulation, are unavailing. On July 17, 2017, before Plaintiff's filing of their Amended Complaint, Defendants' prior counsel stipulated to interstate commerce element of Plaintiff's cause of action [ECF No. 70-2]. Hence, in light of the prior stipulation, which was made prior to Plaintiff's filing of her Amended Complaint, this Court hereby denies the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint pursuant Rule 12(b)(6), finding that the Defendants waived such an argument via their prior stipulation. *Rodriguez v. Diego's Restaurant, Inc.*, 619 F.Supp.2d 1345 (S.D. Fla. 2009).[3]

---

[3] In light of this Court denying Defendants' Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint, this Court will not address Defendants' Motion to Dismiss the Plaintiff's claim arising under Florida's wage law (Count III), an argument which was premised on this Court's dismissal of Counts I and II. As such, this Court will continue to exercise its supplemental jurisdiction over said claim pursuant to 28 U.S.C. § 1367(a).

## IV.    Conclusion

Hence, for the foregoing reasons and after careful consideration, it is hereby:

**ORDERED and ADJUDGED** that

1.    The Clerk's Entry of Default as to Defendants [ECF No. 94] is **VACATED**.

2.    Defendants' Motion to Dismiss [ECF No. 93] is **DENIED.**

3.    Defendants are hereby ordered to file and serve their Answer and any affirmative defenses to Plaintiff's Amended Complaint **on or before August 30, 2018.**

4.    Upon Defendants' filing of their Answer and any affirmative defenses, this Court will revise its Scheduling Order by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this 14 day of August, 2018.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record