**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,                                                     Case No.: 17-CV-20186-JEM

vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE AND GREEN LIGHT a/k/a
SOLASI, LACAYO TRADE GROUP, INC.,
SOPHIA LACAYO,

    Defendants.
_____ /

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

        The Defendants, SOLASI ACCOUNT & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI ("Solasi")[1], LACAYO TRADE GROUP, INC. ("Lacayo Trade"), and SOPHIA LACAYO ("Ms. Lacayo") (collectively referred to hereinafter as the "Defendants"), by and through their undersigned counsel, file their Answer and Affirmative Defenses to First Amended Complaint ("Amended Compaint") filed by the Plaintiff, GLORIDELFA BARRIOS ("Barrios"), and state as follows:

---

[1] The Plaintiff has improperly named Solasi as a separate entity in this action. Specifically, the Plaintiff alleges that Solasi and Lacayo Trade are joint enterprises and joint employers. (D.E. 90 ¶¶ 15-16). According to the Florida Department of State website, Solasi is a fictitious name owned by Lacayo Trade. The full text "SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT" is a trademark owned by Lacayo Trade. Lacayo Trade's trademark and fictitious business name are not separate entities from Lacayo Trade

1

## ANSWER

1. Defendants are without knowledge of the allegations of Paragraph 1 and therefore deny same and demand strict proof thereof.

2. Defendants admit the allegations of Paragraph 2.

3. Defendants deny the allegations of Paragraph 3 and demand strict proof thereof.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit the allegation of Paragraph 5 the Sophia Lacayo is a corporate officer and/or owner and/or manager of the Defendant Corporation; Defendants deny the remainder of the allegations of Paragraph 5 and demand strict proof thereof.

6. Defendants admit the allegations of Paragraph 6.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

7. Defendants are without knowledge of the allegations of Paragraph 7 and therefore deny same and demand strict proof thereof.

8. Defendants deny the allegations of Paragraph 8 and demand strict proof thereof.

9. Defendants admit the allegations of Paragraph 9.

10. Defendants deny the allegations of Paragraph 10 and demand strict proof thereof.

11. Defendants are without knowledge of the allegations of Paragraph 11 and therefore deny same and demand strict proof thereof.

12. Defendants are without knowledge of the allegations of Paragraph 12 and therefore deny same and demand strict proof thereof.

13. Defendants are without knowledge of the allegations of Paragraph 13 and therefore deny same and demand strict proof thereof.

14. Defendants are without knowledge of the allegations of Paragraph 14 and therefore deny same and demand strict proof thereof.

15. Defendants deny the allegations of Paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations of Paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations of Paragraph 17 and demand strict proof thereof.

18. Defendants deny the allegations of Paragraph 18 and demand strict proof thereof.

19. Defendants deny the allegations of Paragraph 19 and demand strict proof thereof.

20. Defendants deny the allegations of Paragraph 20 and demand strict proof thereof.

21. Defendants deny the allegations of Paragraph 21 and demand strict proof thereof.

## COUNT II – FEDERAL MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

Defendants reincorporate their answers to Paragraphs 1 – 21 of the Amended Complaint as if fully set forth herein.

22. Defendants admit the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23 and demand strict proof thereof.

24. Defendants deny the allegations of Paragraph 24 and demand strict proof thereof.

25. Defendants deny the allegations of Paragraph 25 and demand strict proof thereof.

## COUNT III. – FLORIDA MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

26. Defendants admit the allegations of Paragraph 26.

27. Defendants admit the allegations of Paragraph 27.

28. Defendants admit the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29 and demand strict proof thereof.

30. Defendants deny the allegations of Paragraph 30 and demand strict proof thereof.

31.     Defendants are without knowledge of the allegations of Paragraph 31 and therefore deny same and demand strict proof thereof.

32.     Defendants are without knowledge of the allegations of Paragraph 32 and therefore deny same and demand strict proof thereof.

33.     Defendants are without knowledge of the allegations of Paragraph 33 and therefore deny same and demand strict proof thereof.

34.     Defendants deny the allegations of Paragraph 34 and demand strict proof thereof.

35.     Defendants deny the allegations of Paragraph 35 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**  To the extent Plaintiff is an employee, Plaintiff is an exempt employee, as contemplated by the FLSA, 29 U.S.C. §213 (and the regulations promulgated thereunder), which exempts, various individuals, including those employed in an administrative capacity, whether or not as a subcontractor.

**Second Affirmative Defense:**  Plaintiff's claims are barred, at least in part, by the applicable statute of limitations under the FLSA, 29 U.S.C. §255. Specifically, if the Court finds that any violation of the FLSA by Defendant(s) was not willful, Plaintiff's claims would accrue for only two years prior to the filing of their lawsuit, subject to equitable tolling.

**Third Affirmative Defenses:**  Defendants are not individually or together an enterprise engaged in commerce or in the production of goods for commerce, and therefore, the Plaintiff has improperly named SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI ("Solasi") as a separate entity in this action. Specifically, the Plaintiff alleges that Solasi and Lacayo Trade are joint enterprises and joint employers. According to the

Florida Department of State website, Solasi is a fictitious name owned by Lacayo Trade Group, Inc. The full text "SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT" is a trademark owned by Lacayo Trade Group, Inc.  Lacayo Trade's trademark and fictitious business name are not separate entities from Lacayo Trade.  Likewise, Sophia is an individual, and the owner of Lacayo Trade Group, Inc.

**Fourth Affirmative Defense:**   Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

**Fifth Affirmative Defense:**   Plaintiff was not engaged in commerce or in the production of goods for commerce, nor was she employed in an enterprise engaged in the production of goods for commerce.

**Sixth Affirmative Defense:**   The Court is without subject matter jurisdiction over this action because there are no facts connecting Plaintiff's work or the Defendant(s)' business to interstate commerce.

**Seventh Affirmative Defense:**   Plaintiff's damages claims are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

**Eighth Affirmative Defense:**   Plaintiff 's claims are barred by the provisions of Section (a)(2) of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which she was engaged in certain activities that were preliminary or postliminary to her principal activities.

**Ninth Affirmative Defense:**   Plaintiff's claims are barred, in whole or in part, by the exemptions, exclusions, exceptions, and credits provided by the FLSA, 29 U.S.C. §207.

**Tenth Affirmative Defense:**  Plaintiffs claims are barred by the provisions of Section (a)(1) of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which she was engaged in certain activities that were noncompensable, such as waiting for rides, walking, riding, or traveling to the Plaintiffs actual place of performance.

**Eleventh Affirmative Defense:**  Plaintiffs overtime claims are barred to the extent that she did not work more than forty (40) hours in one workweek, and her minimum wage claims are barred because she did not perform work for the Defendant(s).

**Twelfth Affirmative Defense:**  Plaintiffs claims are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. §259, because all actions taken in connection with Plaintiff s compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**Thirteenth Affirmative Defense:**  Plaintiff may not recover overtime because she was an independent contractor who was never an employee of any of the Defendants, and thus she never worked for the Defendant(s).

**Fourteenth Affirmative Defense:**  Unpaid wages are not recoverable under Florida Statutes §448.08, but rather only fees and costs, as the statute states.

**Fifteenth Affirmative Defense:**  Defendant(s) are not subject to the FLSA because the Plaintiff did not engage in any way in interstate commerce herself.  Plaintiff used products purchased locally at retail stores here in South Florida. All of the various products that the company used and that may have been used by Plaintiff and the other employees of the Defendant(s) were

6

produced in Florida or purchased from retailers selling products in the local South Florida market.

**Sixteenth Affirmative Defense:** Defendant(s) are not subject to the FLSA because the Defendant(s) did not engage in interstate commerce. Defendant(s) used products purchased locally at retail stores here in South Florida. Defendant(s) only performed services within the state of Florida. All of the various products that the company used and that may have been used by Plaintiff and the other employees of the Defendant(s) were produced in Florida or purchased from retailers selling products in the local South Florida market.

**Seventeenth Affirmative Defense:** Neither Defendant, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, nor SOPHIA LACAYO individually, employed the Plaintiff.

**Eighteenth Affirmative Defense:** Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

Dated: August 30, 2018

        JMS LAW, P.A.
        Attorneys for Defendants Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, Lacayo Trade Group, Inc., and Sophia Lacayo
        8355 W. Flagler Street, No. 322
        Miami, Florida 33144
        Telephone: (786) 351-1935
        Facsimile: (786) 999-8813
        Primary E-mail: jms_law@yahoo.com
        2nd E-Mail  josemsanchezesq@gmail.com

        By: /s/Jose M. Sanchez_____
            Jose M. Sanchez
            F.B.N. 0050288

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served upon all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By /s/Jose M. Sanchez
Jose M. Sanchez

**SERVICE LIST:**

J.H. ZIDELL, P.A.
Attorneys for Gloridelfa Barrios
J.H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com