UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20186-CIV-JEM

| | |
|---|---|
| GLORIDELFA BARRIOS and all others similarly situated under 29 U.S.C. § 216(b), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE, AND GREEN LIGHT a/k/a SOLASI, et al. | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff GLORIDELFA BARRIOS ("Plaintiff"), by and through undersigned counsel, and files this Reply to Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment, and states as follows in support thereof:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§201-216 (the "FLSA") and the Florida Constitution/Florida State Law – Florida Statute § 448.110 – and the Florida Minimum Wage Act ("FMWA") and was commenced on January 16, 2017. [D.E. 1].

2. Plaintiff's Motion for Summary Judgment ("MSJ") and Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment ("Statement of Fact") were filed on October 19, 2018. [D.E. 112] and [D.E. 113], respectively.

3. Defendants Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side Has a Circle Colored Blue, Purple and Green Light a/k/a Solasi ("Solasi"), Lacayo

Trade Group Inc. ("Lacayo Trade"), and Sophia Lacayo ("Locayo") (collectively, "Defendants") filed their Response in Opposition to Plaintiff's Motion for Summary Judgment (hereinafter, the "Response") on February 27, 2019. [D.E. 127]. In support of their Response, Defendants also filed the Affidavit of Sophia Lacayo in Opposition to Plaintiff's Motion for Summary Judgment on that same day. [D.E. 128]. Defendants did not file a statement of material facts.

4. The MSJ seeks summary judgment on the following issues:

   a. FLSA/FMWA enterprise coverage/subject matter jurisdiction during the relevant time period;
   b. Plaintiff's status as an employee of Defendants under the FLSA/FMWA and not an independent contractor;
   c. Lacayo's status as Plaintiff's individual employer under the FLSA/FWMA;
   d. Whether Defendants properly pleaded the executive/supervisory employee exemption, and if they did, that the exemption is not applicable to Plaintiff in this case; and
   e. that liability has been established and the Jury need only determine the amount of damages.[1]

5. Defendants' Response raises arguments in opposition to the MSJ on the issues of:[2]

   a. Whether Defendants properly pleaded the executive/supervisory employee exemption, and if they did, that the exemption is not applicable to Plaintiff in this case;

---

1) [D.E. 112].
2) [D.E. 127].

  **b.** Plaintiff's status as an employee of Defendants under the FLSA/FMWA and not an independent contractor; and

  **c.** the applicable statute of limitations. (**DE 127**).

6. For the reasons set out below, Plaintiff requests that the Court grant the MSJ in its entirety.

## MEMORANDUM OF LAW

<u>Issues Not Opposed With Briefing and Citation to Evidence in Record</u>

7. Defendants did not directly brief any opposition to the following issues on which Plaintiff seeks summary judgment:

  **a.** FLSA/FMWA enterprise coverage/subject matter jurisdiction during the relevant time period;

  **b.** Lacayo's status as Plaintiff's individual employer under the FLSA/FWMA if Plaintiff was in fact an employee and not an independent contractor; and,

  **c.** if their attempt to raise affirmative defenses fails and Plaintiff is their employee, that liability has been established and the Jury need only determine the amount of damages.

8. A party that fails to adequately support an argument with citations to pertinent authority and evidence in the record essentially waives its argument. *See e.g.* <u>Cabana on Collins, LLC v. Regions Bank</u>, No. 11-21204-CIV-Altonga, 2011 WL 13223717, at *6-7 (S.D. Fla. Nov. 7, 2011) (collecting cases from 7th Cir., 10th Cir., 11th Cir., and S.D. Fla. while addressing consequences of failing to adequately brief and support with citation to evidence in the record an issue by a summary judgment movant). While Plaintiff, as the summary judgment movant, still bears the initial burden of establishing a right to entry of summary judgment on

these issues, Plaintiff carried that burden in the briefing and citations to evidence in the record included in the MSJ and the Statement of Material Facts. [D.E. 112] [D.E. 113].

9. For these reasons, Plaintiff respectfully requests that the Court grant the MSJ as the issues of establishing FLSA/FMWA enterprise coverage/subject matter jurisdiction during the relevant time period, that Lacayo was Plaintiff's individual employer under the FLSA/FWMA if Plaintiff was in fact an employee and not an independent contractor, and that Plaintiff has established liability for damages and the Jury need only determine the amount of damages.

<u>Effect of Failure to File Statement of Material Fact Required by Local Rule 56.1</u>

10. Defendants did not file a statement of material fact corresponding with the order and with the paragraph numbering scheme used by Plaintiff as the movant as required by Local Rule 56.1; instead, Defendants filed an affidavit of Lacayo in which Lacayo proffered her own independent version of facts not organized to mirror Plaintiff's Statement of Fact. *See* [D.E. 128] *and compare* [D.E. 113]. As a result, Defendants failed to contradict Plaintiff's Statement of Fact and all material facts set forth in the Statement of Fact supported by evidence in the record should be deemed admitted as required by Local Rule 56.1. *See* Local Rule 56.1(a)-(b); <u>Joseph v. Napolitano</u>, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012); <u>Mid-Continent Cas. Co. v. Basdeo</u>, 742 F. Supp. 2d 1293, 1305 (S.D. Fla. 2010); <u>Gossard v. JP Morgan Chase & Co.</u>, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009); *see also* <u>Digioia v. H. Koch & Sons</u>, 944 F.2d 809, 811 n.6 (11th Cir.) (upholding operation of what was then Local Rule 10.J.2, a predecessor to current Local Rule 56.1). These facts being deemed admitted is not a sanction, but merely the mandatory operation of Local Rule 56.1. *See e.g.* <u>Gossard</u>, 612 F.Supp.2d at 1245-46 (citing then Local Rule 7.5.D and stating, "The Court wants to make plain that this ruling should not be looked at as a sanction against Plaintiff or her Counsel.

    Because Plaintiff did not abide by Local Rule 7.5 regarding her Statement Of Facts, by operation of the same Local Rule—and not by calculated choice of this Court—Defendant's uncontroverted facts are deemed admitted to the extent supported by the record.").

11. Therefore, by operation of Local Rule 56.1, each of the material facts set out in paragraphs 1 – 39 of Plaintiff's Statement of Fact and supported by evidence in the record should be deemed admitted.

    <u>29 U.S.C. § 213(a)(1) Exemption Was Not Properly Pleaded and is Not Applicable</u>

12. The first issue raised in Defendants' Response is the administrative employee exemption set out in 29 U.S.C. § 213(a)(1). [D.E. 127] **at pp. 2 – 3**. Before addressing the merits of the exemption, Plaintiff would first note that Defendants did not provide any responsive briefing addressing the matter of waiver. <u>Id.</u> As set out in Plaintiff's MSJ, Defendants failed to properly plead the 29 U.S.C. § 213(a)(1) exemption with any specificity in their Answer, thus waiving the defense. *See* [D.E. 112] **at pp. 13 – 14**) (citing numerous authorities). Plaintiff maintains that this issue has been waived by Defendants, especially considering their failure to address the waiver issue in the Response, and expressly denies giving implied or express consent to try this issue at this late hour in the litigation.

13. Next, Plaintiff's MSJ focused primarily on the executive exemption under 29 U.S.C. § 213(a)(1) rather than the administrative exemption. **[D.E. 12] at pp. 13 – 18**). 29 U.S.C. § 213(a)(1) contains a number of sub-categories of personnel that may qualify for the same type of exemption, but to which different tests are applied as set out in the relevant sections of the Code of Federal Regulations. *See e.g.* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 100; 29 C.F.R. § 200; 29 C.F.R. § 300. This is another illustration of why Defendants' general pleadings are insufficient to raise this affirmative defense. To the extent that Defendants are

attempting to raise another affirmative defense through their Response that has not been properly pleaded, Plaintiff objects for the same reasons set out in in the MSJ at pages thirteen through 14 (13 – 14) and expressly denies giving implied or express consent to try this issue at this late hour in the litigation. As Defendants' Response does not address the executive exemption, Plaintiff requests that the MSJ be granted as to that issue.

14. In the event that the Court overrules Plaintiff's objections and arguments regarding waiver and determines that the administrative exemption should be considered, Plaintiff responds as follows. In order to establish that Plaintiff is exempt under the administrative exemption of the FLSA, Defendants must demonstrate that Plaintiff: 1) was compensated on a salary of fee basis as a rate of not less than $455 per week; 2) had a primary duty consisting of the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and, 3) had a primary duty including the exercise of discretion and independent judgment with respect to matters of significance. *See* Brillas v. Bennett Auto Supply, Inc., 675 F.Supp.2d 1164, 1170 (S.D. Fla. 2009) (citing 29 C.F.R. § 541.200(a)). The first element of the administrative exemption is the same as the first element of the executive exemption. *See* Id. *and compare* 29 C.F.R. § 541.100(a). The evidence in this case establishes that Plaintiff was paid on an hourly basis and was not paid a salary by Defendants. *See* [D.E. 112] **at p. 15**. (citing Pl.'s Aff. at ¶ 9; (DE 70-4, P.47, L.17-21; P.50, L.1-P.51, L.1; P.51, L.14-25)). As a result, Defendants cannot carry their burden to prove the first element of either the administrative or executive exemptions, even if the Court finds that Defendants have not waived those defenses, and summary judgment in Plaintiff's favor should be granted on this issue.

15. Plaintiff's work for the Defendants also involved regularly engaging in manual work such as cleaning windows, sweeping and mopping floors, sterilizing desks, and handing out advertising flyers and posters on the street. [D.E. 113] **at ¶¶ 14 – 15**. These facts illustrate that Defendants cannot carry their burden to meet the second element of the administrative exemption test and, even if the Court finds that Defendants have not waived those defenses, and summary judgment in Plaintiff's favor should be granted on this issue.

16. Finally, the record in this case illustrates that Plaintiff did not have the ability to exercise discretion and independent judgment with respect to matters of significance relating to her employment. For example, Plaintiff was supervised daily by Defendant Lacayo, directly or through Defendants' manager Thanya Lacayo, who provided Plaintiff with a daily task list that changed constantly throughout the day based on the instructions of Lacayo or the other Defendants through Thanya Lacayo and Plaintiff's work was often reviewed directly by Defendant Lacayo and analyzed based on Defendant Lacayo's standards and expectations. [D.E. 113] **at ¶¶ 18 – 20**). As such, Defendants cannot meet their burden to show that Plaintiff had the ability to exercise discretion and independent judgment with respect to matters of significance relating to her employment and, even if the Court finds that Defendants have not waived those defenses, and summary judgment in Plaintiff's favor should be granted on this issue.

<u>Plaintiff Was an Employee, Not an Independent Contractor</u>

17. Plaintiff set forth the reasons that the Court should find that Plaintiff was an employee of Defendants and not an independent contractor in the MSJ. *See* [D.E. 112] **at pp. 4 – 10**. Defendants seek to oppose the MSJ on this issue by arguing that an independent contractor agreement and the pay structure for Plaintiff's services may be indicative of an independent

contractor relationship. (**D.E. 127 at pp. 3 – 4**). Defendants failed to attach a copy of the alleged independent contractor agreement to their Response and do not cite to any place in the record where it may be found. Id. After the moving party establishes the essential elements of its claim or defense, the non-movant must come forward with "… significant, probative evidence demonstrating the existence of a triable issue of fact" in order to prevent summary judgment. *See* Arnold v. Heritage Enterprises of St. Lucie, LLC, No. 13-14447-CIV, 2015 WL 10793435, at *2 (S.D. Fla. May 4, 2015) (citing U.S. v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys, 941 F.2d 1428, 1438 (11th Cir. 1991)). Defendants cannot rely on something that is not in the record to contest Plaintiff's MSJ on this issue. Id.

18. As to the pay structure for the Plaintiff's work for the Defendants, the record reflects that Plaintiff was paid by the hour throughout Plaintiff's employment. [D.E. 113] **at ¶ 17**. This illustrates that Plaintiff was economically dependent on Defendants and weighs in favor of finding that Plaintiff was an employee. *See* [D.E. 112] **at p. 7**. As set out above in paragraphs 10 – 11, Sophia Lacayo's affidavit was an improper substitute for a statement of material fact and due to Defendants failing to file a statement of material fact, it cannot contradict the facts established by operation of Local Rule 56.1 set out in Plaintiff's Statement of Fact. *See supra*, ¶¶ 10 – 11.

## Plaintiff Did Not Move on the Applicable Statute of Limitations

19. Finally, Defendants briefed the issue of the applicable statute of limitations. (**DE 127 at pp. 4 – 5**). Plaintiff did not move for summary judgment on this issue. *See* (**DE 112**). The dispositive motions deadline in this case was October 19, 2018. (**DE 110**). Defendants did not file their own motion for summary judgment and they should not be allowed to use their Response to Plaintiff's timely MSJ to make their own untimely motion especially after the

Defendants' own Response was allowed only by permission of the Court after Defendants missed the original deadline to respond to Plaintiff's MSJ. *See* [D.E. 112]; [D.E. 124]. To the extent Defendants' arguments on this issue rely on the affidavit of Defendant Lacayo, Sophia Lacayo's affidavit was an improper substitute for a statement of material fact and due to Defendants failing to file a statement of material fact, it cannot contradict the facts established by operation of Local Rule 56.1 set out in Plaintiff's Statement of Fact and Plaintiff objects to its consideration. *See supra*, ¶¶ 10 – 11. Even if paragraph 7 of the affidavit of Lacayo was considered by the Court, simply consulting with an attorney or even the Department of Labor is not sufficient to prove that a violation was not willful, especially in the face of the substantial evidence presented by Plaintiff establishing liability in this case. *See generally* [D.E. 112]; *see also* Fuentes v. CAI Intern., Inc., 728 F.Supp.2d 1347, 1359-60 (S.D. Fla. 2010) (finding that mere reliance on the advice of counsel is insufficient to satisfy defendants' burden in proving good faith in failing to pay overtime and citing Townley v. Floyd & Beasley Transfer Co., 1989 WL 205342, at *4 (N.D. Ala. 1989)).

20. Finally, as Plaintiff did not move for summary judgment on the applicable statute of limitations and that issue is not properly before the Court, Plaintiff agrees that the willfulness issue and resulting statute of limitations should be presented to the jury to decide when the jury determines the total amount of damages due to Plaintiff. *See* Fuentes, 728 F.Supp.2d at 1359-60 (S.D. Fla. 2010) (considering questions of willfulness as a jury issue and applicable statute of limitations); *see also* ([D.E. 112] **at pp. 18 – 19**) (acknowledging that jury will need to determine the amount of damages in this case).

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Summary Judgment in its entirety, find that a) FLSA/FMWA enterprise coverage/subject matter

jurisdiction during the relevant time period has been established as a matter of law; b) Plaintiff was an employee of Defendants under the FLSA/FMWA and not an independent contractor; c) Lacayo was Plaintiff's individual employer under the FLSA/FWMA; d) Defendants did not properly plead the executive/supervisory employee exemption, and if they had, that the exemption is not applicable to Plaintiff in this case; and, e) that liability has been established and the Jury need only determine the amount of damages due and owing to Plaintiff and grant Plaintiff any such other relief as justice so requires.

**Respectfully submitted,**

**NATALIE STAROSCHAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: NSTAR.ZIDELLPA@GMAIL.COM**
**F.B.N. 116745**

BY:___/s/___Natalie Staroschak_____
**NATALIE STAROSCHAK, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 3/6/19 TO:**

**JOSE M. SANCHEZ, ESQ.**
**JMS LAW, P.A.**
**8355 W. FLAGLER STREET, SUITE 322**
**MIAMI, FLORIDA 33144**
**PH: (786) 351-1935**
**FAX: (786) 999-8813**
**EMAIL: JMS_LAW@YAHOO.COM**

BY:___/s/___Natalie Staroschak_____
**NATALIE STAROSCHAK, ESQ.**