UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 17-20186-CIV-MARTINEZ-GOODMAN

GLORIDELFA BARRIOS and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,
vs.

SOLASI ACCOUNTING & TAX ADVICE &
DESIGN OF THE WORDS IN DARK BLUE
AT LEFT SIDE HAS A CIRCLE COLORED
BLUE, PURPLE, AND GREEN LIGHT a/k/a
SOLASI, et al.,

    Defendants.
_____/

## ORDER ON SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment, [ECF No. 112]. Plaintiff brings suit against her former employer, seeking unpaid overtime and wages pursuant to the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"). Plaintiff moves for summary judgment as to the following issues and contends she is entitled to the following findings as a matter of law: (a) FLSA/FMWA enterprise coverage and subject matter jurisdiction exist for the relevant time period; (b) Plaintiff was Defendants' "employee" under the FLSA/FMWA and not an independent contractor; (c) Sophia Lacayo, the individual defendant, was Plaintiff's "employer" under FLSA/FMWA; (d) the executive/supervisor exemption to the FLSA is inapplicable; and (e) liability is established. The Court has reviewed the parties' submissions, the entire record, and is otherwise fully advised in the premises. For the following reasons, Plaintiff's Motion for Summary Judgment is granted in part and denied in part.

## LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). Rule 56 requires entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the record taken as a whole could not lead a rational trier of fact to find for the nonmovant, there is no genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### I. FLSA/FMWA Enterprise Coverage and Subject Matter Jurisdiction

To establish coverage under the FLSA, a plaintiff-employee must show either: (1) individual coverage—the employee was engaged in commerce or in the production of goods for commerce; or (2) enterprise coverage—the employer was engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 206(a); *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 247 (11th Cir. 2007); *see also* 29 U.S.C. § 203(s)(1).

An employer is subject to enterprise coverage under the FLSA where it "(i) has employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

2

commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1).

As briefly discussed in this Court's Order Denying Defendants' Motion to Dismiss, [ECF No. 102], Defendants' prior counsel stipulated to "interstate commerce." *See* ECF No. 70-2; *see also Christian Legal Soc'y v. Martinez*, 561 U.S. 661, 661 (2010); *see also G.I.C. Corp. v. United States*, 121 F.3d 1447, 1450 (11th Cir. 1997) (holding a district court has discretion to consider or disregard pretrial stipulations).[1] In light of such stipulation and the fact that Defendants failed to respond in opposition as to this issue for summary judgment purposes, the Court finds there is sufficient record evidence of enterprise coverage under the FLSA during the relevant time period. *See* Defs.' Am. Resp. to Pl.'s Interrog. Ex. A; *see also* Lacayo Dep. 9:12–11:17, 24:20–23, 26:21–24, 27:9–21. As such, Plaintiff's Motion for Summary Judgment as to whether enterprise coverage exists is **GRANTED.**

## II. Employee-Employer Relationship under FLSA/FMWA

Plaintiff asks this Court to find that Plaintiff was an "employee" under the FLSA/FMWA and not an independent contractor. Additionally, Plaintiff contends that Sophia Lacayo, the individual defendant and president-owner of Lacayo Trade Group, is Plaintiff's FLSA/FMWA

---

[1] The Court notes that Defendants never requested relief from this pretrial stipulation and further failed to oppose enterprise coverage in its entirety in their Response in Opposition, including in Defendants' Affidavit of Sophia Lacayo in Opposition to Plaintiff's Motion for Summary Judgment, [ECF No. 128]. *See G.I.C. Corp. v. United States*, 121 F.3d 1447, 1450 (11th Cir. 1997). The Court does note, however, that Defendants raised lack of enterprise coverage as an affirmative defense and also refused to stipulate to interstate commerce in Ms. Lacayo's Deposition. *See* Defs.' Answer and Affirmative Defenses 4–5, ECF No. 104; Lacayo Dep. 9:5–8. To be clear, the Court does not find enterprise coverage exists as a matter of default. *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988). Indeed, the record indicates sufficient evidence to find enterprise coverage as a matter of law. *See, e.g.*, Lacayo Dep. 65:14–177, 66:6–8.

"employer" for purposes of joint and several liability. Pl.'s Mot. Summ. J. 4–13, ECF No. 112. Because these issues necessarily implicate similar analyses, the Court addresses them together.

A. <u>Sophia Lacayo as Employer</u>

"A Plaintiff may seek to sue an individual employer or multiple employers" in a FLSA case, as the statute "contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1380–81 (S.D. Fla. 2012). The statutory definition of "employer" is rather broad and "encompasses both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 203(d)).

In determining whether a party is an employer, courts assess the "economic reality of the relationship between the employee and the alleged employer." *Baltzley v. Berkley Group, Inc.*, No. 10-61194-CIV, 2010 WL 3505104, at *2 (S.D. Fla. 2010) (Altonaga, J.) (citing *Patel v. Wargo*, 803 F.2d 632, 625 (11th Cir. 1986)). The economic reality test suggests an employee-employer relationship may exist where "the alleged employer hires and fires employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records." *Baltzley*, 2010 WL 3505104, at *2. The Eleventh Circuit has held "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637–38 (internal quotation and citation omitted). Due to the broad definition of "employer" under the FLSA, the Eleventh Circuit has further held that even a co-owner's ***occasional*** control of the day-to-day business operations or employee supervision is

sufficient to bring the co-owner within the FLSA definition. *See Olivas v. A Little Havana Check, Cash, Inc.*, 324 F. App'x 839, 845–46 (11th Cir. 2009) (emphasis added).

Though the disposition of the economic reality test turns on numerous issues of fact, such as the degree and extent of Ms. Lacayo's supervisory authority, hiring and firing authority, and power to determine pay, the record indicates no genuine issue of material fact exists. Ms. Lacayo repeatedly acknowledges her supervisory role as an employer of Defendant Lacayo Trade Group. *See* Lacayo Dep. 17:21–18:3 (confirming she is the company's sole signatory); 28:22–30:8 (confirming that she has "the most authority" in the company with regards to hiring and firing, setting wages, running day-to-day operations, and authorizing checks); *see also* Aff. of Sophia Lacayo in Opp'n to Pl.'s Mot. Summ. J. ¶¶ 5, 13, 15 (acknowledging, among other aspects of her authority, that Plaintiff was required to email Ms. Lacayo daily to check in and out of work). Therefore, *at the very least*, the Court finds that Sophia Lacayo exercised occasional control of the day-to-day operations and employee supervision sufficient to bring her within the FLSA's definition of "employer." Indeed, the Court finds the record indicates Ms. Lacayo had significant—if not sole—authority over the business. Nonetheless, Ms. Lacayo's employer status at Lacayo Trade Group is not dispositive. Rather, whether Ms. Lacayo is *Plaintiff's* employer— or, whether Plaintiff is Ms. Lacayo's employee—is determinative of this matter.

B. <u>Employee vs. Independent Contractor</u>

Here, the Court finds summary judgment inappropriate. Similar to the "employer" analysis under the FLSA, to determine whether an individual falls into the category of a covered "employee" or exempted "independent contractor," courts look to the economic reality of the purported employer-employee relationship and "whether that relationship demonstrates dependence." *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947). The inquiry, however, is not

5

governed by the "label" of the relationship or the contract controlling the relationship. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947) ("[P]utting on an 'independent contractor' label does not take the worker from the protection of the Act."). The Eleventh Circuit has utilized the following six factors to guide its "economic reality" inquiry:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
> (4) whether the service rendered requires a special skill;
> (5) the degree of permanency and duration of the working relationship; [and]
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311–12 (11th Cir. 2013). The "overarching focus of the inquiry," however, is economic dependence. *Id.* at 1312. In considering economic dependence, the Court focuses on whether an individual is "in business for himself" or is "dependent upon finding employment in the business of others." *Id.* (quoting *Mednick v. Albert Enters., Inc.*, 508 F.2d 297, 301–02 (5th Cir. 1975)).

The Court acknowledges certain factors do weigh in favor of Plaintiff, such as the nature and degree of Defendants' control discussed *supra*. The record, however, indicates genuine disputes of material fact exist, such as, among others, whether Plaintiff purchased her own materials for advertising and whether Plaintiff had additional opportunity for profit depending on her management of the training center. *See, e.g.*, Lacayo Dep. 45:1–4, 55:9–10; 56:1–57:12, 58:1–15. Therefore, the Court finds summary judgment inappropriate as to this issue. *See Strickland v. Norfolk Southern Ry. Co.*, 692 F.3d 1151, 1162 (11th Cir. 2012) ("Where a fact-finder is required to weigh a deponent's credibility, summary judgment is simply improper."). Accordingly,

Plaintiff's Motion for Summary Judgment as to these issues is **DENIED**. In light of this denial, Plaintiff's Motion for Summary Judgment as to liability is likewise **DENIED**.

C. Executive Exemption

Finally, Plaintiff requests this Court find that, as a matter of law, Plaintiff does not fall within the executive exemption of 29 U.S.C. § 213(a)(1). Plaintiff argues that Defendants may not rely on this exemption because Defendants failed to plead such exemption with particularity. *See* Pl.'s Mot. Summ. J. 13–21, ECF No. 112. In support, Plaintiff contends:

> Defendants' Eighth Affirmative Defense states that "Plaintiff's claims are barred, in whole or in part, by the exemptions, exclusions, exceptons, and credits provided by the FLSA, 29 U.S.C. § 207." Defendants are not entitled to the defense that Plaintiff was an executive/supervisory exempt employee as the defense was never pled with specificity and was therefore waived.

*Id.* at 13 (internal citations omitted).

The Court finds Plaintiff's arguments as to this issue—and Defendants' response—equally unclear. Firstly, 29 U.S.C. § 207, as cited in Defendant's Eighth Affirmative Defense, does not lay out the applicable exemptions. Rather, § 213—titled Exemptions—is the appropriate statute. Defendant's First Affirmative Defense clearly states "Plaintiff is an exempt employee, *as contemplated by the FLSA, 29 U.S.C. § 213*...which exempts[] various individuals, including those employed in an administrative capacity...." Defs.' Am. Answer and Affirmative Defenses 4, ECF No. 107 (emphasis added).

To add to the confusion, Plaintiff relies solely on argument and caselaw referencing the *executive* exemption of § 213(a)(1). *See* Pl.'s Mot. Summ. J. 13–21, ECF No. 112. In response, Defendants reference only the *administrative* exemption of § 213(a)(1). *See* Defs.' Resp. to Pl.'s Mot. Summ. J. 2–3, ECF No. 127. Though both exemptions are found within 29 U.S.C. § 213(a), they are different. *Compare* 29 C.F.R. § 541.100 (outlining elements of executive exemption), and

§ 541.200 (outlining elements of administrative exemption). Therefore, the Court does not now think that judgment as a matter of law as to the executive exemption—which the Court is unsure is even relevant given Defendants' clear reliance on the administrative exemption to FLSA coverage—is appropriate. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment as to the issue of whether the executive or supervisor exemption applies to Plaintiff.

## CONCLUSION

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment, [ECF No. 112], is **GRANTED IN PART** and **DENIED in PART**, as set forth above.

DONE AND ORDERED in Chambers at Miami, Florida, this 9 day of October 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Jonathan Goodman