UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20186-CIV-JEM

| | |
|---|---|
| GLORIDELFA BARRIOS and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, et al. | ) ) ) ) ) |
| Defendants. | ) ) ) |

## AMENDED JOINT PROPOSED JURY INSTRUCTIONS AND PROPOSED VERDICT FORM(S)

Plaintiff, GLORIDELFA BARRIOS ("Plaintiff"), and Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, LACAYO TRADE GROUP INC, and SOPHIA LACAYO (collectively referred to as the "Defendants"), (Plaintiff and Defendants are collectively referred to herein as the "Parties") by and through their respective undersigned counsel, pursuant to Local Rule 16.1 of the Southern District of Florida and Federal Rule of Civil Procedure 51, hereby submit their Amended Joint Proposed Jury Instructions and Verdict Form(s).

Instructions proposed only by Plaintiff to which Defendants object are *italicized*, and instructions proposed only by Defendants to which Plaintiff objects are **bold-faced**.

Dated this __ day of February , 2020.

s/ Jose M. Sanchez, Esq.
JOSE M. SANCHEZ, ESQ
Florida Bar No. 0050288
E-Mail: jms_law@yahoo.com
JMS Law, P.A.
8355 W. Flagler St #322
Miami, Florida 33144
Attorney for Defendants
Tel: (786) 351-1935

s/ Lisa Kuhlman
LISA KUHLMAN
Florida Bar No. 978027
Email: lkuhlman.jhzidellpa@gmail.com
The Law Offices of J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Attorneys for Plaintiff
Tel: (305) 865-6766

## TO BE GIVEN AT THE BEGINNING OF THE CASE
### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your

deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This case arises under the Fair Labor Standards Act (sometimes referred to as the "FLSA") and Florida law/Florida Constitution/ Florida Minimum Wage Act (sometimes referred to as the "FMWA"), the federal and state laws that, among other things, provides for the payment of overtime and minimum wages.

On January 16, 2017, Plaintiff filed her initial Complaint against Defendants at which time Plaintiff alleges she still had a working relationship with Defendants.

Plaintiff alleges that she worked for Defendants as an assistant from on or about January 1, 2014 through on or about January 2017.  Plaintiff seeks to recover her alleged overtime and minimum wages owed to her by Defendants. Plaintiff alleges that Defendants willfully and intentionally refused to pay Plaintiff her overtime and minimum wages as required by the Federal law – the Fair Labor Standards Act ("FLSA) – and Plaintiff believes under the Florida law/Florida Constitution/ Florida Minimum Wage Act ("FMWA").During the course of Plaintiff's employment period with Defendants, Plaintiff alleges she was paid an occasional, minimal, substandard overtime payment, but that this overtime payment was less than her hourly rate of pay. *Further, between the period of on or about November 10, 2016 through Plaintiff's last day of employment with*

*Defendants, Plaintiff alleges she worked an average of 60 hours a week for the Defendants and was paid nothing at all.* Therefore, Plaintiff claims difference between her average hourly rate and the applicable minimum wage rate for all hours worked.

Defendants deny Plaintiff's allegations and contend that Plaintiff is exempt from the FLSA either as an independent contractor or manager and compensated her adequately for all work performed. Despite the fact that Plaintiff is exempt from overtime laws, Defendants allege that they compensated her for any extra hours worked in good faith. Defendants deny that Plaintiff worked the hours she alleges because Plaintiff's pay stubs accurately record the hours she worked. Defendants allege that they never intentionally refused to pay Plaintiff any overtime or minimum wage. Defendants contend that they compensated Plaintiff more than the minimum wage requirement between the period of on or about November 10, 2016 through Plaintiff's last day of employment with Defendants.

Burden of proof:

Plaintiff has the burden of proving their respective case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiff needs to make the scales tip to him. If Plaintiff

fails to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin

deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present Plaintiff's witnesses and ask them questions. After Plaintiff questions Plaintiff's witnesses, Defendants, may ask the witness questions - this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing

arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

<u>Official English Translation/Interpretation:</u>

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know Spanish you must accept the English [interpretation/translation] provided and disregard any different meaning.

Pattern Jury Instructions for the Eleventh Circuit § 1.1 (2014 ed.); see id. Preliminary Instructions before Trial.

       GIVEN AS REQUESTED            _____
       GIVEN AS MODIFIED           _____
       REFUSED                     _____
       WITHDRAWN               _____

## PROPOSED INSTRUCTION NO. 1

### THE DUTY TO FOLLOW INSTRUCTIONS
### CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation – in this case an Inc. - is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees which are made within the scope of their duties as employees of the company.

11th Circuit Pattern Jury Instruction (Civil Cases) 2014 (modified).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

## PROPOSED JURY INSTRUCTION NO. 2

### IMPEACHMENT OF WITNESSES
#### (Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

## PROPOSED JURY INSTRUCTION NO. 3

**Responsibility for Proof –Plaintiffs' Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED    _____
REFUSED    _____
WITHDRAWN    _____

## PROPOSED JURY INSTRUCTION NO. 4

### FAIR LABOR STANDARDS ACT
#### (29 USC Section 216)

In this case, Plaintiff alleges that the Defendants did not pay Plaintiff the overtime and minimum wages required by the federal Fair Labor Standards Act, also known as the FLSA, and Florida law/Florida Constitution/ Florida Minimum Wage Act, also known as the FMWA. To succeed on her claim against Defendants, Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiff was employed by the Defendants during the time period involved;

Second: In Plaintiff's work for the Defendants, the Plaintiff was either engaged in commerce or in the production of goods or materials for commerce or were employed by an enterprise engaged in commerce or the production of goods or materials for commerce and that the Defendants had annual gross sales of at least $500,000 for the relevant time period; and

Third: That the Defendants failed to pay the Plaintiff the overtime pay for all hours worked by the Plaintiff in excess of 40 hours in one or more workweeks as required by law. Plaintiff must also prove that Defendants failed to pay her the minimum pay for all hours worked by Plaintiff in one or more workweeks.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, the Parties agree that Plaintiff was an employee of the *Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, and* LACAYO TRADE GROUP INC. Therefore, you should consider the first element established as to *Defendants, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, and* LACAYO TRADE GROUP INC. **The Parties dispute the first element to the extent that Plaintiff alleges she was an employee of the Defendant, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, because Defendants allege said named Defendant is not a corporate entity and is only a trademark owned by Sophia Lacayo.** However, you will need to determine whether Plaintiff was employed by **Defendant, SOLASI ACCOUNTING & TAX ADVICE & DESIGN OF THE WORDS IN DARK BLUE AT LEFT SIDE HAS A CIRCLE COLORED BLUE, PURPLE AND GREEN LIGHT a/k/a SOLASI, and/or** the individual Defendant, SOPHIA LACAYO,  for the relevant time

period.

The second element is not disputed by the Parties and, therefore, you should consider the second element established.  No evidence will be offered regarding this element.

The Parties dispute the third element as the Defendants claim they did not fail to pay the Plaintiff the overtime and/or minimum pay required by law that Plaintiff seeks. Therefore, you must decide whether any overtime and/or minimum wages are due to Plaintiff, and if so how much.

The applicable Florida minimum wage rate required by the FLSA and FMWA during the relevant employment period of Plaintiff was as follows:

| YEAR | FLORIDA MINIMUM WAGE RATE PER HOUR |
|------|------------------------------------|
| 2014 | $7.93/hour |
| 2015 | $8.05/hour |
| 2016 | $8.05/hour |
| 2017 | $8.25/hour |

You must apply the above rates in this case for each year. As to minimum wages, the amount of damages to the Plaintiff is the difference between the amount

Plaintiff should have been paid under the stated rates and the amount Plaintiff was actually paid.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. Unless a specific hourly rate was agreed upon, the "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours the weekly salary was intended to compensate. To calculate how much overtime pay was owed to the Plaintiff for a certain week, subtract 40 from the total number of hours they worked and multiply the difference by the overtime rate. Defendants failed to pay the Plaintiff the required overtime pay if the Defendants paid Plaintiff less than that amount. However, the hourly rate used to calculate the overtime rate must at least be at the applicable minimum wage rate for the respective period of time.

If you find that the Plaintiff has proved Plaintiff's claim, then you must turn to the question of damages which the Plaintiff is entitled to recover.

The measure of damages is the difference between what the Plaintiff should have been paid under the Acts and the amount that you find the Plaintiff actually waspaid.

This lawsuit was filed on January 16, 2017. Plaintiff is entitled to recover lost overtime wages from the date of the filing of this lawsuit back to no more than two years (1/16/15-11/10/16) —unless you find that the employer, Defendants, either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer, Defendants, knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiff is entitled to recover lost overtime wages from the date of the filing of her lawsuit back to no more than three years (1/16/14-11/10/16). As it relates to Plaintiff's allegations for unpaid minimum wages, Plaintiff is entitled to recover lost minimum wages from the date of the filing of this lawsuit back to no more than four years (1/1/14-11/10/16 – Plaintiff's entire employment period), or five years if the Defendants knew or showed reckless disregard for whether the Florida Minimum Wage Act prohibited its conduct.

An employer willfully violates the Act if he should inquire as to whether actions violate the Act, but fails to do so. A willful violation of the Act occurs when an employer either knows that his conduct is prohibited by or "show[s] reckless disregard for" the overtime wage laws. An employer knowingly violates

the Act if he disregards the overtime wage laws deliberately or intentionally, such as by ignoring "advice from a responsible official…that the conduct in questions is not lawful." An employer acts with reckless disregard for the Act if the employer's conduct is more than "merely negligent," and is blameworthy "if the employer should have inquired further into whether [his] conduct was in compliance with the Act, and failed to make adequate further inquiry."

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. Every employer is required to maintain and preserve payroll or other records with respect to each employee containing the name in full, as used for social security recordkeeping purposes, and on the same record, the employee's home address, date of birth, sex and occupation in which employed, time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period, regular hourly rate of pay for any workweek in which overtime compensation is due, explain basis of pay by indicating the monetary amount paid on a per hour, per day, the amount and nature of each payment, hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays), total daily or weekly straight-time earnings or wages due for hours

worked during the workday or workweek, exclusive of premium overtime compensation, total premium pay for overtime hour, and total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions, total wages paid each pay period, and date of payment and the pay period covered by payment.

Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out her burden if she proves that she has in fact performed work for which she has been improperly compensated and if she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

In this case, Plaintiff claims that Defendants failed to keep and maintain adequate records of their hours and pay. Plaintiff also claims that Defendants' failure to keep and maintain adequate records has made it difficult for Plaintiff to

prove the exact amount of her claim. If you find that the Defendants failed to keep adequate time and pay records for the Plaintiff and that Plaintiff performed work for which Plaintiff should have been paid, the Plaintiff may recover a reasonable estimation of the amount of their damages. But to record this amount, the Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which Plaintiff seeks.

In this case, Defendants assert an affirmative defense that Plaintiff was an administrative employee, exempt from the overtime pay requirements of the FLSA.  Even if the Plaintiff proves her claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove the affirmative defense by a preponderance of the evidence.

I caution you that the Defendants do not have to disprove the Plaintiff's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

In this case, Defendants claim that Plaintiff was an administrative employee, exempt from the FLSA's overtime provisions.  To establish that Plaintiff is exempt under the administrative exemption, Defendants must prove each of the following facts by a preponderance of the evidence:

An employee is an exempt administrative employee if:

(1) The employee is compensated on a salary or fee basis at a rate not less than $455 per week;

(2) The employee's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;

(3) The employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

The Parties agree that, during the relevant time period, Plaintiff was compensated on a salary basis at a rate not less than $455 per week. Therefore, you need only decide whether the Defendants have proven by a preponderance of the evidence the remaining two factors.

To qualify for exemption, an employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to:

( 1) the relative importance of the exempt duties as compared with other types of duties;

(2) the amount of time spent performing exempt work;

(3) the employee's relative freedom from direct supervision; and

(4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

Thus, for example, assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register. However, if such assistant managers are closely supervised and earn little more than the nonexempt employees, the assistant

managers generally would not satisfy the primary duty requirement.

The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to the management or general business operations includes, but is not limited to, work in functional areas such as:

(1) tax;

(2) finance;

(3) accounting;

(4) budgeting;

(5) auditing;

(6) insurance;

(7) quality control;

(8) purchasing;

(9) procurement;

(10) advertising;

(11) marketing;

(12) research;

(13) safety and health;

(14) personnel management;

(15) human resources;

(16) employee benefits;

(17) labor relations;

(18) public relations;

(19) government relations;

(20) computer network;

(21) internet and database administration;

(22) legal and regulatory compliance; and

(23) similar activities.

It is not necessary that Plaintiffs perform work in all of the functional areas listed above in order to qualify as exempt. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance

include, but are not limited to:

(1) whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices;

(2) whether the employee carries out major assignments in conducting the operations of the business;

(3) whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business;

(4) whether the employee has authority to commit the employer in matters that have significant financial impact;

(5) whether the employee has authority to waive or deviate from established policies and procedures without prior approval;

(6) whether the employee has authority to negotiate and bind the company on significant matters;

(7) whether the employee provides consultation or expert advice to management;

(8) whether the employee is involved in planning long- or short-term business objectives;

(9) whether the employee investigates and resolves matters of significance on behalf of management; and

(10)   whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances. It is not necessary for the Plaintiff to exercise discretion and independent judgment in all of these areas listed above in order to qualify as exempt.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment. For example, the policies formulated by the credit manager of a large corporation may be subject to review by higher company officials who may approve or disapprove these policies. The management consultant who has made a study of the operations of a business and who has drawn a proposed change in organization may have the plan reviewed or

revised by superiors before it is submitted to the client.

A job title alone is insufficient to establish the exempt status of an employee. The exempt or non-exempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this instruction.

If you find by a preponderance of the evidence that Plaintiff is an exempt administrative employee, you will not decide the issue of Plaintiff's damages. But, if you find that Plaintiff is not an exempt employee, you must decide the issue of Plaintiff's damages.

**AUTHORITIES:**

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED); 29 C.F.R.§ 541.200; *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946) 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED); Quoting the Published opinion of Maria Teresa Davila v. Maria Claudia Menendez and Rudolfo Menendez, In the United States Court of Appeals (11th Circuit, 6/10/13), No. 12-11049, D.C. Docket No. 1:10-cv-21282-TEB, specifically McLaughlin v. Richland Shoe Co., 486 U.S. 128 S. Ct. 1677 (1988); 29 C.F.R. §578.3(c)(1); 5 C.F.R. §551.104.

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
     WITHDRAWN     _____

## PROPOSED JURY INSTRUCTION NO. 5
### Calculation of Hourly Pay

"If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of \$182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is \$182.70 divided by 35 hours, or \$5.22 an hour, and when he works overtime he is entitled to receive \$5.22 for each of the first 40 hours and \$7.83 (one and one-half times \$5.22) for each hour thereafter. If an employee is hired at a salary of \$220.80 for a 40–hour week his regular rate is \$5.52 an hour."


**AUTHORITIES:**

*Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268-69 (11th Cir. 2008).


        GIVEN AS REQUESTED     _____
        GIVEN AS MODIFIED     _____
        REFUSED     _____
        WITHDRAWN

## PROPOSED JURY INSTRUCTION NO. 21
Lump Sum "Overtime Pay" Not Permitted

A premium in the form of a lump sum which is paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis.

For example, an agreement that provides for the payment of a flat sum of $75 to employees who work on Sunday does not provide a premium which will qualify as an overtime premium, even though the employee's straight time rate is $5 an hour and the employee always works less than 10 hours on Sunday. Likewise, where an agreement provides for the payment for work on Sunday of either the flat sum of $75 or time and one-half the employee's regular rate for all hours worked on Sunday, whichever is greater, the $75 guaranteed payment is not an overtime premium.

Where extra compensation is paid in the form of a lump sum for work performed in overtime hours, it must be included in the regular rate and may not be credited against statutory overtime compensation due.

Authority: 29 C.F.R. § 778.310

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

## PROPOSED JURY INSTRUCTION NO. 22
### Retroactive Payments Prohibited

Defendants were required to pay Plaintiff overtime and minimum wages as required by law.  However, Defendants were not permitted to retroactively deem salary payments as minimum wages and/or overtime pay.

Authority:   Cash v. Conn Appliances, Inc., 2 F.Supp.2d 884, 903 (E.D. Tex. 1997), citing 29 C.F.R. 778.114.

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## PROPOSED JURY INSTRUCTION NO. 6
## Work Time

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion  (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business. Permitting an employee to engage in an activity is considered "work" under the FLSA.  Only time spent primarily benefiting the employer is compensable, that is, counts towards determining how many hours Plaintiff worked in a given week for determining whether Plaintiff is owed any wages. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case.

### AUTHORITIES:

29 U.S.C. 203 (e)(1)*; Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944); *Bonilla v. Baker Concrete Const., Inc.,* 487 F.3d 1340, 1344 (11th Cir. 2007);  *Avery v. City of Alladega, Ala*., 24 F.2d 1337, 1345 (11th Cit. 1994); *Armour& Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED       _____
REFUSED                 _____
WITHDRAWN               _____

**PROPOSED JURY INSTRUCTION NO. 7**
**EMPLOYEE STANDBY OR WAITING TIME**

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives. Time spent waiting for an assignment may or may not count toward hours worked, depending on all of the circumstances.   In making this determination, you must decide whether the Plaintiff was "waiting to be engaged," which is not compensable working time; or whether Plaintiff was "engaged to be waiting" which is working time.  The key to determining whether the Plaintiffs were "waiting to be engaged" or "engaged to be waiting" is whether they were able to use the waiting time predominantly for the employer's benefit. "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

**AUTHORITIES:**

29 C.F.R. §§ 785.14-17; See *Armour& Co. v. Wantock*, 323 U.S. 126, 133 (1944) ("predominantly"); *Birdwell v. City of Gadsden*, 970 F.2d 802, 810 (11th Cir. 1992); *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

## PROPOSED JURY INSTRUCTION NO. 8
## (EMPLOYEE PERMITTED TO WORK)

Permitting an employee to engage in an activity is considered "work" under the

FLSA and FMWA.

**AUTHORITY:**
29 U.S.C. 203 (e)(1)

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

## PROPOSED JURY INSTRUCTION NO. 9
## ("COMPENSABLE TIME" INCLUSIVE)

"Compensable time" includes far more than the time that the employee spends

engaged in active labor.

**<u>AUTHORITIES:</u>**
*Armour& Co. v. Wantock, 323 U.S. 126 (1944) and Skidmore v. Swift & Co., 323
U.S. 134 (1944)*

        GIVEN AS REQUESTED      _____

        GIVEN AS MODIFIED     _____

        REFUSED                   _____

        WITHDRAWN           _____

## PROPOSED JURY INSTRUCTION NO. 10
## RIGHTS TO OVERTIME WAGES NON-WAIVABLE

An individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.

**AUTHORITIES:**

*Barrentine v. Arkansas-Best Freight Sys., Inc*., 450 U.S. 728 (U.S. 1981)
*Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998)

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

## PROPOSED JURY INSTRUCTION 12
### (Rest Time and Meal Time)

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Under the FLSA and FMWA, bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as bona fide meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a bona fide meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

**<u>AUTHORITIES:</u>**

29 C.F.R. § 785.18; *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED    _____
REFUSED    _____
WITHDRAWN    _____

## INSTRUCTION NO. 14
## "EMPLOYER" DEFINED BROADLY UNDER THE FLSA
## TO DETERMINE EMPLOYER-EMPLOYEE RELATIONSHIP

Under the Fair Labor Standards Act, the term "employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act. Liability as an individual employer may be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.

You must make a determination as to whether the evidence demonstrates that the individual Defendant wasPlaintiff's employer during the relevant employment period.

The Parties agree however that the Corporate Defendantswere Plaintiff's employers during the relevant employment period, and you should consider that established.

**AUTHORITIES:**

*Falk v. Brennan,* 414 U.S. 190 (1973); *McLaughlin v. Seafood, Inc.,* 867 F.2d 875 (5th Cir. 1989); *Dole v. Elliot Travel & Tours, Inc.,* 942 F.2d 962 (6th Cir. 1991); *Olivas v. A Little Havana Check Cash, Inc.,* 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 15
## "EMPLOYER" DEFINED BROADLY UNDER THE FLSA

Under the Fair Labor Standards Act, the term "Employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act.

### AUTHORITIES:

Falk v. Brennan, 414 U.S. 190 (1973); McLaughlin v. Seafood, Inc., 867 F.2d 875 (5th Cir. 1989);  Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962 (6th Cir. 1991).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 16**
**SEVERAL EMPLOYERS**

Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act.

**<u>AUTHORITIES:</u>**

*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## *INSTRUCTION NO. 17*
## *INDIRECT EMPLOYER DEFINED*

*Any person who acts indirectly in the interest of the Plaintiffs employer(s) in relation to the Plaintiff for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.*

**<u>AUTHORITY:</u>**
*29 U.S.C. 203 (d)*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

## PROPOSED JURY INSTRUCTION NO. 18

## DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFFS CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict must be unanimous - in other words, you must all agree. Your deliberations are secret; and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Source:  3.8.1, Eleventh Circuit Pattern Jury Instructions 2013*

## JOINT PROPOSED JURY INSTRUCTION NO. 19

### ELECTION OF FOREPERSON
### EXPLANATION OF VERDICT FORMS

It's my duty to instruct you on the rules of law that you must use in deciding this case.  When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations. When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom.  Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone,

including me, in your note or question.

Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction No. 1.1 and 3.1 (2014).

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED          _____

REFUSED          _____

WITHDRAWN          _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20186-CIV-JEM

| | |
|---|---|
| GLORIDELFA BARRIOS and all others | ) |
| similarly situated under 29 U.S.C. 216(b), | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| SOLASI ACCOUNTING & TAX ADVICE & | ) |
| DESIGN OF THE WORDS IN DARK BLUE | ) |
| AT LEFT SIDE HAS A CIRCLE COLORED | ) |
| BLUE, PURPLE AND GREEN LIGHT a/k/a | ) |
| SOLASI, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **PLAINTIFFS' PROPOSED VERDICT FORM**

**Do you find from a preponderance of the evidence that:**

### *I.OVERTIME WAGES*

1.  That the Defendant(s) failed to pay Plaintiff overtime wages required by law?

Yes _____ No _____

[Note:  If your answer is Yes, you need to determine the dollar amount below].

### *II.DAMAGES AS TO OVERTIME WAGES*

2.  That Plaintiff should be awarded $_____ as overtime wages.

### *III.MINIMUM WAGES*

3.  That the Defendant(s) failed to pay Plaintiff the applicable minimum wage pay required by

law?

Yes _____ No _____

[Note:  If your answer is Yes, you need to determine the dollar amount below].

IV.*DAMAGES AS TO MINIMUM WAGES*

4. That Plaintiff should be awarded $_____ as the Plaintiff's minimum wages for which she was unpaid by Defendants.

[Note:  Please proceed to the following question.]

V.*WILLFULNESS*

7. That the Defendants knew or showed reckless disregard as to whether the FLSA and FLMWA prohibited their conduct.

Yes _____ No _____

[Note:  Proceed to the next question regardless of your answer].

VI.*EMPLOYER STATUS*

8. That individual Defendant SOPHIA LACAYO was the Plaintiff's employer during the relevant time period?

Yes _____ No _____

[Note:  Proceed to the next question regardless of your answer].

SO SAY WE ALL.

_____
JURY FOREPERSON
_____
DATE